# CASE MANAGEMENT REQUIREMENTS

Parties must adhere to the following requirements in all civil cases pending before United States District Judge Robert J. White.

## I. General Requirements

**A.** *Civility*. Counsel should review and abide by this District's Civility Principles. Counsel shall treat all litigation participants—and each other—with professionalism, courtesy, and respect. Violations will not be tolerated.

**B.** *Local counsel*. An attorney admitted to practice in this District who appears as attorney of record and is not an active member of the State Bar of Michigan must specify local counsel with an office in this District. Local counsel must enter an appearance and otherwise comply with Local Rule 83.20(f). All inquiries regarding admission to this District should be directed to the Clerk's Office at (313) 234-5005.

**C.** *Telephone status conferences*. Counsel are encouraged to contact the Court's case manager and schedule a telephone/Zoom/Microsoft Teams status conference to try and resolve issues or disputes without motion practice.

**D.** *Ex parte communications*. Such communications are permissible between counsel and the Court's case manager regarding scheduling issues or administrative matters only. Communications with law clerks require the Court's express approval.

## II. Discovery

**A.** *Conferences*. If an answer is filed, the Court will enter an order to appear for a Rule 16 scheduling conference to discuss the Fed. R. Civ. P. 26(f) report the parties submitted ahead of that conference. The Court will issue a scheduling order at, or immediately after, the conference. If a motion to dismiss is filed, the Court may or may not convene a scheduling conference until after the motion is decided.

**B.** *Discovery dispute protocol*. Parties may not file discovery motions until they have complied with the following discovery dispute protocol:

- Step 1: Meet and Confer. The parties must meet and confer in a good-faith effort to resolve their differences without Court intervention. An email

exchange is not sufficient. The failure of a party to make itself available for this conference may result in sanctions.

- Step 2: Call the Court. If Step 1 fails, the moving party must schedule a telephone conference with the Court prior to filing any motion. Counsel must email the Court's case manager with (i) the conference request, (ii) a concise summary of the dispute, and (iii) a certification that Step 1 was completed. At least 24 hours prior to the conference, each side shall exchange with each other, and submit to the Court through CM/ECF Utilities, a one-page summary of the dispute.

- Step 3: File a Motion. If the conference does not resolve the dispute, the Court will either entertain a motion or refer it to the assigned magistrate judge. The motion must attach a complete copy of the discovery requests and responses in dispute. If the motion involves a deposition that has already taken place, the motion must attach a complete transcript (not a minuscript).

Failure to comply with these steps may result in an award of costs and reasonable attorney fees against the non-complying party.

**C.** *Protective orders.* If a protective order is necessary, the Court encourages the parties to stipulate to a proposed order and submit it for review using the Utilities function in CM/ECF. The proposed order must include language that references Local Rule 5.3. Protective orders may not contain language that authorizes in advance the filing of documents under seal. Local Rule 5.3 governs filings under seal and the Court requires the parties to follow those procedures. Wherever possible, the parties are encouraged to redact portions of documents rather than sealing entire documents.

**D.** *Extending discovery timeframes.* Parties may agree to extend the discovery cutoff period by submitting a proposed stipulation and order through the Utilities function in CM/ECF, provided the extension does not affect the dispositive motion cutoff, final pretrial conference, or trial dates. The stipulation must include the reason(s) for the requested extension. Any extensions or adjournments of those other three events will be considered only upon the filing of a timely written motion, including a joint motion.

### III. Motion practice

**A.** *Brief format.* The parties are to append the [Brief Format Certification Form](#) to the back of every brief filed with this Court. The brief will be stricken if the form is not attached. The Court's requirements for briefs are as follows (many of these requirements are listed on the Brief Format Certification Form as well):

- Briefs must strictly comply with Local Rules 5.1 and 7.1.
- Documentary evidence and briefs, especially deposition transcripts, must be filed in a searchable PDF format. For example, counsel should obtain a PDF version of a deposition transcript or email rather than scanning in a hardcopy of the document. Briefs should be electronically converted from Word to .pdf.
- Statements of fact must be supported with a pincite to record evidence.
- To avoid duplication, the first party to cite to a document must attach the full version of that document to its brief; non-moving parties must then cite to that version on the docket (rather than attach its own duplicate version) using this District's citation format.
- A party citing to previously docketed evidence must cite to that evidence by its "ECF No." and "PageID." found in the CM/ECF header—*e.g.*, (ECF No. ##, PageID.###-###). *See* E.D. Mich. Elec. Filing Policies & Proc. R6.
- Deposition transcripts should be filed in standard, not minuscript, form.
- The parties are not to include copies of unpublished cases that are available on Westlaw or Lexis.
- A brief may not have more than 10 footnotes (less is strongly preferred). Any brief with more than 10 footnotes will be stricken. Citations to cases or statutes are to be inline as opposed to in footnotes.
- Unless the Court gives express permission, parties are not permitted to file a motion as part of a response brief. *See* E.D. Mich. LR 5.1(e), 7.1(i).

**B.** *Courtesy copies.* A courtesy copy must be mailed to chambers if a brief and its exhibits total 50 or more pages. The courtesy copy should be the actual e-filed document with a CM/ECF header atop each page, bound by spiral or three-ring binder, and printed single-sided with all exhibits tabbed.

**C.** *Page extensions.* Requests for excess pages are discouraged. Before any such request is made, the party should try to shorten its brief (by, for instance, succinctly stating well-known legal rules and standards). Parties must make such requests through a motion for leave <u>before</u> the briefing deadline: at least one day before the deadline if seeking fewer than five excess pages, and at least one week before the

deadline if seeking five (or more) excess pages. The Court may strike the motion for leave from the docket, or deny the motion altogether, if the requesting party fails to adhere to these procedures.

**D.** *Time for responses and replies*. Unless the Court indicates otherwise, the time limits for response and replies are prescribed in Local Rule 7.1(e). The Court will treat as unopposed any motion to which a timely response is not filed.

**E.** *Requirements for specific types of motions*.

**1.** Motions to amend. A party who moves to amend a pleading must attach the proposed amended pleading to the motion in accordance with Local Rule 15.1. The document must be redlined to show the proposed changes.

**2.** Summary judgment motions. Before filing a motion for summary judgment under Fed. R. Civ. P. 56, the parties should note the following:

- A brief in support of a Rule 56 motion must begin with a "Statement of Material Facts." The Statement must consist of numbered paragraphs describing the facts to which the moving party contends there is no genuine issue and that entitle the moving party to judgment as a matter of law. Each paragraph must include specific references and citations to record evidence.

- A brief in opposition to a Rule 56 motion must begin with a "Counter-statement of Material Facts," stating which facts are admitted and which are contested. The paragraph numbering must correspond to the moving party's Statement of Material Facts. If any of the moving party's proffered facts are contested, the non-moving party must explain the basis for the factual disagreement, with references and citations to record evidence. The non-moving party may raise additional material facts not implicated by the moving party's Statement under the separate heading "Statement of Additional Material Facts." The Statement of Additional Material Facts must consist of numbered paragraphs, and each paragraph must include specific references and citations to record evidence.

- If the non-moving party raises additional material facts not addressed in the moving party's Statement, the moving party must begin its reply brief with a "Reply to Counter-statement of Material Facts," stating which of the non-moving party's additional facts are contested. The paragraph numbering must correspond to the non-moving party's Statement of Additional Material Facts.

> If any of the non-moving party's proffered additional facts are contested, the moving party must explain the basis for the factual disagreement, referencing and citing record evidence.

- Statements of Material Facts, Counter-statements of Material Facts, Statements of Additional Material Facts, and Replies to Counter-statements of Material Facts all count toward the page limit.

Under Rule 56(d), the Court may deny summary judgment if the non-moving party has not had the opportunity to discover essential evidence. Local Rule 7.1(b) also requires a party to obtain the Court's leave to file more than one summary judgment motion.

**3.** <u>Temporary restraining orders and preliminary injunctions</u>. The Court strictly adheres to Fed. R. Civ. P. 65 and Local Rule 65.1. Parties must notify the Court's case manager by telephone (313-234-5180) upon filing a motion for a temporary restraining order. The Court rarely grants a temporary restraining order without notice to the opposing party. *See* Fed. R. Civ. P. 65(b)(1).

Parties must also notify the Court's case manager by telephone upon filing a motion for preliminary injunction. The Court will typically hold a status conference shortly after receiving a preliminary injunction motion. The purpose of the conference is to set a briefing schedule and hearing date. The Court will then issue a scheduling order (*e.g.*, this sample order). Please review the scheduling order for additional information about the Court's procedures.

## IV.  Settlement conferences and mediations

Parties may stipulate to case evaluation or private facilitative mediation, or request a settlement conference with the district or magistrate judge at any time. In all cases, a brief status conference will occur at the mid-point of the case and again shortly before or after the close of discovery to discuss settlement options. If the parties agree to private facilitation, they must complete the Court's facilitation form.

## V.  Motions *in limine*

Motions *in limine* must be filed by the deadline(s) set in the Court's scheduling orders. These motions should not recast issues previously presented in summary judgment or discovery motions; they instead alert the Court to significant evidentiary

issues that should be addressed prior to trial. The Court will generally decide these motions at the Final Pretrial Conference but may defer a decision until trial.

**VI.  Materials in advance of final pretrial conference**

On the date that the Proposed Final Pretrial Order is due (see the date set in the scheduling order or any subsequent order the Court issues), the parties are to submit through the Utilities function in CM/ECF items A through F below:

**A.** *Proposed final pretrial order*.  Parties are to strictly adhere to Local Rule 16.2 in jointly preparing a Proposed Final Pretrial Order, except as this Court may otherwise provide.

**B.** *Proposed voir dire*.  It is the Court's practice to conduct voir dire. The Court will, however, entertain requests for follow-up and additional voir dire on a limited basis and may permit counsel to conduct such voir dire. In such instances, counsel must confine themselves to true voir dire and not engage in posturing or argument. While the Court has standard voir dire questions, counsel may submit a joint list of no more than fifteen other inquiries specific to the cause(s) of action that they want the Court to include.

**C.** *Joint statement of the case*.  Counsel shall prepare a one-to-three paragraph joint statement of the case that the Court will read to the prospective panel of jurors during the voir dire. This statement is to be informative, not argumentative.

**D.** *Proposed jury instructions*.  Parties are to meet and confer prior to trial to prepare jury instructions on the substantive law of the case. In accordance with the scheduling order (or in any subsequent scheduling order), the parties are to file through the Utilities function in CM/ECF a single set of proposed, stipulated jury instructions. The Court expects most of the proposed instructions to be agreed upon. The parties are advised to consult this District's [Jury Instruction Repository](), Federal Jury Practice and Instructions (available on Westlaw by searching for "Federal Jury Practice & Instructions"), Modern Federal Jury Instructions (available on Lexis by searching for "Modern Federal Jury Instructions"), pattern jury instructions from other Circuit Courts, and insofar as Michigan law governs, the Michigan Model Civil Jury Instructions.

If the parties cannot agree upon a particular instruction despite their good faith efforts, each party must submit a proposed instruction under a single heading followed by a brief, one-paragraph statement either supporting their version or

arguing why the instruction should not be given, with supporting authority. All instructions, both stipulated and contested, shall be presented in sequential order and in a single document. The parties should include a citation to the model instruction if a proposed instruction is based upon a model source.

**E.** *Proposed verdict form.* The parties are to meet and confer prior to trial to prepare a proposed joint verdict form. If the parties cannot agree on a proposed verdict form, they may submit separate verdict forms with supporting authority.

**F.** *Exhibit list.* The parties shall submit an Exhibit List in the following format:

| Exhibit | Description | Objections | Received |
|---|---|---|---|

Indicate "S" in the "Received" column for stipulated exhibits. Add concise grounds for contested exhibits in the "Objections" column (*e.g.*, "relevance," "prior acts").

## VII. Final pretrial conference

The Court will often hear oral argument and rule on any pending motions *in limine* at the Final Pretrial Conference. The Court will also discuss trial procedures and identify any issues or deficiencies revealed in the final pretrial order and pretrial submissions. The Court typically conducts a settlement conference at the Final Pretrial Conference. So trial counsel must be present at the Final Pretrial Conference with their clients (or a client representative) and have settlement authority.

## VIII. Trial

**A.** *Exhibits.* Counsel must mark and exchange all proposed exhibits at least three days before the start of trial. The preferred format is "Plaintiff's Exhibit __" and "Defendant's Exhibit __" in sequential order. Any clearly marked method is acceptable (*e.g.*, using numbers or letters).

At least one day before trial, the parties must provide the Court with a set of the marked exhibits on a thumb drive or in a three-ring binder with the Exhibit List in front and exhibit numbers displayed prominently in corresponding tabs. Omitting an exhibit from the Exhibit List may result in sanctions. *See* Fed. R. Civ. P. 37(a)(1).

Counsel must keep track of the exhibits the Court admits. Counsel must confer and maintain one set of admitted exhibits. The set of admitted exhibits should be ready for submission to the jury prior to the closing jury instructions.

**B.** *Bench Trials*.  Fourteen days before trial, each party must serve on opposing counsel their Proposed Findings of Fact and Conclusions of Law. Each party should review the other's Proposed Findings and Conclusions, and then make changes to their own proposed Findings and Conclusions as necessary. Seven days before trial, each party shall email the Court's case manager an editable Word version of their Proposed Findings of Fact and Conclusions of Law. If modifications have been made since the parties' exchange, each party shall re-serve their Proposed Findings and Conclusions on the other parties. During the trial, parties shall be prepared to submit to the Court, and to exchange among themselves, supplemental Findings of Fact and Conclusions of Law.

**C.** *Additional trial requirements*.  This list of trial requirements is not exhaustive. Additional requirements may be set forth in the Court's Final Pretrial Order or explained during the Final Pretrial Conference.