# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| NATHAN JAMES MASSARELLO, on behalf of himself and others similarly situated, | Case No.: 2:24-cv-12480-RJW-CI |
| | Honorable Robert J. White |
| Plaintiff, | Magistrate Judge Curtis Ivy, Jr. |
| v. | |
| POWER HOME REMODELING GROUP, LLC, | |
| Defendant. | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT POWER HOME REMODELING GROUP, LLC'S MOTION TO DISMISS

Because Nathan Massarello received unwanted, prerecorded robocalls from Power Home Remodeling Group, LLC ("Defendant") on his cellular telephone, he has statutory standing to bring his claims under the Telephone Consumer Protection Act ("TCPA"). This Court should deny Defendant's motion to dismiss, ECF No. 9, for multiple reasons.

1.     First, by the statute's express terms, any "person or entity" can bring a TCPA claim. 47 U.S.C. § 227(b)(3). Mr. Massarello undoubtedly is a person, and he therefore has statutory standing to bring a TCPA claim.

2.     Relatedly, statutory standing is not limited to a "called party." Rather, the TCPA provides callers with a defense to liability if the caller first obtained the prior express consent of the called party. Prior express consent, however, is an affirmative defense for which a defendant bears the burden of proof. Defendant has yet to answer the complaint or assert any affirmative defenses, let alone the defense of prior express consent. And it certainly has not established that it obtained prior express consent from anyone to place calls to Mr. Massarello's cellular telephone number. In fact, Mr. Massarello affirmatively alleges that he did not provide Defendant with his cellular telephone number or consent to call. As such, at this stage any prior express consent defense is hypothetical and premature, and cannot serve as a basis to deny Mr. Massarello standing to pursue his claims.

3.     Even if statutory standing was limited to called parties (it is not), a "called party" under the TCPA is the subscriber or customary user of the telephone number called, not the intended recipient of a call. Every circuit court of appeals to address the question is in accord, as is the Federal Communications Commission. Because Mr. Massarello has been the customary user of the cellular telephone number at issue for nearly a decade and because he received and listened to the prerecorded voice messages Defendant delivered to his cellular telephone, Mr. Massarello is the called party and he has statutory standing.

4.     At bottom, Defendant delivered numerous prerecorded voice messages to Mr. Massarello's cellular telephone in violation of the TCPA. Mr. Massarello adequately alleges that Defendant violated the TCPA and that he has statutory standing to pursue his claims.

As set forth more fully in Mr. Massarello's contemporaneously filed memorandum of law, this Court should deny Defendant's motion to dismiss in its entirety.

RESPECTFULLY SUBMITTED AND DATED this October 29, 2024.

*s/ Michael L. Greenwald*
Michael L. Greenwald
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone:  (561) 826-5477
Email:  mgreenwald@gdrlawfirm.com

Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100
Email:  anthony@paronichlaw.com

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| NATHAN JAMES MASSARELLO, on behalf of himself and others similarly situated, | Case No.: 2:24-cv-12480-RJW-CI |
| | Honorable Robert J. White |
| Plaintiff, | Magistrate Judge Curtis Ivy, Jr. |
| v. | |
| POWER HOME REMODELING GROUP, LLC, | |
| Defendant. | |

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT POWER HOME REMODELING GROUP, LLC'S MOTION TO DISMISS

i

# TABLE OF CONTENTS

Introduction ................................................................................................1

Relevant Facts ...........................................................................................3

    A.  Mr. Massarello is the customary user of the at-issue cellular telephone number ending in 7904, which he obtained approximately 10 years ago. ............3

    B.  Defendant called Mr. Massarello's cellular telephone number at least five times, and left prerecorded voice messages on his cellular telephone voicemail. .3

    C.  Mr. Massarello has no relationship with Defendant, did not provide his cellular telephone number to Defendant, and did not consent to Defendant's robocalls....................................................................................4

Legal Standard ...........................................................................................4

Argument ...................................................................................................5

I.   Mr. Massarello has statutory standing. ...............................................5

    A.  The plain language of the TCPA allows Mr. Massarello to assert his claims.5

    B.  Prior express consent is an affirmative defense for which Defendant bears the burden of proof—and which it has yet to assert................................................7

    C.  The "called party" is the subscriber or customary user of the telephone number called, not the person Defendant intended to call. ....................................8

    D.  Defendant's public policy arguments are misplaced and unpersuasive. ........13

II.   Defendant's request to strike Mr. Massarello's claim for treble damages is moot........................................................................................................15

Conclusion ...............................................................................................15

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

*Kane v. Nat'l. Action Fin. Servs., Inc.*, No. 11-cv-11505, 2011 WL 6018403 (E.D. Mich. Nov. 7, 2011).

*Harris v. World Fin. Network Nat. Bank*, 867 F. Supp. 2d 888 (E.D. Mich. 2012).

*N. L. by Lemos v. Credit One Bank, N.A.*, 960 F.3d 1164 (9th Cir. 2020).

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012).

## Introduction

This proposed class action under the Telephone Consumer Protection Act ("TCPA") arises out of robocalls Power Home Remodeling Group, LLC ("Defendant") made to Nathan Massarello (and others), who are *not* its customers and who did not provide consent. Of course, contempt for these ubiquitous robocalls is one of the few things we all share: "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2343 (2020).

Mr. Massarello adequately alleges that Defendant placed calls, in connection with which it used an artificial or prerecorded voice, to his cellular telephone. Nothing more is necessary to state a claim under 47 U.S.C. § 227(b)(1)(A)(iii). Mr. Massarello also alleges that he did not consent to Defendant's robocalls.

Notwithstanding, Defendant seeks dismissal of Mr. Massarello's complaint by conflating issues of statutory standing with the affirmative defense of prior express consent. To be clear, the TCPA allows any "person or entity" to bring an action for a violation of the statute. 47 U.S.C. § 227(b)(3). Mr. Massarello, therefore, undoubtedly has statutory standing.

Defendant's "called party" argument fares no better, as it fails both factually and legally. First, prior express consent of a called party is an affirmative defense for which a TCPA defendant bears the burden of proof. At this stage, Defendant has

not answered Plaintiff's complaint, nor has it asserted any defenses—let alone the defense of prior express consent. But even if it had, there is nothing in the complaint suggesting that Defendant obtained prior express consent to deliver artificial or prerecorded voice messages to Mr. Massarello's cellular telephone. Fatal to Defendant's motion to dismiss is that Mr. Massarello specifically pleads that he did not provide any such consent to Defendant. The "called party" language in 47 U.S.C. § 227(b)(1)(A)(iii) is therefore not implicated.

More fundamentally, the TCPA is a strict liability statute and callers like Defendant must obtain the prior express consent of the *called party*—the subscriber or customary user of the cellular telephone at issue. Even if Defendant obtained consent from someone else—there is no evidence at this stage of the proceedings that it did—such consent is insufficient as a matter of law when it comes to calls to someone else. The Federal Communications Commission ("FCC") and all circuit courts of appeals to have addressed the question are in accord: the called party is the current subscriber or customary user of the cellular telephone called, not the person Defendant claims to have intended to call.

At bottom, the TCPA is a consumer protection statute that places the onus of compliance on those who choose to use robocalling technology. Defendant would have this Court turn the statute on its head by immunizing robocallers from liability for unwanted calls placed to innocent parties. Defendant has it exactly backwards:

callers that utilize autodialers or prerecorded voice messages must first ensure they have prior express consent from the subscriber or customary user of the cellular telephone number they are calling. If callers do not want to obtain such consent, they can place calls manually (or not at all). But what they cannot do is violate the TCPA and then leave the aggrieved party without recourse. For these reasons, this Court should deny Defendant's motion in its entirety.

### Relevant Facts

**A. Mr. Massarello is the customary user of the at-issue cellular telephone number ending in 7904, which he obtained approximately 10 years ago.**

For nearly a decade, Mr. Massarello has been the customary user of telephone number (XXX) XXX-7904. ECF No. 5, PageID.6, ¶ 14. At all relevant times, telephone number (XXX) XXX-7904 was assigned to a cellular telephone service. *Id*.

**B. Defendant called Mr. Massarello's cellular telephone number at least five times, and left prerecorded voice messages on his cellular telephone voicemail.**

Defendant placed at least five calls to (XXX) XXX-7904 in June 2024. ECF No. 5, PageID.7, ¶ 17. Defendant used an artificial or prerecorded voice in connection with the calls it placed to Mr. Massarello's cellular telephone. ECF No. 5, PageID.7, ¶¶ 18-23.

For example, on or about June 18, 2024, Defendant placed a call to Mr. Massarello's cellular telephone number and delivered a prerecorded voice message that stated:

> Hi, this is Power Home Remodeling calling to confirm your appointment. Please call us back to confirm and we'll have one of our remodeling experts come out to discuss your home remodeling project. You can reach us at 8 8 8 remodel. Again, please call us back to confirm your appointment for your free home estimate with Power Home Remodeling. That number is 888-736-6335.

ECF No. 5, PageID.7, ¶ 19.

Mr. Massarello received and listened to the prerecorded voice messages Defendant delivered to his cellular telephone. ECF No. 5, PageID.8, ¶ 30.

### C. Mr. Massarello has no relationship with Defendant, did not provide his cellular telephone number to Defendant, and did not consent to Defendant's robocalls.

Mr. Massarello does not have, and never had, an account with Defendant or any business relationship with Defendant. ECF No. 5, PageID.7, ¶ 24. Mr. Massarello did not provide his cellular telephone number to Defendant, ECF No. 5, PageID.7, ¶ 25, nor did he provide Defendant with consent to place calls to him with an artificial or prerecorded voice. ECF No. 5, PageID.8, ¶ 26.

It appears that Defendant's robocalls to Mr. Massarello's cellular telephone were intended for someone else. ECF No. 5, PageID.6, ¶ 16.

### Legal Standard

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), it is axiomatic

that "[t]he complaint is viewed in the light most favorable to the plaintiff, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff." *In re FCA US LLC Monostable Electronic Gearshift Litig.*, 280 F. Supp. 3d 975, 990 (E.D. Mich. 2017) (citing *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001)).

Equally axiomatic is that this Court may only consider the allegations of the complaint and any documents attached to or referenced by the complaint. *Id*. at 991. As a result, this Court must disregard Defendant's references to a declaration it filed in support of a previous jurisdictional motion. *See* ECF No. 9, PageID.39 (numerous factual assertions not found within, nor referenced by, Mr. Massarello's complaint); *Equal Employment Opportunity Commission v. Tenn. Healthcare Mgmt., Inc.*, No. 3:23-cv-00777, 2024 WL 4480148, at *2 (M.D. Tenn. Oct. 11, 2024) ("The declaration upon which HCA relies was not attached as an exhibit to its motion or referenced in the complaint, and, as a result, the Court cannot and will not consider it.").

## Argument

### I.   Mr. Massarello has statutory standing.

#### A. The plain language of the TCPA allows Mr. Massarello to assert his claims.

"Statutory standing is simply statutory interpretation: the question it asks is whether Congress has accorded *this* injured plaintiff the right to sue the defendant

to redress his injury." *Kane v. Nat'l. Action Fin. Servs., Inc.*, No. 11-cv-11505, 2011 WL 6018403, at *6 (E.D. Mich. Nov. 7, 2011) (internal citation omitted).[1] "To determine whether a plaintiff has statutory standing, a court first looks at the text of the statute, and then if ambiguous, to other indicia of congressional intent." *Id.*

The TCPA is not ambiguous regarding who can sue for a violation of its provisions. It provides that "[a] person or entity may . . . bring in an appropriate court of that State—(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater . . . ." 47 U.S.C. § 227(b)(3). That is, by the plain text of the statute, "§ 227(b)(3) unambiguously grants standing to any 'person or entity' and this grant does not contradict the rest of the statute." *Kane*, 2011 WL 6018403, at *7.

Because Mr. Massarello is a person, and because he was the regular user of his cellular telephone, he has statutory standing. *See, e.g.*, *Moore v. Dish Network L.L.C.*, 57 F. Supp. 3d 639, 648 (N.D. W.Va. 2014) ("Considering the plain language of the TCPA, the terms of the statute do not limit standing to the 'called party.' The TCPA simply states that 'a person or entity' can bring such a claim.") (collecting

---

[1]     There is no dispute that Mr. Massarello enjoys Article III standing to bring his claims in this Court. *See Dickson v. Direct Energy, LP*, 69 F.4th 338, 343 (6th Cir. 2023) ("This court has not previously considered whether receipt of a single [prerecorded message] for commercial purposes presents a concrete harm sufficient to confer standing to make a claim under the TCPA. Here, we find that Dickson's claims satisfy the demands of Article III because his alleged injury under the TCPA constitutes a concrete harm.").

cases); *Olney v. Progressive Cas. Ins. Co.*, 993 F. Supp. 2d 1220, 1226 (S.D. Cal. 2014) ("the regular user of a cellular telephone has standing to bring a claim under the TCPA").

### B. Prior express consent is an affirmative defense for which Defendant bears the burden of proof—and which it has yet to assert.

While 47 U.S.C. § 227(b)(3) allows any "person or entity" to bring a TCPA claim, Defendant suggests that only the "called party" can do so. In support, Defendant points to 47 U.S.C. § 227(b)(1)(A), which provides that it is unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using . . . an artificial or prerecorded voice[.]" 47 U.S.C. § 227(b)(1)(A).

Defendant's reasoning is flawed for a host of reasons. First, "consent is an affirmative defense that a plaintiff is not required to plead in order to assert a TCPA claim." *Dahdah v. Rocket Mortgage, LLC*, No. 22-11863, 2024 WL 4299564, at *6 (E.D. Mich. Sept. 26, 2024). Moreover, Defendant—not Mr. Massarello—bears the burden of proof of establishing prior express consent. *Id*. (citing *Shelton v. Direct Energy, L.P.*, 2019 WL 4194179, at *5 (N.D. Ohio Aug. 27, 2019)).

Here, Defendant has not answered the complaint, nor has it asserted any affirmative defenses. And it certainly has not established that it obtained express consent from anyone—let alone Mr. Massarello—to deliver prerecorded voice

messages to Mr. Massarello's cellular telephone.[2] To the contrary, Mr. Massarello specifically alleges that he did not provide consent to Defendant to place calls to him with an artificial or prerecorded voice. ECF No. 5, PageID.8, ¶ 26.

Given as much, at this stage in the proceedings a hypothetical defense of prior express consent has no relevance.

### C. The "called party" is the subscriber or customary user of the telephone number called, not the person Defendant intended to call.

Even if consent was at issue (it is not), Defendant's argument fails as a matter of law. While Defendant insists that the term "called party" under the TCPA means the person it intended to call, not the actual subscriber or customary user of the telephone number called, Defendant's interpretation is inconsistent with the plain language of the statute. It is no surprise, then, that courts across the country—as well as the FCC—have rejected Defendant's reading.

Most recently, the Ninth Circuit explained:

> Reviewing the district court's jury instructions de novo for legal error, *Navellier v. Sletten*, 262 F.3d 923, 944 (9th Cir. 2001), we agree with our sister circuits. Credit One's intent to call a customer who had

---

[2]    As noted above, Defendant improperly introduces factual averments contained in a declaration it submitted in support of a prior jurisdictional motion. *See* ECF No. 9, PageID.39. These factual averments are not found within, nor referenced by, Mr. Massarello's complaint. As a result, Defendant's inclusion of these averments in connection with its Rule 12(b)(6) motion is improper, and this Court should disregard them. *Galaxy Foods LLC v. Aryz Trading LLC*, No. 23-cv-11476, 2023 WL 8025818, at *4 (E.D. Mich. Nov. 20, 2023) ("When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must not consider matters outside of the pleadings.").

consented to its calls does not exempt Credit One from liability under the TCPA when it calls someone else who did not consent.

This follows from the language of the TCPA itself. We interpret the statute in accordance with its ordinary and natural meaning, considering the key statutory terms in the context in which they are used. *E.g.*, *Hall v. United States*, 566 U.S. 506, 511, 132 S.Ct. 1882, 182 L.Ed.2d 840 (2012); *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989); *Confederated Tribes & Bands of the Yakama Indian Nation v. Alcohol & Tobacco Tax & Trade Bureau*, 843 F.3d 810, 812 (9th Cir. 2016). In this case, Credit One's argument founders on the more probable meaning of the TCPA's term "called party," and the statutory context that inescapably amplifies what Congress meant (and did not mean) when it used that term.

*       *       *

One notices that this provision nowhere references an "intended" recipient of the calls. *Soppet*, 679 F.3d at 640 ("The phrase 'intended recipient' does not appear anywhere in § 227 ...."). Credit One's argument thus starts off in the backseat, for there is no obvious statutory text on which to ground an "intended recipient" interpretation. And as we now walk through how the undefined term "called party" is used in the statute, Credit One's interpretation becomes more and more untenable as every statutory reference to "called party" is considered.

*N. L. by Lemos v. Credit One Bank, N.A.*, 960 F.3d 1164, 1167 (9th Cir. 2020).

In reaching the same conclusion, the Seventh Circuit noted that "[t]he phrase 'intended recipient' does not appear anywhere in § 227, so what justification could there be for equating 'called party' with 'intended recipient of the call'?" *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 640 (7th Cir. 2012); *id.* at 643 ("We conclude that 'called party' in § 227(b)(1) means the person subscribing to the called number at the time the call is made.").

9

The Eleventh Circuit held the same. *See Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1252 (11th Cir. 2014) ("We accordingly reject State Farm's argument that the 'intended recipient' is the 'called party' referred to in 47 U.S.C. § 227(b)(1)(A)."); *Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265, 1267 (11th Cir. 2014) ("During the pendency of this appeal, another panel of this court, faced with the same question, concluded in a published opinion that 'called party,' for purposes of § 227(b)(1)(A)(iii), means the subscriber to the cell phone service. That panel rejected the defendant's contention that called party could mean intended recipient.").

Were that not enough, the FCC's interpretation—even if not binding—is in consensus. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961 (2015) (¶ 73) ("We find that the 'called party' is the subscriber, *i.e.*, the consumer assigned the telephone number dialed and billed for the call, or the non-subscriber customary user of a telephone number included in a family or business calling plan. Both such individuals can give prior express consent to be called at that number."); *see also id*. at ¶ 72 ("We clarify that the TCPA requires the consent not of the intended recipient of a call, but of the

10

current subscriber (or non-subscriber customary user of the phone) and that caller best practices can facilitate detection of reassignments before calls.").[3]

In short, Defendant's interpretation of the phrase "called party" is at odds with the plain language of the statute. This Court should therefore decline Defendant's invitation to depart from the reasoning of the Seventh, Ninth, and Eleventh Circuits, as well as the FCC.

Because Mr. Massarello has been the customary user of telephone number (XXX) XXX-7904 for nearly a decade, ECF No. 5, PageID.6, ¶ 14, he is the "called party" and has statutory standing, regardless of who Defendant intended to call.

Of note, multiple courts in this district have addressed—and rejected—Defendant's position:

> Before discussing Plaintiff's Motion for Summary Judgment, the Court will address Defendants' contention that Plaintiff lacks standing to bring a claim under the TCPA. Defendants assert that the statute only applies to "called parties" and Plaintiff is not a "called party" under the statute. Defendants reason that the plain language of the statute limits relief to called parties to whom the calls were specifically intended. Defendants further state that "to permit *any* person to bring a claim under 227(b)(1)(A) without regard to whether such person was the actual 'called party' would, as other courts have concluded, render the prior express consent exception a legal 'nullity.'" (Def's SJ Resp. Br. at 4) (citing *Cellco P'ship v. Dealers Warranty, LLC*, 2010 WL

---

[3]     At the same time it urges this Court to disregard the FCC's interpretation of the term "called party," Defendant attempts to rely on a dissenting commissioner. As the Ninth Circuit noted in *Lemos*, "[w]hile Credit One relies most heavily on one dissenting FCC Commissioner's views, the TCPA is best read in the way we have set forth above, under which Credit One's preferred interpretation must fail." 960 F.3d at 1170 (internal citations omitted).

3946713 (D.N.J. Oct. 5, 2010)). Defendants assert that, by not limiting the term "called party" to intended phone call recipients, and expanding standing to all phone call recipients, the Court would be exposing Defendants to "unlimited and potentially catastrophic liability for calls directed to an appropriate 'called party' but intercepted by another recipient, thereafter." (*Id.* at 5) (citing *Leyse v. Bank of America National Ass'n,* 2010 WL 2382400, at *4 (S.D.N.Y. June 14, 2010)).[4] Thus, under Defendants' logic, the "called party" in this case would be Morgan, rather than Plaintiff, because Defendants actually intended to contact Morgan. Under this theory, Plaintiff would not be a "called party" under the statute and would lack standing to bring a claim under the TCPA.

*     *     *

The facts in the instant case are almost identical to those in *Kane* and the Court agrees that TCPA's language is broad enough to grant standing to plaintiffs such as Harris. Like Kane, Plaintiff has received calls on his own cellular phone from a party using an automated dialing system and intending to reach someone else. Unlike Leyse, Plaintiff did not merely intercept a call placed to a third-party's cellular phone. Although Alliance had the wrong phone number listed for Morgan, Alliance intended to, and did, call Plaintiff's cellular phone number. Plaintiff was not an incidental recipient who intercepted a phone call directed toward someone else, but rather, was the regular user of the cellular phone associated with the 1233 number. Because the TCPA is a strict liability statute, and because it plainly grants standing to "any person or entity," the Court concludes that Plaintiff has standing to bring claims under the TCPA.

*Harris v. World Fin. Network Nat. Bank*, 867 F. Supp. 2d 888, 893-94 (E.D. Mich. 2012); *accord Kane*, 2011 WL 6018403, at *7.

---

[4]     Defendant's reliance of *Leyse* is similarly misplaced. Unlike in *Leyse* where a roommate answered someone else's phone, here Defendant placed calls to Mr. Massarello's cellular telephone. And Mr. Massarello—not a third party—received and listened to Defendant's unwanted prerecorded messages. ECF No. 5, PageID.8, ¶ 30.

This Court should reach the same conclusion as in *Harris* and *Kane*, and deny Defendant's motion to dismiss.

### D. Defendant's public policy arguments are misplaced and unpersuasive.

Defendant suggests that the "'current subscriber' interpretation would lead to absurd results[.]" ECF No. 9, PageID.49. This is not so, for many of the reasons explained in *Lemos*:

> Perhaps because the statutory text stands in opposition to its argument, Credit One focuses more intently on perceived statutory purpose and the policy implications of the district court's instruction. But even if these considerations could overcome the most natural construction of the TCPA's language, N.L. still has the better of the argument. In its findings supporting the TCPA, Congress aimed to strike a "balance[ ]" between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms of speech ... in a way that protects the privacy of individuals and permits legitimate telemarketing practices." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(9), 105 Stat. 2394, 2394 (1991). Credit One insists that imposing liability on a caller that unknowingly dials a reassigned number would undermine the TCPA's intended balance, placing companies in "constant risk of staggering statutory damages for calls to reassigned numbers, with no way to know whether any particular number has been reassigned."
>
> But Credit One's interpretation conflicts with the very congressional findings upon which it relies, in which "Congress appears to equate the 'called party' with the 'receiving party.' " *Leyse*, 804 F.3d at 325 n.13. In enacting the TCPA, Congress found that "[b]anning such automated or prerecorded telephone calls to the home, *except when the receiving party consents to receiving the call* ..., is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, § 2(12), 105 Stat. at 2394 (emphasis added).

*       *       *

> In all events, whether Credit One's "intended recipient" rule reflects the better balancing of competing interests is not for us to decide. What matters here is the balance that the text of the TCPA most naturally reflects. And given the "called party" language that Congress used in the TCPA, we hold that the district court's instruction complied with the statute.

*Lemos*, 960 F.3d at 1169-70.

Moreover, contrary to Defendant's suggestion, it is not helpless against TCPA liability. For starters, Defendant can place calls manually instead of placing them with an artificial or prerecorded voice, thus removing itself from the TCPA's reach. Defendant can also take steps to ensure it is calling the right person, such as using a reverse look up vendor to identify the subscriber or user of the phone number it intends to call, or by placing an initial call or text to a given telephone number to first verify that the phone number is associated with the person Defendant intends to reach. *See Soppet*, 679 F.3d at 642.

But if Defendant chooses to employ prerecorded voice technology in connection with calls it makes (ostensibly because it is far cheaper for Defendant to do so), it must first ensure that it obtains prior express consent from those who it calls. *See, e.g.*, *Smith v. Stellar Recovery, Inc.*, No. 15-cv-11717, 2017 WL 1336075, at *2 (E.D. Mich. Feb. 7, 2017) ("The statute provides for a private right of action and damages in the amount of $500 per call. *Id.* (b)(3). It is essentially a strict liability statute which imposes liability for erroneous unsolicited calls.") (internal quotations and citations omitted).

## II.    Defendant's request to strike Mr. Massarello's claim for treble damages is moot.

Finally, Mr. Massarello agreed to dismiss his claim for treble damages and, by joint request, this Court granted the parties' stipulation. ECF No. 11. As a result, this Court need not take additional action regarding Defendant's request.

### Conclusion

Defendant's motion to dismiss fails for a number of reasons. First, any "person or entity" can bring a TCPA claim, and the statute does not limit standing to a "called party." Second, while prior express consent of the called party is an available defense under the TCPA, Defendant has yet to assert such a defense here (let alone establish it). Moreover, Mr. Massarello specifically pleads that he did not provide Defendant with consent to deliver prerecorded voice messages to his cellular telephone.

Third, even if only called parties could bring TCPA claims, Mr. Massarello is the called party here. Defendant delivered numerous prerecorded voice messages to Mr. Massarello's cellular telephone—a telephone number for which he was the customary user for nearly a decade. For these reasons, Mr. Massarello respectfully requests that this Court deny Defendant's motion to dismiss in its entirety.

15

RESPECTFULLY SUBMITTED AND DATED this October 29, 2024.

*s/ Michael L. Greenwald*
Michael L. Greenwald
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone:  (561) 826-5477
Email:  mgreenwald@gdrlawfirm.com

Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100
Email:  anthony@paronichlaw.com

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| NATHAN JAMES MASSARELLO, on behalf of himself and others similarly situated, | Case No.: 2:24-cv-12480-RJW-CI |
| | Honorable Robert J. White |
| Plaintiff, | Magistrate Judge Curtis Ivy, Jr. |
| v. | |
| POWER HOME REMODELING GROUP, LLC, | |
| Defendant. | |

---

**BRIEF FORMAT CERTIFICATION FORM**

---

I, Michael Greenwald, certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1, and Judge White's Case Management Requirements, including the following (click each box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are filed in searchable PDF format, *see* Case Management Requirements § III.A;

☒ except for footnotes and necessary block quotes, the brief is double spaced (not "Exactly 28 pt" spaced) with one-inch margins, *see* LR 5.1(a)(2);

☒ deposition transcripts have been produced in their entirety (not in minuscript), *see* Case Management Requirements § III.A;

17

☒ if the brief and exhibits total 50 pages or more, I will mail to chambers a courtesy copy with ECF headers, *see* Case Management Requirements § III.B.

I also acknowledge that my brief will be stricken from the docket if the Court later finds that these requirements are not met.

/s/ *Michael Greenwald*
Michael Greenwald
Attorney for Plaintiff

18