# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **NATHAN JAMES MASSARELLO**, | |
| *Plaintiff*, | Judge Robert J. White |
| v. | Mag. Judge Curtis Ivy, Jr. |
| **POWER HOME REMODELING GROUP, LLC**, | Case No. 24-CV-12480 |
| *Defendant*. | |

## DEFENDANT POWER HOME REMODELING GROUP, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT

Gerald L. Maatman, Jr. (IL Bar No. 6181016)
Jennifer A. Riley (IL Bar No. 6272366)
Ryan T. Garippo (IL Bar No. 6342203)
DUANE MORRIS LLP
190 S. LaSalle Street, Suite 3700
Chicago, Illinois 60603
Telephone:  (312) 499-6700
Facsimile:  (312) 499-6701
Email:  gmaatman@duanemorris.com
Email:  jariley@duanemorris.com
Email:  rgarippo@duanemorris.com

Joseph A. Ciucci (P48624)
DUANE MORRIS LLP
1075 Peachtree Street, Suite 1700
Atlanta, Georgia 30309
Telephone:  (404) 253-6988
Facsimile:  (404) 393-0744
Email:  ciucci@duanemorris.com

*Attorneys for Defendant*

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................... 1

ARGUMENT ...................................................................................................... 2

I.    CONSENT IS A PRIMA FACIE ELEMENT OF A TCPA CLAIM ............ 2

II.   THE TERM "CALLED PARTY" SHOULD BE INTERPRETED IN ACCORDANCE WITH ITS PLAIN MEANING .......................................... 4

CONCLUSION ................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Federal Cases**

*Ashland Hosp. Corp. v. Servs. Emp. Int'l Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737 (6th Cir. 2013) ............................................................. 5

*Ayers v. Receivables Performances Mgm't, LLC*, No. 15-CV-12082, 2016 WL 5402962 (E.D. Mich. Sept. 28, 2016) ................................................. 2

*Cataldi v. Ocwen Loan Serv., LLC*, No. 17-CV-11487, 2017 WL 5903440 (E.D. Mich. Nov. 30, 2017)............................................................. 2-3

*Creative Montessori Learning Ctr. v. Ashford Gear LLC*, 662 F.3d 913 (7th Cir. 2011).................................................................................... 7

*Duchene v. Onstar, LLC*, No. 15-CV-13337, 2016 WL 3997031 (E.D. Mich. July 26, 2016) ............................................................................................ 2

*Harrington v. Vandalia-Butler Bd. Of Ed.*, 649 F.2d 434 (6th Cir. 1981) ............................................................................................................ 4

*Hudson v. Genesee Intermediate Sch., Dist.*, No. 14-CV-11939, 2015 WL 128030 (E.D. Mich. Jan. 8, 2015) ................................................. 3

*Jama v. Immigr. Customs Enf't*, 543 U.S. 335 (2005).............................................. 5

*Leyse v. Bank of Am., Nat. Ass'n*, No. 09-CV-7654, 2010 WL 2382400 (S.D.N.Y. 2010).............................................................................. 6

*Leyse v. Bank of America National Ass'n*, 804 F. 3d 316 (3d Cir. 2015) ............................................................................................................. 5

*Maraan v. DISH Network, LLC*, No. 13-CV-0046, 2014 WL 128396 (S.D. Ohio Apr. 4, 2014) ......................................................................... 6

*Pugliese v. Pro. Recovery Servs., Inc.*, No. 09-CV-12262, 2010 WL 2632562 (E.D. Mich. June 29, 2010)...................................................... 2

*Sacchi v. One Care, LLC*, No. 14-CV-00698, 2015 WL 3966034 (D.N.J. June 30, 2015) ............................................................................6

*Whiteman v. Am. Trucking Asssocs.*, 531 U.S. 457 (2001) .......................................7

Defendant Power Home Remodeling Group, LLC ("PHRG" or "Defendant"), by its attorneys, Duane Morris LLP, respectfully submits this Reply in Support of its Motion to Dismiss the Amended Complaint of Plaintiff Nathan Massarello ("Massarello" or "Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

In his response, Massarello makes two points, both of which are incorrect. Principally, Massarello argues that the Court should punt on the consent question and decide the issue at a later date. Alternatively, Massarello argues that his interpretation of the term "called party" (*i.e.*, the one who must give consent) is the correct one. Massarello is wrong on both counts.

*First,* the Court should not wait to adjudicate consent or defer the question to a later stage in the proceedings. Lack of consent is an element of plaintiff's *prima facie* case. But, even if properly characterized as an affirmative defense, Massarello pleads facts on the face of the Complaint that doom his claims. Thus, the Court can and should decide the issue now.

*Second*, the Court should dismiss Massarello's claim because he has not and cannot plead that he is a "called party." The term "called party" means what it says. It refers to the party who a dialer actually "called" and not the party who answered the phone. Any other interpretation impermissibly reads words into the statute and, therefore, must be rejected.

1

Accordingly, Massarello has not and cannot state a claim. Thus, the Court should dismiss the Amended Complaint in its entirety.

## ARGUMENT

### I. CONSENT IS A *PRIMA FACIE* ELEMENT OF A TCPA CLAIM

Massarello improperly attempts to transform this motion into a fight over whether it is proper to adjudicate prior consent or statutory standing at this juncture. To that end, Massarello argues that, because "consent is an affirmative defense," he does not need to plead any consent-related facts. (ECF No. 12, PageID.81.) Massarello's approach to consent is overly simplistic and incorrect.

Although the issue of consent can be relevant to statutory standing and a TCPA defendant's affirmative defenses, it is also a *prima facie* element of a plaintiff's claim. *Cataldi v. Ocwen Loan Serv., LLC*, No. 17-CV-11487, 2017 WL 5903440, at *1 (E.D. Mich. Nov. 30, 2017) (holding the third element of a TCPA claim is whether the call was made "without prior consent"); *Pugliese v. Pro. Recovery Servs., Inc.*, No. 09-CV-12262, 2010 WL 2632562, at *7 (E.D. Mich. June 29, 2010) (same); *Ayers v. Receivables Performances Mgm't, LLC*, No. 15-CV-12082, 2016 WL 5402962, at *4 (E.D. Mich. Sept. 28, 2016) (same); *Duchene v. Onstar, LLC*, No. 15-CV-13337, 2016 WL 3997031, at *2 (E.D. Mich. July 26, 2016) (same).

For example, in *Cataldi*, the defendant moved to dismiss the plaintiff's TCPA

claim for the reason that the plaintiff failed to plead sufficient facts to support a finding regarding lack of consent because the plaintiff failed to adequately plead revocation. The plaintiff responded by arguing that consent is an affirmative defense and "not an element of her prima facie case." *Cataldi*, 2017 WL 5903440, at *2. The court explicitly held that, although prior express consent is an affirmative defense, a plaintiff still "must plead that the consent was revoked at some point in order to have a period during which she did not consent to calls." *Id.* Because the plaintiff failed to plead such facts, the court dismissed the complaint. *Id.* This Court should do the same here.

Even putting *Cataldi* aside, however, "dismissal on the basis of an affirmative defense is appropriate where the facts that establish the defense are definitively ascertainable from the allegations of the complaint . . . and other matters of which the court may take judicial notice." *See, e.g., Hudson v. Genesee Intermediate Sch., Dist.*, No. 14-CV-11939, 2015 WL 128030, at *2 (E.D. Mich. Jan. 8, 2015) (quotations omitted). Here, Massarello alleges that "Defendant placed calls . . . intending to reach someone other than Plaintiff" and that this case is one of "wrong or reassigned cellular telephone numbers." (ECF No. 5, PageID.16-52.) Thus, Massarello has not and cannot allege that the person who PHRG intended to call did not consent. Thus, Massarello has not and cannot plead facts to support his claim.

The Court need not look outside the Complaint to establish that Plaintiff is not

3

the "called party" within the meaning of the statute and, therefore, cannot plead lack of consent.[1]  Accordingly, it should dismiss the Amended Complaint.

## II.     THE TERM "CALLED PARTY" SHOULD BE INTERPRETED IN ACCORDANCE WITH ITS PLAIN MEANING

Regardless of whether consent is an element of a plaintiff's *prima facie* case or an affirmative defense, it does not change the fact that PHRG's reading of the statutory text is the correct one for at least five reasons.

*First*, to interpret the phrase *called party* to mean *the person who was actually reached*, as Massarello contends, the Court would have to read language into the statute.  (ECF No. 9, PageID.41-2.)  Massarello does not offer a compelling argument as to why such addition would be permissible, or why such reading would be correct, other than to say that other courts have sided with him.  (ECF No. 12, PageID.84.)  Yet, other courts (including courts in the Sixth Circuit), also have agreed with PHRG's reading.  (*See infra* § II.)  Because none of these decisions control here, however, this Court should decide the best reading of the TCPA and should reject Massarello's attempt to insert words into the statute without any plausible justification.

---

[1] Contrary to Massarello's assertion, it was permissible for PHRG to summarize its jurisdictional motion, because such matters are already part of the record and thus subject to proper judicial notice.  *Harrington v. Vandalia-Butler Bd. Of Ed.*, 649 F.2d 434, 441 (6th Cir. 1981).  Thus, as explained above, although the Court need not consider the declaration, it is within its authority to do so.

4

*Second*, Massarello does not even attempt to address the Sixth Circuit's interpretation of the phrase "call" within the meaning of the TCPA. *Ashland Hosp. Corp. v. Servs. Emp. Int'l Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737, 741-42 (6th Cir. 2013). In that case, the Sixth Circuit held that the plain meaning of the word "call" is "some kind of direct communication between two parties — the caller and the caller's *intended recipient*." *Id.* (emphasis added). Massarello does not provide any reason to interpret the word "call" in a manner inconsistent with the term "called party," and there is no reason to think that the Sixth Circuit would do so.

*Third*, Massarello offers no explanation to support his argument that the phrase *called party* should be synonymous with the phrase *current subscriber*. (*See generally* ECF No. 9, PageID.47-9.) Even though Congress used the phrase "subscriber" 17 times throughout the statute, Massarello fails to offer any reason as to why Congress would have deviated from using such phrase here. (*Id.*) Because Congress knew how to make "such a requirement manifest," and chose not to, this Court should reject Massarello's reading. *Jama v. Immigr. Customs Enf't*, 543 U.S. 335, 341-42 (2005).

*Fourth*, although Massarello points to decisions of other federal courts, he does little to explain why those decisions are correct or should apply here. Regardless, PHRG can point to decisions endorsing its interpretation as well. For example, in *Leyse v. Bank of America National Ass'n*, 804 F. 3d 316, 327 (3d Cir.

5

2015), the Third Circuit reasoned that a "caller may invoke the consent of the 'called party' as a defense if the plaintiff is someone other than the 'called party.'" Other courts have declined to even consider wrong number TCPA claims where the plaintiffs do "not allege that either of them were the intended recipients of the alleged illegal calls. Rather, they apparently were the 'unintended and incidental' recipients of these calls." *Maraan v. DISH Network, LLC*, No. 13-CV-0046, 2014 WL 128396, at *4 (S.D. Ohio Apr. 4, 2014) (denying leave to amend based on futility); *Sacchi v. One Care, LLC*, No. 14-CV-00698, 2015 WL 3966034, at *6 (D.N.J. June 30, 2015) (adopting the intended recipient interpretation and collecting cases); *Leyse v. Bank of Am., Nat. Ass'n*, No. 09-CV-7654, 2010 WL 2382400, at *4 (S.D.N.Y. 2010) (same). Massarello has failed to show any reason that the authority he cites would be more persuasive than these decisions.

*Fifth*, Massarello attempts to brush away PHRG's absurdity argument by claiming it could have placed calls "manually"[2] or used a "reversed look up vendor" in order to hedge its legal exposure. (ECF No. 12, PageID.87.) But, these hypothetical alternatives are not the point of PHRG's absurdity argument. The point is that if the goal of the statute is to incentivize callers to request prior consent,

---

[2] It is worth noting that placing the calls manually would not have helped here. Massarello's allegation is not that PHRG used an automated telephone dialing system such that placing the calls manually would have changed the result, but rather that PHRG called him using a "prerecorded voice." (ECF No. 5 ¶ 2.)

6

liability may attach even to those who sought and obtained consent. (*See* ECF No. 8, PageID.44-5, 49-50.) The TCPA would impose massive liability on callers of wrong numbers even though Congress never made its intent clear by using the term "actual recipient" or explicitly addressing a wrong number fact pattern in the statute. (*See id.*) Congress does not "hide elephants in mouseholes" and Massarello's interpretation should be rejected. *Whiteman v. Am. Trucking Asssocs.*, 531 U.S. 457, 468 (2001).

In short, PHRG has offered the better reading of the statute, such reading is supported by numerous precedents, and the Court should not interpret the TCPA so as to allow "draconian penalties" to be imposed based on what Plaintiff concedes was a wrong number. *Creative Montessori Learning Ctr. v. Ashford Gear LLC*, 662 F.3d 913, 915 (7th Cir. 2011).

## CONCLUSION

For these reasons, Defendant Power Home Remodeling Group, LLC respectfully requests that this Court dismiss Plaintiff Nathan Massarello's Amended Complaint as well as grant it any other relief that the Court deems just and proper.

**Dated: November 12, 2024**   Respectfully Submitted,

POWER HOME REMODELING GROUP, LLC

By: */s/ Gerald L. Maatman, Jr.*
     One of its Attorneys

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NATHAN JAMES MASSARELLO,<br><br>     Plaintiff,<br><br>v.<br><br>POWER HOME REMODELING GROUP, LLC,<br><br>     Defendant. | Case No. 24-CV-12480<br><br>Honorable Robert J. White |

**BRIEF FORMAT CERTIFICATION FORM**

  I, Gerald L. Maatman, Jr. certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1, and Judge White's Case Management Requirements, including the following (click each box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are filed in searchable PDF format, *see* Case Management Requirements § III.A;

☒ except for footnotes and necessary block quotes, the brief is double spaced (<u>not</u> "Exactly 28 pt" spaced) with one-inch margins, *see* LR 5.1(a)(2);

☒ deposition transcripts have been produced in their entirety (<u>not</u> in minuscript), *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, I will mail to chambers a courtesy copy with ECF headers, *see* Case Management Requirements § III.B.

I also acknowledge that my brief will be stricken from the docket if the Court later finds that these requirements are not met.


*/s/ Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.
Attorney for Defendant Power Home Remodeling Group, LLC

## **CERTIFICATE OF SERVICE**

I, Gerald L. Maatman, Jr., do hereby certify that a true and correct copy of the forgoing document has been furnished by the Court's CM/ECF filing system on this 12th day of November 2024 to the following individuals:

Anthony I. Parnonich
Parnonich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Email: anthony@paronichlaw.com

Michael L. Greenwald
Greenwald Davidson Radbil, PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: (561) 826-5477
Email: mgreenwald@gdrlawfirm.com

George T. Blackmore (P76942)
Blackmore Law
1129 West 14 Mile Road, Suite 1006
Clawson, Michigan 48017
Email: george@blackmore.law

**Dated: November 12, 2024**

/s/ *Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.
DUANE MORRIS LLP
190 S. LaSalle Street, Suite 3700
Chicago, Illinois 60603
Telephone: (312) 499-6700
Email: gmaatman@duanemorris.com

***Counsel for Defendant***