## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NATHAN JAMES MASSARELLO**,

      *Plaintiff*,

v.

**POWER HOME REMODELING
GROUP, LLC**,

      *Defendant*.

Judge Robert J. White

Mag. Judge Curtis Ivy, Jr.

Case No. 24-CV-12480

---

### DEFENDANT POWER HOME REMODELING GROUP, LLC'S
### ANSWER AND AFFIRMATIVE DEFENSES TO
### PLAINTIFF'S AMENDED COMPLAINT

Defendant Power Home Remodeling Group, LLC ("PHRG" or "Defendant"), by and through its attorneys, Duane Morris LLP, for its Answer to Plaintiff Nathan James Massarello's ("Plaintiff" or "Massarello") Class Action Complaint, hereby states as follows:

### Nature of this Action

1. Nathan James Massarello ("Plaintiff") brings this class action against Power Home Remodeling Group, LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**ANSWER:**  PHRG admits that Plaintiff purports to bring a claim under the Telephone Consumer Protection Act ("TCPA").  PHRG denies it violated the TCPA.

PHRG denies any remaining allegations contained in Paragraph 1 of the Amended

Complaint.

2.      Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

**ANSWER:** Paragraph 2 of the Amended Complaint calls for legal

conclusions to which no response is required.  To the extent a response is required,

PHRG denies the allegations contained in Paragraph 2 of the Amended Complaint.

3.      More specifically, upon information and good faith belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places to individuals who do not provide their telephone numbers to Defendant.

**ANSWER:** Paragraph 3 of the Amended Complaint calls for legal

conclusions to which no response is required.  To the extent a response is required,

PHRG denies the allegations set forth in Paragraph 3 of the Amended Complaint.

**Jurisdiction and Venue**

4.      This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

**ANSWER:** Paragraph 4 of the Amended Complaint calls for legal

conclusions to which no response is required.  To the extent a response is required,

PHRG admits that district courts have original jurisdiction of civil actions arising

under federal laws, including 47 U.S.C. § 227(b)(3).

5.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

**ANSWER:** Paragraph 5 of the Amended Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, PHRG denies the allegations contained in Paragraph 5 of the Amended Complaint.

6.     Defendant directed artificial or prerecorded voice messages to Plaintiff's cellular telephone in this district.

**ANSWER:** PHRG denies the allegations contained in Paragraph 6 of the Amended Complaint.

7.     In addition, Plaintiff received calls and artificial or prerecorded voice messages from Defendant in this district.

**ANSWER:** PHRG lacks sufficient knowledge to form a belief as to whether Plaintiff received calls or prerecorded voice messages in this district. The remainder of Paragraph 7 of the Amended Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, PHRG denies any remaining allegations in Paragraph 7 of the Amended Complaint.

### Parties

8.     Plaintiff is a natural person who resides in Phenix City, Alabama.

**ANSWER:** PHRG lacks sufficient knowledge to form a belief as to the location of Plaintiff's residence. PHRG denies any remaining allegations contained in Paragraph 8 of the Amended Complaint.

9.      Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:** Paragraph 9 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, PHRG denies the allegations contained in Paragraph 9 of the Amended Complaint.

10.     Defendant is a limited liability company that makes prerecorded calls into Alabama.

**ANSWER:** PHRG admits that it is a limited liability company.  PHRG denies the remaining allegations contained in Paragraph 10 of the Amended Complaint.

11.     Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:** Paragraph 11 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, PHRG denies the allegations contained in Paragraph 11 of the Amended Complaint.

12.     Defendant offers home renovation services.

**ANSWER:**  PHRG admits the allegations contained in Paragraph 12 of the Amended Complaint.

13.     As part of its business, Defendant places outbound calls using a prerecorded message.

**ANSWER:** Paragraph 13 of the Amended Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, PHRG denies the allegations in Paragraph 13 of the Amended Complaint.

### Factual Allegations

14. Plaintiff is, and has been for nearly 10 years, the customary user of his cellular telephone number — (XXX) XXX-7904.

**ANSWER:** PHRG lacks sufficient knowledge to form a belief as to whether Plaintiff is a customary user of an alleged "cellular telephone number — (XXX) XXX-7904" and "has been for nearly 10 years." PHRG denies any remaining allegations contained in Paragraph 14 of the Amended Complaint.

15. Defendant began placing calls to telephone number (XXX) XXX-7904 in at least June of 2024, or earlier.

**ANSWER:** PHRG lacks sufficient knowledge to form a belief as to whether it "began placing calls to telephone number (XXX) XXX-7904 in at least June [] 2024, or earlier" as Plaintiff alleges. PHRG denies any remaining allegations contained in Paragraph 15 of the Amended Complaint.

16. Defendant placed calls to telephone number (XXX) XXX-7904 intending to reach someone other than Plaintiff.

**ANSWER:** PHRG lacks sufficient knowledge to form a belief as to whether it placed "calls to telephone number (XXX) XXX-7904 intending to reach someone other than Plaintiff" as Plaintiff alleges. PHRG admits that it has never intended to

reach Plaintiff via telephone.  PHRG denies any remaining allegations contained in Paragraph 16 of the Amended Complaint.

17.   Defendant placed at least five calls to telephone number (XXX) XXX-7904 in June 2024.

**ANSWER:**  PHRG lacks sufficient knowledge to form a belief as to whether it placed "at least five calls to telephone number (XXX) XXX-7904 in June 2024" as Plaintiff alleges.  PHRG denies any remaining allegations contained in Paragraph 17 of the Amended Complaint.

18.   Defendant used an artificial or prerecorded voice in connection with the calls it placed to telephone number (XXX) XXX-7904.

**ANSWER:**  PHRG lacks sufficient knowledge to form a belief as to whether it placed calls "to telephone number (XXX) XXX-7904," as Plaintiff alleges.  The remainder of Paragraph 18 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, PHRG denies the allegations contained in Paragraph 18 of the Amended Complaint.

19.   For example, on or about June 18, 2024, Defendant placed a call to telephone number (XXX) XXX-7904 and delivered a prerecorded voice message that stated:

> Hi, this is Power Home Remodeling calling to confirm your appointment.  Please call us back to confirm and we'll have one of our remodeling experts come out to discuss your home remodeling project. You can reach us at 8 8 8 remodel.  Again, please call us back to confirm your appointment for your free home estimate with Power Home Remodeling.  That number is 888-736-6335.

**ANSWER:**  PHRG lacks sufficient knowledge to form a belief as to whether it placed calls "to telephone number (XXX) XXX-7904," as Plaintiff alleges. Paragraph 19 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, PHRG denies the allegations contained in Paragraph 19 of the Amended Complaint.

20.     On or about June 20, 2024, Defendant placed a call to telephone number (XXX) XXX-7904 and delivered an identical prerecorded message that stated:

> Hi, this is Power Home Remodeling calling to confirm your appointment.  Please call us back to confirm and we'll have one of our remodeling experts come out to discuss your home remodeling project. You can reach us at 8 8 8 remodel.  Again, please call us back to confirm your appointment for your free home estimate with Power Home Remodeling.  That number is 888-736-6335.

**ANSWER:**  PHRG lacks sufficient knowledge to form a belief as to whether it placed calls "to telephone number (XXX) XXX-7904," as Plaintiff alleges. Paragraph 20 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, PHRG denies the allegations contained in Paragraph 20 of the Amended Complaint.

21.     Defendant's voice messages were generic and identical.

**ANSWER:**  PHRG denies the allegations contained in Paragraph 21 of the Amended Complaint.

22.     Given the generic nature of the messages, the content of the messages, and that both messages were identical in tone, voice, content, and style, the messages Defendant delivered to telephone number (XXX) XXX-7904 were prerecorded in nature.

**ANSWER:**  PHRG lacks sufficient knowledge to form a belief as to whether it delivered calls "to telephone number (XXX) XXX-7904," as Plaintiff alleges.  The allegations in Paragraph 22 of the Amended Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, PHRG denies the allegations in Paragraph 22 of the Amended Complaint.

23.  The pattern and tone of the speech made clear to Plaintiff that the messages Defendant played were prerecorded in nature.

**ANSWER:**  PHRG lacks sufficient knowledge to form a belief as to what was "made clear" to Plaintiff.  The remainder of Paragraph 23 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, PHRG denies the allegations contained in Paragraph 23 of the Amended Complaint.

24.  Plaintiff does not have, nor did he have, an account with Defendant or any business relationship with them.

**ANSWER:** Paragraph 24 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, PHRG denies the allegations contained in Paragraph 24 of the Amended Complaint.

25.  Plaintiff did not provide telephone number (XXX) XXX-7904 to Defendant.

**ANSWER:** PHRG admits that Nathan Massarello did not provide it with a "telephone number (XXX) XXX-7904."  The remainder of Paragraph 25 of the

Amended Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, PHRG denies the allegations contained in Paragraph 25 of the Amended Complaint.

26.     Plaintiff did not provide Defendant with consent to place the calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-7904.

**ANSWER:** Paragraph 26 of the Amended Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, PHRG denies the allegations in Paragraph 26 of the Amended Complaint.

27.     Defendant placed the subject calls to telephone number (XXX) XXX-7904 voluntarily.

**ANSWER:**  PHRG lacks knowledge sufficient to form a belief as to whether it placed calls "to telephone number (XXX) XXX-7904," as Plaintiff alleges.  The remainder of Paragraph 27 of the Amended Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, PHRG denies the allegations in Paragraph 27 of the Amended Complaint.

28.     Defendant placed the subject calls to telephone number (XXX) XXX-7904 under its own free will.

**ANSWER:**  PHRG lacks knowledge sufficient to form a belief as to whether it placed calls to "telephone number (XXX) XXX-7904," as Plaintiff alleges.  The remainder of Paragraph 28 of the Amended Complaint calls for legal conclusions to

which no response is required.  To the extent a response is required, PHRG denies the allegations in Paragraph 28 of the Amended Complaint.

29.    Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed to telephone number (XXX) XXX-7904.

**ANSWER:**  PHRG lacks knowledge sufficient to form a belief as to whether it placed calls to "telephone number (XXX) XXX-7904," as Plaintiff alleges.  The remainder of Paragraph 29 of the Amended Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, PHRG denies the allegations in Paragraph 29 of the Amended Complaint.

30.    Plaintiff listened to the voice messages Defendant delivered to his cellular telephone.

**ANSWER:**  PHRG lacks sufficient knowledge to form a belief as to what Plaintiff may or may not have listened to.  The remainder of Paragraph 30 of the Amended Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, PHRG denies the allegations in Paragraph 30 of the Amended Complaint.

31.    Plaintiff suffered actual harm as a result [of] Defendant's subject calls, in connection with which it used an artificial or prerecorded voice, in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

**ANSWER:**  PHRG denies the allegations contained in Paragraph 31 of the Amended Complaint.

32.     Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

**ANSWER:**  PHRG denies the allegations contained in Paragraph 32 of the

Amended Complaint.

### Class Action Allegations

33.     Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Power Home Remodeling Group, LLC placed, or caused to be placed, a  call, (2) directed to a number assigned to a cellular telephone service, (3) where the call recipient did not provide their telephone number to Power Home Remodeling Group, LLC or did not have an account with Power Home Remodeling Group, LLC, (4) in connection with which Power Home Remodeling Group, LLC used an artificial or prerecorded voice, (5) from four years prior to the filing of this complaint through the date of class certification.

**ANSWER:**  PHRG admits that Plaintiff purports to bring suit on behalf of a

putative class.  PHRG denies that Plaintiff can maintain this action on a classwide

basis and denies that Plaintiff may properly represent others.  The remainder of

Paragraph 33 of the Amended Complaint calls for legal conclusions to which no

response is required.  To the extent a response is required, PHRG denies any

remaining allegations in Paragraph 33 of the Amended Complaint.

34.     Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

**ANSWER:** Paragraph 34 of the Amended Complaint calls for legal conclusions to which no response is required. To the extent a response is required, PHRG denies the allegations in Paragraph 34 of the Amended Complaint.

35. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

**ANSWER:** Paragraph 35 of the Amended Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, PHRG denies the allegations in Paragraph 35 of the Amended Complaint.

36. The exact number of the members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

**ANSWER:** PHRG lacks sufficient knowledge as to what is "unknown to Plaintiff." The remaining allegations of Paragraph 36 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, PHRG denies the allegations in Paragraph 36 of the Amended Complaint.

37. The members of the class are ascertainable because they are defined by reference to objective criteria.

**ANSWER:** Paragraph 37 of the Amended Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, PHRG denies the allegations in Paragraph 37 of the Amended Complaint.

38. In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

**ANSWER:** Paragraph 38 of the Amended Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, PHRG denies the allegations in Paragraph 38 of the Amended Complaint.

39.    Plaintiff's claims are typical of the claims of the members of the class.

**ANSWER:** Paragraph 39 of the Amended Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, PHRG denies the allegations in Paragraph 39 of the Amended Complaint.

40.    As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

**ANSWER:** Paragraph 40 of the Amended Complaint calls for legal conclusions to which no response is required. To the extent a response is required, PHRG denies the allegations in Paragraph 40 of the Amended Complaint.

41.    In addition, like all members of the class, Plaintiff did not have an account with Defendant and did not provide his telephone number to Defendant.

**ANSWER:** Paragraph 41 of the Amended Complaint calls for legal conclusions to which no response is required. To the extent a response is required, PHRG denies any remaining allegations in Paragraph 41 of the Amended Complaint.

42.    Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

**ANSWER:** Paragraph 42 of the Amended Complaint calls for legal conclusions to which no response is required. To the extent a response is required, PHRG denies the allegations in Paragraph 42 of the Complaint.

43.    Plaintiff's claims are based on the same theories as the claims of the members of the class.

**ANSWER:**  Paragraph 43 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, PHRG denies the allegations in Paragraph 43 of the Amended Complaint.

44.    Plaintiff suffered the same injuries as the members of the class.

**ANSWER:**   PHRG denies that Plaintiff or any members of the putative class suffered any injuries.  The remainder of Paragraph 44 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, PHRG denies the remaining allegations in Paragraph 44 of the Amended Complaint.

45.    Plaintiff will fairly and adequately protect the interests of the members of the class.

**ANSWER:**  Paragraph 45 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, PHRG denies the allegations in Paragraph 45 of the Complaint.

46.    Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

**ANSWER:**  Paragraph 46 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, PHRG denies the allegations in Paragraph 46 of the Amended Complaint.

47.    Plaintiff will vigorously pursue the claims of the members of the class.

**ANSWER:** Paragraph 47 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, PHRG denies the allegations in Paragraph 47 of the Amended Complaint.

48.   Plaintiff has retained counsel experienced and competent in class action litigation.

**ANSWER:** Paragraph 48 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, PHRG denies the allegations in Paragraph 48 of the Amended Complaint.

49.   Plaintiff's counsel will vigorously pursue this matter.

**ANSWER:** Paragraph 49 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, PHRG denies the allegations in Paragraph 49 of the Amended Complaint.

50.   Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

**ANSWER:** Paragraph 50 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, PHRG denies the allegations in Paragraph 50 of the Amended Complaint.

51.   The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

**ANSWER:** Paragraph 51 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, PHRG denies the allegations in Paragraph 51 of the Amended Complaint.

52.     Issues of law and fact common to all members of the class include:

   a.      Defendant's violations of the TCPA;

   b.      Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

   c.      Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

   d.      Defendant's use of an artificial or prerecorded voice; and

   e.      The availability of statutory penalties.

   **ANSWER:**   Paragraph 52 of the Amended Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, PHRG denies the allegations in Paragraph 52 of the Amended Complaint.

53.     A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

   **ANSWER:** Paragraph 53 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, PHRG denies the allegations in Paragraph 53 of the Amended Complaint.

54.     If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

   **ANSWER:** Paragraph 54 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, PHRG denies the allegations in Paragraph 54 of the Amended Complaint.

55.     The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

**ANSWER:** Paragraph 55 of the Amended Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, PHRG denies the allegations in Paragraph 55 of the Amended Complaint.

56.    The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

**ANSWER:** Paragraph 56 of the Amended Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, PHRG denies the allegations in Paragraph 56 of the Amended Complaint.

57.    These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

**ANSWER:** Paragraph 57 of the Amended Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, PHRG denies the allegations in Paragraph 57 of the Amended Complaint.

58.    The damages suffered by individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

**ANSWER:**  PHRG denies that Plaintiff or any members of the putative class suffered any damages.  PHRG denies there were "wrongs" done to Plaintiff or any members of the putative class.  The remainder of Paragraph 58 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the

extent a response is required, PHRG denies the remaining allegations in Paragraph 58 of the Amended Complaint.

59.     The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

**ANSWER:** Paragraph 59 of the Amended Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, PHRG denies the allegations in Paragraph 59 of the Amended Complaint.

60.     There will be little difficulty in the management of this action as a class action.

**ANSWER:** Paragraph 60 of the Amended Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, PHRG denies the allegations in Paragraph 60 of the Amended Complaint.

61.     Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

**ANSWER:** Paragraph 61 of the Amended Complaint calls for legal conclusions to which no response is required. To the extent a response is required, PHRG denies the allegations in Paragraph 61 of the Amended Complaint.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

62.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraph 1-61.

**ANSWER:** PHRG incorporates by reference its answers in Paragraphs 1-61 as if set forth fully herein.

63.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the class, without consent.

**ANSWER:** PHRG denies the allegations in Paragraph 63 of the Amended Complaint.

64.     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

**ANSWER:** PHRG denies the allegations in Paragraph 64 of the Amended Complaint.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)      Determining that this action is a proper class action;

b)      Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c)      Designating Plaintiff's counsel as counsel for the class under Federal Rule of Civil Procedure 23;

d)      Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e)      Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the class, in connection with which it uses an artificial or prerecorded voice;

f)      Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

g)      Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(b)(3).

i)      Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j)      Awarding such other and further relief as the Court may deem just and proper.

**ANSWER:**  PHRG admits that Plaintiff purports to pray for relief as set forth in the Prayer for Relief.   PHRG denies that Plaintiff is entitled to any relief whatsoever and denies any remaining allegations set for in Plaintiff's Prayer for Relief.

### Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

**ANSWER:**  PHRG admits that Plaintiff purports to demand a jury trial. PHRG also demands a jury trial as to all issues so triable.   PHRG denies the remaining allegations contained in the Demand for Jury Trial of the Amended Complaint.

### Answer to Remainder of Amended Complaint

PHRG denies each and every allegation in the Amended Complaint that has not been separately and specifically admitted.

### Demand for Jury Trial

PHRG demands a trial by jury on all claims and issues so triable.

**Affirmative and Other Defenses**

Defendant Power Home Remodeling Group, LLC, by and through its attorneys, Duane Morris LLP, hereby states its Affirmative Defenses to Plaintiff's Class Action Complaint, without assuming any burdens of production or proof that, pursuant to law, belong to Plaintiff or any putative class members. Power Home Remodeling Group, LLC reserves the right to amend its answer and to assert any additional affirmative defenses as may become available or apparent during the course of this litigation. For its affirmative defenses, Power Home Remodeling Group, LLC hereby states as follows:

**First Affirmative Defense**
**(No Class Certification)**

This case may not be maintained as a class action because Plaintiff has not and cannot establish the existence of each of the requirements under Federal Rule of Civil Procedure 23. PHRG opposes class certification and disputes the propriety of class action treatment for reasons that include, but are not limited to, the lack of commonality, predominance, superiority, adequacy, ascertainability, and typicality among Plaintiff and the putative class members. If the Court certifies a class action in this case over PHRG's objections, then PHRG asserts the affirmative defenses set forth herein against each and every member of any certified class action. However, PHRG maintains that Plaintiff's pleadings fail to meet the requirements necessary to support a class action.

### Second Affirmative Defense
### (Consent / Established Business Relationship)

Plaintiff's claim and/or those claims of any putative class members are barred by the doctrines of consent, prior express consent, prior express written consent, established business relationship, and/or all other similar concepts.

### Third Affirmative Defenses
### (Good Faith)

Plaintiff's claim and/or those claims of any putative class members are barred because PHRG acted in good faith and had reasonable grounds for believing that it acted properly in its practices with respect to Plaintiff and/or the putative class members he seeks to represent.

### Fourth Affirmative Defense
### (No Treble Damages)

Neither Plaintiff nor any putative class member is entitled to statutory damages pursuant to the formula set forth in 47 U.S.C. § 227(b)(3)(C), because PHRG did not willfully or knowingly fail to comply with the relevant provisions of the TCPA.

### Fifth Affirmative Defense
### (Acquiescence / Ratification)

Plaintiff and/or any putative class member's claims are barred because Plaintiff and the individuals he seeks to represent consented to, acquiesced in,

and/or ratified through express or implied agreement the conduct of which they now complain.

### Sixth Affirmative Defense
### (Statute Of Limitations)

To the extent that Plaintiff and/or any putative class action member seeks recovery for any period beyond the statute of limitations period applicable to his or her claims, Plaintiff's claims and those of any putative class action members are barred, in whole or in part.

### Seventh Affirmative Defense
### (Arbitration Agreements)

To the extent that Plaintiff and/or any putative class member's claims are subject to an arbitration agreement, PHRG asserts that such claims cannot proceed in federal or state court.

### Eighth Affirmative Defense
### (Release / Waiver)

To the extent that Plaintiff and/or any putative class member's claims are barred by a release, settlement agreement, and/or an agreement of any other kind, PHRG asserts that such claims are waived, released, and/or otherwise barred.

### Ninth Affirmative Defense
### (Failure To Exhaust Administrative Remedies)

To the extent Plaintiff and/or putative class members failed to satisfy any conditions precedent that are necessary to maintain their claims, or failed to exhaust administrative remedies, said claims may be barred, in whole or in part.

### Tenth Affirmative Defense
### (Intervening Or Superseding Cause)

Plaintiff and/or the putative class members' claims are barred because of an intervening act or intervening acts by one or more third parties and/or because of a superseding cause.

### Eleventh Affirmative Defense
### (Failure To Mitigate Damages)

PHRG relies upon the defense of failure to mitigate damages as a complete or partial bar to Plaintiff's and/or putative class members' claims.

### Twelfth Affirmative Defense
### (Failure To State A Claim)

Plaintiff's and/or the putative class members' claims fail to allege facts sufficient to constitute a claim for which attorneys' fees, punitive damages, statutory damages, or costs may be awarded.

### Thirteenth Affirmative Defense
### (No Adequacy)

Plaintiff's and/or the putative class members' claims are inappropriate for class certification because neither Plaintiff nor his counsel can fairly and adequately protect the interests of all purported members of the alleged putative class.

### Fourteenth Affirmative Defense
### (No Injury-In-Fact)

Plaintiff and/or the putative class members lack standing to bring claims for damages and/or injunctive relief because they have not suffered injuries, have not incurred any harm, and are not entitled to any legal remedy.

### Fifteenth Affirmative Defense
### (Contribution)

Plaintiff and/or the putative class members' claims are barred to the extent that Plaintiff's and/or the putative class members' own acts or omissions caused or contributed to their claims.

### Sixteenth Affirmative Defense
### (Due Process Clause)

The statutory damages under the TCPA are unconstitutional, in that they constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

### Seventeenth Affirmative Defense
### (No Article III Standing)

Plaintiff and/or the putative class members' claims are barred to the extent they cannot demonstrate that they have suffered a concrete and particularized injury traceable to PHRG.

### Eighteenth Affirmative Defense
### (Waiver / Estoppel / Laches)

Plaintiff and/or the putative class members' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches, as Plaintiff and/or the putative class members may have, whether through their actions or otherwise, given up their right to assert the claims alleged in the Amended Complaint.

### Nineteenth Affirmative Defense
### (Safe Harbors)

Plaintiff and/or the putative class members' claims are barred by any safe harbors and/or any other protections afforded to Defendant by and/or described in *ACA Int'l v. Fed. Commc'n Comm'n*, 885 F.3d 687 (D.C. Cir. 2018).

### Reservation of Rights

PHRG reserves the right to amend its Answer and/or to assert any additional and/or affirmative defenses as may become available or apparent during the course of this litigation.

WHEREFORE, PHRG denies that Plaintiff is entitled to any relief and requests, in light of these affirmative and/or additional defenses, that Plaintiff's Class Action Complaint be dismissed in its entirety with prejudice, that judgment be entered in PHRG's favor, and that PHRG be awarded its costs, attorneys' fees, and such other relief as this Court deems appropriate.

**Dated: September 10, 2025**                Respectfully submitted,

POWER HOME REMODELING
GROUP, LLC

/s/ *Gerald L. Maatman, Jr.*

Gerald L. Maatman, Jr.  (IL Bar No. 6181016)
Jennifer A. Riley  (IL Bar No. 6272366)
Ryan T. Garippo (Mich. Bar No. P87790)
**DUANE MORRIS LLP**
190 South La Salle Street, Suite 3700
Chicago, Illinois 60603-3433
Telephone: (312) 499-6700
Facsimile:  (312) 499-6701
Email:  gmaatman@duanemorris.com
Email:  jariley@duanemorris.com
Email:  rgarippo@duanemorris.com

Joseph A. Ciucci (Mich. Bar No. P48624)
**DUANE MORRIS LLP**
1075 Peachtree Street, Suite 1700
Atlanta, Georgia 30309
Telephone:  (404) 253-6988
Facsimile:  (404) 393-0744
Email:  ciucci@duanemorris.com

*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I, Gerald L. Maatman, Jr., do hereby certify that a true and correct copy of the forgoing document has been furnished by the Court's CM/ECF filing system on this 10th day of September 2025 to the following individuals:

Anthony I. Parnonich
Parnonich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Email:  anthony@paronichlaw.com

Michael L. Greenwald
Greenwald Davidson Radbil, PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone:  (561) 826-5477
Email:  mgreenwald@gdrlawfirm.com

George T. Blackmore (P76942)
Blackmore Law
1129 West 14 Mile Road, Suite 1006
Clawson, Michigan 48017
Email:  george@blackmore.law

**Dated: September 10, 2025**

/s/ *Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.
DUANE MORRIS LLP
190 S. LaSalle Street, Suite 3700
Chicago, Illinois 60603
Telephone:  (312) 499-6700
Email:  gmaatman@duanemorris.com

***Counsel for Defendant***