UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NATHAN JAMES MASSARELLO,<br><br>　　　Plaintiff,<br><br>v.<br><br>POWER HOME REMODELING GROUP, LLC,<br><br>　　　Defendant. | Case No. 2:24-CV-12480-RJW-CI<br><br>Honorable Robert J. White |

## JOINT DISCOVERY PLAN

A Rule 16 Scheduling Conference is scheduled for **October 9, 2025** at **10:00 a.m.**

1. **Counsel**: Appearing for the parties as counsel will be

   For Plaintiff:  Michael Greenwald, Greenwald Davidson Radbil PLLC

   For Defendant:  Ryan Garippo, Duane Morris LLP

2. **Jurisdiction**: The basis for the Court's jurisdiction is

   This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. **Statement of the case**:

   This is a proposed class action under Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff contends that Defendant violated the TCPA by placing calls, in connection with which it used an artificial or prerecorded voice, to his cellular telephone without prior express consent. *See* ECF No. 5. More specifically, Plaintiff alleges that Defendant placed prerecorded calls to his cellular telephone number even though he did not have an account with

Defendant or otherwise request any estimates or proposals from Defendant. Plaintiff brings his claims on behalf of himself and others similarly situated. Defendant denies Plaintiff's allegations, denies that it violated the TCPA, and asserts a number of defenses. *See* ECF No. 15. Defendant also states that a class should not be certified in this case. *Id*.

4. **Pendent state claims**: This case **does not** include pendent state claims.

5. **Case management requirements**: The parties acknowledge that they have reviewed and will adhere to the Court's Case Management Requirements.

6. **Joinder of parties and amendment of pleadings**: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **November 21, 2025**.

7. **Disclosures and exchanges**: The parties have agreed to make available the following documents without the need of a formal request for production:

    From Plaintiff(s) to Defendant(s): Records reflecting calls and prerecorded voice messages Plaintiff received from Defendant.

    From Defendant(s) to Plaintiff(s): To the extent Defendant identifies any specific documents in its Fed. R. Civ. P. 26(a)(1) disclosures, it will produce such documents to Plaintiff.

8. **Discovery**: Defendant respectfully submits that discovery should be stayed for the reasons set forth in its forthcoming motion for interlocutory appeal and to stay proceedings. Plaintiff opposes that request. If that motion is denied, the parties believe all discovery proceedings can be completed by **July 30, 2026** or the equivalent of 10 months of discovery. If that motion is denied, the parties recommend the following discovery plan, and acknowledge that if the Court believes that discovery motions have been filed unnecessarily, in bad faith, or for vexatious or tactical reasons, the Court may appoint a Discovery Master to shift the costs of disposing of these motions from the Court to the parties:

    <u>Fed. R. Civ. P. 26(f)(3) matters</u>:
    a. what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:

2

    Although Defendant maintains that discovery should be stayed, it will voluntarily provide its initial disclosures such that the parties do not seek any changes in the timing, form, or requirement for disclosures under Rule 26(a), and will exchange initial disclosures by October 9, 2025.

b. the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

    <u>Plaintiff</u>: Plaintiff intends to seek discovery regarding the calls Defendant placed to his cellular telephone number, the members of the proposed class, the number of artificial or prerecorded messages delivered to Plaintiff and those class members, the nature of the calls, evidence related to Defendant's knowing and willful conduct, evidence to support his motion for class certification under Rule 23 of the Federal Rules of Civil Procedure, and evidence regarding Defendant's asserted defenses.

    <u>Defendant</u>: Although Defendant maintains that discovery should be stayed or bifurcated to focus on the viability of Plaintiff's individual claims, Defendant will ultimately seek discovery regarding the allegations in Plaintiff's Amended Complaint, Plaintiff's phone records, and the defenses asserted in its Answer.

c. any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

d. any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

    The parties agree not to include any privileged and/or work product documents on a privilege log if the date of the creation of such documents is after the date of Plaintiff's filing of the operative complaint.

e. what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

    The parties do not seek any limitations on discovery beyond what is set forth in the Federal Rules and Local Rules.

f. any other orders that the court should issue under Rule 26(c) or under Rule

16(b) and (c).

Currently, the parties do not anticipate the Court needing to issue any other orders under Rule 26(c) or Rule 16(b) or (c), other than a standard protective order governing the production of confidential documents, upon which the parties will meet and confer. Thus, subject to Defendant's forthcoming motion regarding a stay of discovery, the parties assert the following dates should apply:

| EVENT / FILING | DATE / TIMEFRAME |
|---|---|
| Amendment of pleadings | **November 21, 2025** |
| Lay and expert witness lists filed | **May 29, 2026** |
| Interim status conference | **February 13, 2026** |
| Discovery completed by | **July 30, 2026** |
| Expert discovery completed by | **August 28, 2026** |
| Dispositive motions filed by | **October 2, 2026** |

9. **Disclosure / discovery of electronically stored information (ESI)**: The parties have discussed ESI production and suggest that it be handled as follows:

   The parties have discussed ESI production and possible ESI protocol. The parties agree they will meet and confer regarding an ESI protocol in good faith if either party determines that one is needed upon receipt of the other's requests.

10. **Assertion of privilege or work-product immunity after production:**

    The parties will provide any such terms in the forthcoming motion for protective order listed in Section 8.F.

11. **Motions:** The parties acknowledge that:

    a. Local Rule 7.1 requires a moving party to ascertain whether any motion will be opposed. All motions must affirmatively state the efforts of the moving party to comply with the obligation created by Local Rule 7.1.

    b. The parties must append the [Brief Format Certification Form](#) to the back of every brief filed with this Court. The brief will be stricken if the form is not attached. The Court's requirements for briefs are as follows (many of these requirements are listed on the Brief Format Certification Form as well).

    c. All nondispositive motions must be accompanied by a certificate setting forth in detail the efforts of the moving party to comply with the obligation created by Local Rule 7.1.

    d. All discovery motions must be accompanied by a certificate and any relevant documentation or correspondence detailing the movant's attempts to seek resolution of the discovery dispute before filing the motion. The parties also acknowledge that Fed. R. Civ. P. 78(b) allows the Court to submit and determine motions on the briefs, without a hearing.

The following dispositive motions are contemplated by each party:

    Plaintiff intends to file a motion for summary judgment and a motion for class certification and appointment of class counsel.

    Defendant intends to file a motion for interlocutory appeal and to stay discovery, a motion for summary judgment, and reserves the right to file a motion to deny class certification as authorized by cases such as *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935 (9th Cir. 2009).

12. **Alternative Dispute Resolution**: The parties acknowledge that if they attend a private mediation, they will provide the Court with the mediator's contact information along with the date of the mediation in advance. The parties also acknowledge that the Court reserves the right under Local Rule 16 to order alternative dispute resolution. Accordingly, the parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

Plaintiff: Plaintiff's preferred method of alternative dispute resolution is private mediation with a mediator experienced in TCPA matters.

Defendant:   If the parties ultimately decide to resolve this matter via mediation, Defendant also prefers a private mediator.

13. **Jury or bench trial**:  This case is to be tried **before a jury**.

14. **Trial length**:  Counsel estimate the trial will last approximately **4** days total, from 8:30 a.m. to 2:00 p.m. each day, allocated as follows:

    **2** days for Plaintiff's / Plaintiffs' case(s)
    **2** days for Defendant's / Defendants' case(s)
    **0** days for other parties

15. **Prospects of settlement**: The status of settlement discussions is:

    The parties briefly discussed the prospect of settling Plaintiff's individual TCPA claims prior to the Court's ruling on Defendant's motion to dismiss the amended complaint.  There have been no settlement discussions since.

16. **Electronic document filing system**: Counsel acknowledges that Local Rule 5.1 requires that attorneys file and serve all documents electronically via the Court's CM/ECF system, unless excused from electronic filing on motion for good cause shown. All counsel must abide by this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) acknowledge that they must submit their documents to the Clerk of the Court on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party acknowledges that they must file documents electronically but serve pro se parties with paper documents in the traditional manner.

17. **Other**:

    This is a proposed class action. Plaintiff proposes filing his motion for class certification by August 28, 2026.

**STIPULATED TO:**

/s/ Michael Greenwald
Attorney for Plaintiff Nathan Massarello
Dated: October 1, 2025

/s/ Gerald L. Maatman, Jr.
Attorney for Defendant Power Home Remodeling Group, LLC
Dated: October 1, 2025