## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NATHAN JAMES MASSARELLO**,

     *Plaintiff*,

    v.

**POWER HOME REMODELING
GROUP, LLC**,

     *Defendant*.

Judge Robert J. White

Mag. Judge Curtis Ivy, Jr.

Case No. 24-CV-12480

---

## DEFENDANT POWER HOME REMODELING GROUP, LLC'S
## MOTION TO CERTIFY THE DISTRICT COURT'S ORDER FOR
## <u>INTERLOCUTORY APPEAL AND TO STAY DISCOVERY</u>

Gerald L. Maatman, Jr. (IL Bar No. 6181016)
Jennifer A. Riley (IL Bar No. 6272366)
Ryan T. Garippo (Mich. Bar No. P87790)
**DUANE MORRIS LLP**
190 S. LaSalle Street, Suite 3700
Chicago, Illinois 60603
Telephone:  (312) 499-6700
Facsimile:  (312) 499-6701

Joseph A. Ciucci (Mich. Bar No. P48624)
**DUANE MORRIS LLP**
1075 Peachtree Street, Suite 1700
Atlanta, Georgia 30309
Telephone:  (404) 253-6988
Facsimile:  (404) 393-0744

*Attorneys for Defendant*

Defendant Power Home Remodeling Group, LLC ("PHRG" or "Defendant"), by and through its attorneys, Duane Morris LLP, respectfully moves this Court to certify its Order denying PHRG's motion to dismiss the Amended Complaint of Plaintiff Nathan James Massarello ("Plaintiff" or "Massarello") and to stay discovery.  In support of this request, PHRG states as follows:

1.      Although this Court denied PHRG's motion to dismiss regarding the proper interpretation of the phrase the "called party" within the meaning of 47 U.S.C. § 227(b)(1), PHRG respectfully submits that, due to the divergent rulings courts have reached on this precise issue, this question warrants consideration by the U.S. Court of Appeals for the Sixth Circuit.  Indeed, this question is one of controlling law, for which there is a substantial ground for difference of opinion, that would resolve this case in its entirety.  It is the exact type of question that an interlocutory appeal is designed to address.

2.      If the Court is inclined to grant PHRG's request to certify the Order for interlocutory appeal, it should also grant the company's request to stay the proceedings until the Sixth Circuit resolves the application.  PHRG meets the four-factor test for a stay of these proceedings, including substantial prejudice to PHRG and no prejudice to Plaintiff or the public.  Thus, if the question is certified, this Court should grant a stay as well.

3.     Pursuant to E.D. Mich. L.R. 7.1(a)(2)(A), prior to filing this motion and on October 1, 2025, counsel for PHRG conferred with counsel for Plaintiff regarding "its forthcoming motion for interlocutory appeal and to stay proceedings" and confirmed that "Plaintiff opposes that request."  (ECF No. 17 at PageID. 150.)

WHEREFORE, Defendant Power Home Remodeling Group, LLC requests that this Court grant its motion to certify for interlocutory appeal the Order denying its motion to dismiss the Amended Complaint and grant it any other relief it deems just and proper.

**Dated: October 3, 2025**                       Respectfully submitted,

POWER HOME REMODELING
GROUP, LLC

By:  /s/ *Gerald L. Maatman, Jr.*
       One of its attorneys

Gerald L. Maatman, Jr.  (IL Bar No. 6181016)
Jennifer A. Riley (IL Bar No. 6272366)
Ryan T. Garippo (Mich Bar. No. P87790)
**DUANE MORRIS LLP**
190 South La Salle Street, Suite 3700
Chicago, Illinois 60603-3433
Telephone: (312) 499-6700
Facsimile:  (312) 499-6701
Email:  gmaatman@duanemorris.com
Email:  jariley@duanemorris.com
Email:  rgarippo@duanemorris.com

Joseph A. Ciucci (Mich. Bar No. P48624)
**DUANE MORRIS LLP**

1075 Peachtree Street, Suite 1700
Atlanta, Georgia 30309
Telephone:  (404) 253-6988
Facsimile:  (404) 393-0744
Email:  ciucci@duanemorris.com

***Attorneys for Defendant***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NATHAN JAMES MASSARELLO**,

*Plaintiff*,

v.

**POWER HOME REMODELING GROUP, LLC**,

*Defendant*.

Judge Robert J. White

Mag. Judge Curtis Ivy, Jr.

Case No. 24-CV-12480

## DEFENDANT POWER HOME REMODELING GROUP, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO CERTIFY THE DISTRICT COURT'S ORDER FOR <u>INTERLOCUTORY APPEAL AND TO STAY DISCOVERY</u>

Gerald L. Maatman, Jr. (IL Bar No. 6181016)
Jennifer A. Riley (IL Bar No. 6272366)
Ryan T. Garippo (Mich. Bar No. P87790)
**DUANE MORRIS LLP**
190 S. LaSalle Street, Suite 3700
Chicago, Illinois 60603
Telephone:  (312) 499-6700
Facsimile:  (312) 499-6701

Joseph A. Ciucci (Mich. Bar No. P48624)
**DUANE MORRIS LLP**
1075 Peachtree Street, Suite 1700
Atlanta, Georgia 30309
Telephone:  (404) 253-6988
Facsimile:  (404) 393-0744

***Attorneys for Defendant***

# <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ................................................................................... 1

BACKGROUND .................................................................................... 3

LEGAL STANDARD............................................................................. 5

ARGUMENT ......................................................................................... 6

I.     THE COURT'S ORDER HAS THE HALLMARKS OF A
DECISION THAT SHOULD BE CERTIFIED FOR
INTERLOCUTORY APPEAL AND REVIEWED BY THE SIXTH
CIRCUIT ...................................................................................... 6

     A.     The Meaning Of The Term, The "Called Party," Is A Pure
Question Of Statutory Interpretation..................................... 6

     B.     There Is Substantial Ground For Difference Of Opinion As To
The Meaning Of The Phrase "Called Party"......................... 8

     C.     An Interlocutory Appeal Would Materially Advance The
Termination Of Litigation .................................................. 12

II.     THIS COURT SHOULD STAY DISCOVERY UNTIL THE SIXTH
CIRCUIT RULES ON PHRG'S REQUEST ............................... 13

CONCLUSION.................................................................................... 17

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Arab Am. C.R. League v. Trump*, No. 17-CV-10310, 2019 WL 5684371
(E.D. Mich. Nov. 1, 2019) ................................................................. 13

*Bell v. Caruso*, No. 07-CV-00876, 2008 WL 2566754 (W.D. Mich. June 25,
2008) ................................................................................................... 15

*In re City of Memphis*, 293 F.3d 345 (6th Cir. 2002) .......................... 6-7

*Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365 (6th Cir. 2011) ....... 6

*Delgado v. eMortgage Funding LLC*, No. 21-CV-11401, 2022 WL 229884
(E.D. Mich. Jan. 25, 2022) ................................................................... 9

*Doe v. Spencer*, No. 23-CV-00002, 2025 WL 223852 (M.D. Tenn. Jan. 16,
2025) ................................................................................................... 5

*Eagan v. CSX Transp., Inc.*, 294 F. Supp. 2d 911 (E.D. Mich. 2003) ..................... 9

*Glass v. Portfolio Recovery Assocs., LLC*, No. 20-CV-00283, 2021 WL
6332771 (E.D. Tenn. Feb. 12, 2021) ................................................... 16

*Hahn v. Start Bank*, 190 F.3d 708 (6th Cir. 1999) ................................. 13

*Haight v. Bluestem Brands, Inc.*, No. 13-CV-01400, 2015 WL 12830482
(M.D. Fla. May 14, 2015) ................................................................. 9-11

*Hall v. Trivest Partners, L.P.*, No. 22-CV-12743, 2024 WL 660172 (E.D.
Mich. Feb. 16, 2024) ........................................................................... 9

*Hunter v. Time Warner Cable, Inc.*, No. 15-CV-06445, 2019 WL 3812063
(S.D.N.Y. Aug. 14, 2019) ................................................................ 7, 12

*J.M. Smucker Co. v. ACE Am. Ins. Co.*, No. 23-CV-00607, 2025 WL 50221
(N.D. Ohio Jan. 8, 2025) ................................................................. 13-14

*Kopff v. World Research Group, LLC*, 568 F. Supp. 2d 39 (D.D.C. 2008) ........... 10

*Leyse v. Bank of Am. Nat.'L Ass'n*, 804 F.3d 316 (3d Cir. 2015) ......................... 10

*Leyse v. Bank of Am., Nat'l Ass'n*, No. 09-CV-07654, 2010 WL 2382400
(S.D.N.Y. June 14, 2010) .................................................................................. 10

*Maraan v. Dish Network, LLC*, No. 13-CV-00436, 2014 WL 12839682
(S.D. Ohio Apr. 22, 2014) ................................................................................ 11

*Massarello v. Power Home Remodeling Grp., LLC*, No. 24-CV-12480, 2025
WL 2463153 (E.D. Mich. Aug. 27, 2025)................................................. *Passim*

*Matlock v. United Healthcare Servs., Inc.*, No. 13-CV-02206, 2014 WL
1155541 (E.D. Cal. Mar. 20, 2014) ............................................................... 9-10

*Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945
F.2d 150 (6th Cir. 1991) ............................................................................ *Passim*

*In re Miedzianowski*, 735 F.3d 383 (6th Cir. 2013)............................................ 8-9

*MRP Props. Co., LLC v. United States*, 607 F. Supp. 3d 747 (E.D. Mich.
2022) ................................................................................................................. 14

*N.L.R.B. v. Gen. Motors Corp.*, 510 F. Supp. 341 (S.D. Ohio 1980)............... 14-15

*In re Palmer*, 219 F. 3d 580 (6th Cir. 2000)........................................................ 6

*Parks v. Navient Sols., Inc.*, No. 19-CV-13007, 2020 WL 4577410 (E.D.
Mich. June 18, 2020) ....................................................................................... 16

*Rodriguez v. Premier Bankcard, LLC*, No. 16-CV-02541, 2018 WL 4184742
(N.D. Ohio Aug. 13, 2018) ............................................................................... 11

*Sacchi v. Care One, LLC*, No. 14-CV-00698, 2015 WL 3966034 (D.N.J.
June 30, 2015).................................................................................................. 10

*Sherry v. Chioni*, 219 F. Supp. 3d 608 (E.D. Mich. 2016) ................................... 15

*In re Somberg*, 31 F.4th 1006 (6th Cir. 2022) ....................................................... 12

*Strougo v. Tivity Health, Inc.*, No. 20-CV-00165, 2023 WL 4830593 (M.D.
Tenn. July 27, 2023) ........................................................................................ 15

*In re Trump*, 874 F.3d 948 (6th Cir. 2017)..................................................... *Passim*

*W. Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of
Memphis*, 138 F. Supp. 2d 1015 (W.D. Tenn. 2000)........................................ 14

**Federal Statutes**

28 U.S.C. § 1292(b) .......................................................... 5-6, 8

47 U.S.C. § 227(b)(1)...................................................... *Passim*

**Rules**

Fed. R. Civ. P. 12 ............................................................. 5, 12

## <u>STATEMENT OF ISSUES PRESENTED</u>

I.    Should the Court certify its Order denying Defendant's motion to dismiss the Amended Complaint for interlocutory appeal on a question of pure statutory interpretation, where courts are "sharply divided" on the question, and reversal would terminate the litigation?

> Defendant Power Home Remodeling Group, LLC answers "Yes."

> Plaintiff Nathan Massarello answers "No."

II.   If this Court grants Defendant's motion to certify its Order for interlocutory appeal, should it also stay the proceedings where there is no prejudice to Plaintiff or the public, the decision to do so would conserve judicial resources, and Defendant raises serious questions regarding the viability of Plaintiff's claim as a matter of law?

> Defendant Power Home Remodeling Group, LLC answers "Yes."

> Plaintiff Nathan Massarello answers "No."

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

28 U.S.C. § 1292(b)

*In re City of Memphis*, 293 F.3d 345 (6th Cir. 2002)

*In re Miedzianowski*, 735 F.3d 383 (6th Cir. 2013)

*In re Trump*, 874 F.3d 948 (6th Cir. 2017)

Defendant Power Home Remodeling Group, LLC ("PHRG" or "Defendant"), by and through its attorneys, Duane Morris LLP, respectfully submits this Memorandum of Law in Support of its Motion to Certify the District Court's Order for Interlocutory Appeal and to Stay Discovery (the "Motion").

## **INTRODUCTION**

Recently, this Court decided that the Telephone Consumer Protection Act (the "TCPA") provides for strict liability in circumstances where a caller was provided - and therefore dialed - the wrong number. Courts considering this precise question have reached different conclusions and remain sharply divided on this issue. Because courts have reached different outcomes, on this controlling question of law, the U.S. Court of Appeals for the Sixth Circuit should have the opportunity to consider and address this issue as a threshold matter. PHRG, therefore, requests that this Court certify its Order on Defendant's motion to dismiss (the "Order") for interlocutory appeal for at least three reasons.

***First***, this Court should grant this Motion because the Court in its Order decided a controlling question of law. In PHRG's motion to dismiss, it squarely presented the issue of whether the "called party" in 47 U.S.C. § 227(b)(1) refers to the party who the dialer intended to call or the party who answered the phone. Plaintiff's ability to state a claim turns on the interpretation of this phrase. This

controlling question of law is a pure question of statutory interpretation and, therefore, is well suited for resolution on appeal.

**Second**, this Court should grant this Motion to allow the Sixth Circuit to resolve the difference of opinion that "sharply divide[s]" courts on this issue. Contrary to this Court's holding that "the TCPA provides for strict liability when a Defendant mistakenly calls a wrong number without consent," other district courts, as well as Circuit courts, across the country have held that a defendant may invoke the "consent of the 'called party' as a defense even if the plaintiff is someone other than the 'called party.'" These differing opinions support a finding that interlocutory appeal is the proper path forward to allow the Sixth Circuit to address this preliminary question of law.

**Third**, this Court should grant the Motion, because an appeal will materially advance the resolution of the litigation. In the Order, the Court addressed a threshold question of law presented by Defendant in its motion to dismiss. If the Court had granted the motion to dismiss, such a ruling would have resolved this litigation in its entirety. Similarly, if the Sixth Circuit agrees with the interpretation of 47 U.S.C. § 227(b)(1) advanced by PHRG, as many other courts have done, such ruling would resolve this lawsuit in its entirety. As a result, the Court should grant this Motion and certify its Order for interlocutory appeal.

***Finally***, if the Court grants PHRG's request to certify the Court's Order for interlocutory appeal, it also should grant the company's request to stay the proceedings until the Sixth Circuit decides whether it will hear Defendant's application. PHRG's arguments regarding this issue of statutory interpretation raise serious questions regarding the merits, Plaintiff Nathan James Massarello ("Plaintiff" or "Massarello") and the public will suffer no harm if the Court enters a stay, and PHRG will suffer irreparable harm if the Court does not enter a stay. For these reasons, a stay of litigation activity is warranted.

PHRG, accordingly, respectfully submits that this Court grant this Motion, certify its Order denying PHRG's motion to dismiss for interlocutory appeal, stay the case until the U.S. Court of Appeals for the Sixth Circuit decides whether it will hear the case, and grant any further relief it deems just or proper.

## **BACKGROUND**

On August 8, 2024, Massarello filed a federal lawsuit in Alabama, seeking to recover damages under the TCPA. (ECF No. 9 at PageID. 39.) Massarello asserted, *inter alia*, that PHRG called him without his prior express consent "intending to reach someone other than Plaintiff," and, in essence, that PHRG dialed a "wrong or reassigned" number. (*Id.*)

Based on such allegations, PHRG filed a motion to dismiss for lack of personal jurisdiction asserting that the Due Process Clause precluded the court from

adjudicating Plaintiff's claims against PHRG in the U.S. District Court for the Middle District of Alabama.  (*Id.* at PageID. 38.)  Upon receipt of PHRG's motion, Plaintiff agreed to transfer his case to this judicial district and filed an Amended Complaint.

On October 9, 2024, PHRG moved to dismiss the Amended Complaint because Plaintiff failed to state a claim upon which relief could be granted.  (*Id.*)  As the Court aptly observed, the crux of PHRG's argument was that Plaintiff is not a "called party" within the meaning of 47 U.S.C. § 227(b)(1), and PHRG asked the Court to "decide whether the TCPA provides for strict liability when a Defendant mistakenly calls a wrong number without consent."  *Massarello v. Power Home Remodeling Grp., LLC*, No. 24-CV-12480, 2025 WL 2463153, at *2 (E.D. Mich. Aug. 27, 2025).

On August 27, 2025, this Court denied PHRG's motion to dismiss the Amended Complaint.  *Id.* at *2.  The Court analyzed the statute and interpreted the term "the called party . . . to mean the actual recipient of a call who was the paying subscriber actually dialed by a defendant."  *Id.* at *6.  Following the Court's Order, on September 10, 2025, PHRG filed its Answer and Affirmative Defenses to Plaintiff's Amended Complaint, and the Court set an initial pretrial conference for October 9, 2025.  (ECF No. 16 at PageID. 147.)  PHRG's filing of an Answer has no effect on this Motion.  *See, e.g.*, *Doe v. Spencer*, No. 23-CV-00002, 2025 WL

- 4 -

223852, at *4 (M.D. Tenn. Jan. 16, 2025) ("[T]he filing of an answer by a party whose motion to dismiss . . . has been denied does not waive or forfeit the party's ability to raise appellate arguments contesting the denial of such a motion."); *see also* Fed. R. Civ. P. 12(h)(2) (noting that a plaintiff's "[f]ailure to state a claim upon which relief can be granted" may be raised after the pleadings are closed, but early enough not to delay trial). Before that conference, PHRG now moves to certify this matter for interlocutory appeal, because the Order involves a pure question of statutory interpretation, and all of the requirements of 28 U.S.C. § 1292(b) are satisfied.

## LEGAL STANDARD

"The district court may certify an order for interlocutory appeal if it is 'of the opinion' that three conditions exist." *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (quoting 28 U.S.C. § 1292(b)). First, the order must involve a "controlling question of law." *Id.* (emphasis removed). Second, that question must contain a "substantial ground for difference of opinion." *Id.* (emphasis removed). And third, the appeal should "materially advance the termination of the litigation." *Id.* (emphasis removed). If these three "guiding criteria" are present, the district court does not abuse its discretion to grant such a motion. *Id.* (quotations omitted).

- 5 -

## ARGUMENT

I. **THE COURT'S ORDER HAS THE HALLMARKS OF A DECISION THAT SHOULD BE CERTIFIED FOR INTERLOCUTORY APPEAL AND REVIEWED BY THE SIXTH CIRCUIT**

### A. The Meaning Of The Term, The "Called Party," Is A Pure Question Of Statutory Interpretation

This Court should find that PHRG presents a controlling question of law that is appropriate for resolution on interlocutory appeal. Indeed, whether Plaintiff stated a claim in his Amended Complaint turns on the interpretation of "called party" within 47 U.S.C. § 227(b)(1) and, therefore, presents the exact type of narrow question that can and should be resolved on interlocutory appeal.

To determine whether the first factor is satisfied, *i.e.*, whether there is a "controlling question of law," the Sixth Circuit applies a two-pronged approach. *In re Trump*, 874 F.3d at 951. There must be "a 1) 'question of law' that is 2) 'controlling.'" *Id.* (quoting 28 U.S.C. § 1292(b)). "A legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002). In this case, both prongs are satisfied, and interlocutory appeal is warranted.

As to the first prong, the Court's Order undoubtedly involves a question of law. "The sufficiency of a complaint is a question of law." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). Likewise, "statutory interpretation is a question of law." *In re Palmer*, 219 F. 3d 580, 583 (6th Cir. 2000).

In its Order, the Court considered the sufficiency of the Amended Complaint including whether Plaintiff provided "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Massarello*, 2025 WL 2463153, at *1 (quotations omitted). To resolve such question, the Court conducted an "independent statutory review," *id.* at *2, regarding the meaning of 47 U.S.C. § 227(b)(1) and decided the "key issue" of "whether 'the called party,' which is not defined by statute, means – particularly in the context of wrong-number cases like this one – the intended or the actual recipient of a call." *Massarello*, 2025 WL 246153, at *2. Thus, the Court's Order presents a question of law.

As to the second prong, the question of law is controlling. "[W]hether the complaint states a valid claim . . . [is] undoubtedly 'controlling' because [the motion's] resolution 'could materially affect the outcome of the case.'" *In re Trump*, 874 F.3d at 951-52 (quoting *In re City of Memphis*, 293 F.3d at 351). Further, whether the complaint states a valid claim turns on the definition of "called party." "Liability under the TCPA for this particular reassigned-number scenario would only attach if the Court interprets the term 'called party' . . . to denote the new subscriber or customary user of the phone number after reassignment, rather than to denote the intended recipient of the phone call." *Hunter v. Time Warner Cable, Inc.*, No. 15-CV-06445, 2019 WL 3812063, at *2 n.2 (S.D.N.Y. Aug. 14, 2019). If "called party" in 47 U.S.C. § 227(b)(1) means the "intended recipient" or the person

who the dialer obtained consent to call, as opposed to the party who answered the phone, then Plaintiff has not stated a claim for relief.  Thus, the second prong is easily satisfied as well.

Simply put, in its Order, this Court decided a motion to dismiss that squarely presented a controlling question of law as to the meaning of the phrase "called party" in 47 U.S.C. § 227(b)(1) that the U.S. Court of Appeals for the Sixth Circuit can and should review as a threshold matter.  The Court should find that this factor supports granting the Motion.

### B.    There Is Substantial Ground For Difference Of Opinion As To The Meaning Of The Phrase "Called Party"

This Court should certify its Order for interlocutory appeal because courts are "sharply divided" on the meaning of the phrase "the called party," as a matter of pure statutory interpretation, and there is substantial ground for difference of opinion.

Whether a question presents a "substantial ground for difference of opinion" depends on circumstances.  28 U.S.C. § 1292(b).  For example, a district court may find a substantial ground for difference of opinion where:

> (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question.

*In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (quotations omitted).  The second prong is satisfied where there are "varying opinions in the district courts within the Sixth Circuit, and . . . the question has not yet been answered by the Sixth Circuit Court of Appeals."  *Hall v. Trivest Partners, L.P.*, No. 22-CV-12743, 2024 WL 660172, at *4 (E.D. Mich. Feb. 16, 2024) (granting motion for interlocutory appeal); *Eagan v. CSX Transp., Inc.*, 294 F. Supp. 2d 911, 916 (E.D. Mich. 2003) (granting motion for interlocutory appeal where the "particular facts in this case have not previously been addressed by the Sixth Circuit"); *Delgado v. eMortgage Funding LLC*, No. 21-CV-11401, 2022 WL 229884, at *3 (E.D. Mich. Jan. 25, 2022) (granting motion for interlocutory appeal where the non-movant "failed to cite additional binding precedent on the particular issue before the Court").  This Court should find the second prong satisfied because district courts, as well as Circuit Courts have reached different opinions on the controlling question of law.

First, courts have reached varying opinions on this issue.  "A number of courts have determined that standing under the TCPA is limited to a 'called party,' which they define as the intended recipient of the call."  *Haight v. Bluestem Brands, Inc.*, No. 13-CV-01400, 2015 WL 12830482, at *4 n.4 (M.D. Fla. May 14, 2015) (noting "[d]istrict courts appear to be sharply divided" on interpretation of the phrase "called party"); *Matlock v. United Healthcare Servs., Inc.*, No. 13-CV-02206, 2014 WL 1155541 (E.D. Cal. Mar. 20, 2014) ("A number of courts have issued conflating

decisions (none of which are binding on this Court) as to the meaning of the phrase 'called party.").  Several district courts endorse PHRG's position.  *See, e.g., Sacchi v. Care One, LLC*, No. 14-CV-00698, 2015 WL 3966034, at *5-8 (D.N.J. June 30, 2015); *see also Kopff v. World Research Group, LLC*, 568 F. Supp. 2d 39, 42 (D.D.C. 2008); *see also Leyse v. Bank of Am., Nat'l Ass'n*, No. 09-CV-07654, 2010 WL 2382400, at *4 (S.D.N.Y. June 14, 2010).

The U.S. Court of Appeals for the Third Circuit also endorsed this position. *Leyse v. Bank of Am. Nat.'L Ass'n*, 804 F.3d 316, 327 (3d Cir. 2015) ("The caller may invoke the consent of the 'called party' as a defense if the plaintiff is someone other than the 'called party.'").  Although the Third Circuit decided the threshold issue of statutory standing, it expressly considered the "plight of callers, many of whom manage to obtain the consent of their intended recipients." *Id.* at 326.  The Third Circuit assuaged callers by stating if another individual "were the 'called party' by virtue of being the *intended recipient of the call*, her consent to receive robocalls would shield [a defendant] from any suit brought by" that non-intended recipient. *Id.* at 327 (emphasis added).  In other words, the Third Circuit concluded that there was no "need to deny statutory standing to [non-intended recipients] in order to protect [a defendant] from unanticipated liability," but this case presents the exact type of unanticipated liability contemplated by *Leyse*. *Id.*

Put differently, and as this Court noted, the Third Circuit knew about the divergent authority on this question of statutory interpretation when it reached its decision, but nonetheless "contemplated a defense under the TCPA when the defendant has consent from a call's intended recipient." *Massarello*, 2025 WL 2463153, at *4. Thus, the Third Circuit's decision to depart from the reasoning of other Circuit Courts only supports the argument that courts are "sharply divided" on this question and there is substantial ground for difference of opinion. *Haight*, 2015 WL 12830482, at *4 n.4.

Likewise, several district courts within the Sixth Circuit have agreed with this interpretation, holding that where "the intended recipients" of the allegedly illegal calls consented, there is no TCPA violation. *Maraan v. Dish Network, LLC*, No. 13-CV-00436, 2014 WL 12839682, at *4 (S.D. Ohio Apr. 22, 2014) (denying motion for leave to amend on futility grounds); *Rodriguez v. Premier Bankcard, LLC*, No. 16-CV-02541, 2018 WL 4184742, at *9 (N.D. Ohio Aug. 13, 2018) (holding a defendant "was entitled to rely on [a third-party's] consent, since the caller in this situation cannot be reasonably expected to divine that the consenting person is not the number's customary user.") (quotations omitted).

Second, the U.S. Court of Appeals for the Sixth Circuit has not resolved this issue. *See Massarello*, 2025 WL 2463153, at *3 (noting that "the Seventh, Ninth, and Eleventh Circuits . . . have taken on this issue already" but not the Sixth Circuit).

- 11 -

As demonstrated by the varying decisions on this issue, there is substantial ground for difference of opinion on the issue presented here. As a result, this issue is appropriate for resolution by an appellate court. For this reason, as well, PHRG respectfully requests this Court certify its Order for interlocutory appeal.

### C. An Interlocutory Appeal Would Materially Advance The Termination Of Litigation

Because PHRG's motion to dismiss presents a dispositive issue, a ruling could resolve the litigation in its entirety. As a result, PHRG has satisfied the third and final condition.

If a reversal on interlocutory appeal would end the litigation, then "an immediate appeal may materially advance the termination of the litigation." *In re Trump*, 874 F.3d at 952 ("If a panel of this court were to find the complaint fails to state an incitement claim under Kentucky law or that *Brandenburg* applies to bar the claim, litigation would end."). This rule exists to save parties from "protracted and expensive litigation," which will certainly ensue absent review on interlocutory appeal. *In re Somberg*, 31 F.4th 1006, 1008 (6th Cir. 2022) (quoting *Little v. Louisville Gas & Elec. Co.*, 805 F.3d 695, 699 (6th Cir. 2015)).

Here, for the reasons discussed in Section I.A, if the U.S. Court of Appeals for the Sixth Circuit finds that the phrase, the "called party," contained in 47 U.S.C. § 227(b)(1) is properly interpreted as the intended recipient of the call, then Plaintiff will not be able to state a claim for relief. *Hunter*, 2019 WL 3812063, at *2 n.2

- 12 -

(observing "[l]iability under the TCPA for this particular reassigned-number scenario would only attach if the Court interprets the term 'called party' . . . to denote [someone other than] the intended recipient of the phone call."). Therefore, an interlocutory appeal from this Court's Order denying PHRG's motion to dismiss could end this litigation and meets the third and final condition for interlocutory appeal.

## II. THIS COURT SHOULD STAY DISCOVERY UNTIL THE SIXTH CIRCUIT RULES ON PHRG'S REQUEST

If this Court grants the Motion, which it should for all of the reasons set forth above, it also should stay discovery in the litigation until the U.S. Court of Appeals for the Sixth Circuit decides whether it will accept the appeal.

It is well established that "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Start Bank*, 190 F.3d 708, 719 (6th Cir. 1999). To determine whether a stay is appropriate, district courts utilize similar factors to those used to determine if a preliminary injunction is warranted:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

- 13 -

Further, "[a]n order certifying an order for interlocutory appeal does not stay the case automatically; the district court must explicitly stay the case." *Arab Am. C.R. League v. Trump*, No. 17-CV-10310, 2019 WL 5684371, at *6 (E.D. Mich. Nov. 1, 2019). Courts are "loathe to allow piecemeal litigation through interlocutory appeal," so it is often appropriate to stay district court proceedings where a motion for interlocutory appeal is granted. *J.M. Smucker Co. v. ACE Am. Ins. Co.*, No. 23-CV-00607, 2025 WL 50221, at *2 (N.D. Ohio Jan. 8, 2025) (granting a motion for interlocutory appeal and to stay).

The first factor regarding likelihood of success on the merits is met where a defendant can show there is some "likelihood of reversal." *Griepentrog*, 945 F.2d at 154. Because movants often have "greater difficulty in demonstrating a likelihood of success on the merits," they need only show harm that "is inversely proportional to the amount of irreparable injury [that the non-movant] will suffer absent the stay." *Id.* Hence, movants "need only show the presence of serious questions going to the merits." *MRP Props. Co., LLC v. United States*, 607 F. Supp. 3d 747, 753 (E.D. Mich. 2022) (quotations omitted); *W. Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1027 (W.D. Tenn. 2000) (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)) (same).

Here, even if the Court disagrees with PHRG on the merits, for the reasons stated in Sections I.A and I.B, it should find there are serious questions raised by this

Motion that warrant a stay of these proceedings.  Similarly, there is no harm to Plaintiff for the reasons stated below.  As a result, this Court should find that this factor supports a stay of these proceedings.

The second factor regarding irreparable harm is met because parties "suffer irreparable harm . . . [when] their appeal[s] [would be] mooted" but for the stay. *N.L.R.B. v. Gen. Motors Corp.*, 510 F. Supp. 341, 342 (S.D. Ohio 1980).  Further, courts often grant stays where "[t]here is no reason for the parties to engage in discovery until the court has resolved the preliminary issues raised in the pending dispositive motion."  *Bell v. Caruso*, No. 07-CV-00876, 2008 WL 2566754, at *1 (W.D. Mich. June 25, 2008).  In the context of class actions, these concerns are particularly salient because it can be "reasonably expected that there will be enormous pressure to resolve the case, regardless of the merits of the class claims." *Strougo v. Tivity Health, Inc.*, No. 20-CV-00165, 2023 WL 4830593, at *2 (M.D. Tenn. July 27, 2023).

Here, such concerns apply because, as in *Strougo*, Plaintiff brings this case as a putative class action.  In the absence of a stay, the parties will be forced to engage in a contentious discovery process before the Sixth Circuit has decided whether Plaintiff even has stated a claim.  Although the entire purpose of a Rule 12 motion is to test "the sufficiency of the allegations in a complaint," and thus "the motion is decided before (and without) discovery," the parties will be forced to engage in this

burdensome endeavor that ultimately may be unnecessary.  *Sherry v. Chioni*, 219 F.
Supp. 3d 608, 620 (E.D. Mich. 2016).  Having the Court and the parties engage in
this process, while it remains undetermined whether Plaintiff even has stated or can
state a claim, would moot the purpose of a Rule 12 motion.  This factor supports a
stay of these proceedings.

The third and fourth requirements, which inquire into whether "others will be
harmed if the court grants the stay" and "the public interest" also militate in favor of
a stay. *See Griepentrog*, 945 F.2d at 143.  Where "there is no indication that waiting
would harm the public welfare" and "any hardship inflicted on [the non-movant]
would be mitigated by its temporary nature," this factor supports the movant's
position. *Parks v. Navient Sols., Inc.*, No. 19-CV-13007, 2020 WL 4577410, at *2-
3 (E.D. Mich. June 18, 2020) (granting motion to stay in a TCPA case); *Glass v.
Portfolio Recovery Assocs., LLC*, No. 20-CV-00283, 2021 WL 6332771, at *5 (E.D.
Tenn. Feb. 12, 2021) (granting motion to stay in a TCPA case where the "requested
stay is not of indefinite duration" and "would last, at most, six months.").  This factor
supports PHRG's request for a stay because the requested relief is not indefinite and
would only last as long as necessary for the Sixth Circuit to resolve the issue.  Thus,
this Court should stay all proceedings in the trial court as well.

Because the *Griepentrog* factors support a stay of these proceedings, discovery in this case should be stayed until the U.S. Court of Appeals for the Sixth Circuit decides whether it will hear this dispute.

## <u>CONCLUSION</u>

For these reasons, Defendant Power Home Remodeling Group, LLC respectfully requests that this Court certify its Order denying Defendant's motion to dismiss Plaintiff Nathan Massarello's Amended Complaint for interlocutory appeal to the U.S. Court of Appeals for the Sixth Circuit and stay discovery pending the Sixth Circuit's decision, as well as grant any other relief that the Court deems just and proper.

**Dated: October 3, 2025**                         Respectfully submitted,

                                        POWER HOME REMODELING
                                        GROUP, LLC

                                        By:  /s/ *Gerald L. Maatman, Jr.*
                                               One of its attorneys

Gerald L. Maatman, Jr.  (IL Bar No. 6181016)
Jennifer A. Riley (IL Bar No. 6272366)
Ryan T. Garippo (Mich Bar. No. P87790)
**DUANE MORRIS LLP**
190 South La Salle Street, Suite 3700
Chicago, Illinois 60603-3433
Telephone: (312) 499-6700
Facsimile:  (312) 499-6701
Email:  gmaatman@duanemorris.com
Email:  jariley@duanemorris.com

- 17 -

Email:  rgarippo@duanemorris.com

Joseph A. Ciucci (Mich. Bar No. P48624)
**DUANE MORRIS LLP**
1075 Peachtree Street, Suite 1700
Atlanta, Georgia 30309
Telephone:  (404) 253-6988
Facsimile:  (404) 393-0744
Email:  ciucci@duanemorris.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **NATHAN JAMES MASSARELLO**, | |
| Plaintiff, | |
| | Case No. 24-CV-12480 |
| v. | |
| | Honorable Robert J. White |
| **POWER HOME REMODELING GROUP, LLC**, | |
| Defendant. | |

---

**BRIEF FORMAT CERTIFICATION FORM**

---

I, Gerald L. Maatman, Jr., certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1, and Judge White's Case Management Requirements, including the following (click each box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are filed in searchable PDF format, *see* Case Management Requirements § III.A;

☒ except for footnotes and necessary block quotes, the brief is double spaced (not "Exactly 28 pt" spaced) with one-inch margins, *see* LR 5.1(a)(2);

☒ deposition transcripts have been produced in their entirety (<u>not</u> in minuscript), *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, I will mail to chambers a courtesy copy with ECF headers, *see* Case Management Requirements § III.B.

I also acknowledge that my brief will be stricken from the docket if the Court later finds that these requirements are not met.

<u>/s/ *Gerald L. Maatman, Jr.*              </u>
Gerald L. Maatman, Jr.
Attorney for Defendant Power Home Remodeling Group, LLC

## <u>CERTIFICATE OF SERVICE</u>

I, Gerald L. Maatman, Jr., do hereby certify that a true and correct copy of the

forgoing document has been furnished by the Court's CM/ECF filing system on this

3rd day of October 2025 to the following individuals:

Anthony I. Parnonich                      Michael L. Greenwald
Parnonich Law, P.C.                       Greenwald Davidson Radbil, PLLC
350 Lincoln Street, Suite 2400            5550 Glades Road, Suite 500
Hingham, MA 02043                         Boca Raton, FL 33431
Telephone: (617) 485-0018                 Telephone: (561) 826-5477
Email: anthony@paronichlaw.com            Email: mgreenwald@gdrlawfirm.com

George T. Blackmore (P76942)
Blackmore Law
1129 West 14 Mile Road, Suite 1006
Clawson, Michigan 48017
Email: george@blackmore.law

**Dated: October 3, 2025**        /s/ *Gerald L. Maatman, Jr.*
                                  Gerald L. Maatman, Jr.
                                  DUANE MORRIS LLP
                                  190 S. LaSalle Street, Suite 3700
                                  Chicago, Illinois 60603
                                  Telephone: (312) 499-6700
                                  Email: gmaatman@duanemorris.com

                                  ***Counsel for Defendant***