## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| NATHAN JAMES MASSARELLO, on behalf of himself and others similarly situated, | Case No.: 2:24-cv-12480-RJW-CI |
| Plaintiff, | Honorable Robert J. White |
| v. | Magistrate Judge Curtis Ivy, Jr. |
| POWER HOME REMODELING GROUP, LLC, | |
| Defendant. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT POWER HOME REMODELING GROUP, LLC'S MOTION TO CERTIFY THE DISTRICT COURT'S ORDER FOR INTERLOCUTORY APPEAL AND TO STAY DISCOVERY**

1

Because Nathan Massarello ("Plaintiff") received unwanted, prerecorded robocalls from Power Home Remodeling Group, LLC ("Defendant") on his cellular telephone, this Court correctly found he has statutory standing to bring his claims under the Telephone Consumer Protection Act ("TCPA"). ECF No. 14. And because this Court's interpretation of the phrase "called party" under the TCPA is in accord with the plain language of the statute and each circuit court of appeals to address the question, the requisite substantial ground for difference of opinion is lacking. This Court correspondingly should deny Defendant's request for certification for interlocutory review.

1.     Under 28 U.S.C. § 1292(b), interlocutory review of a non-final order is only appropriate if (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

2.     Because of the well-settled policy against piecemeal appeals, review under § 1292(b) is granted sparingly and only in exceptional cases. It "is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Kraus v. Bd. of County Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966).

3.     Defendant's request for certification for interlocutory review fails because, as this Court correctly held, Defendant's interpretation of the phrase "called party" is inconsistent with the plain language of the statute. For this reason, courts across the country—as well as the Federal Communications Commission—have, like this Court, rejected Defendant's reading. Because there is no substantial ground for difference of opinion, Defendant's request under 28 U.S.C. § 1292(b) necessarily fails.

4.     So too does Defendant's request for a discovery stay. Discovery has yet to commence even though this case has been pending for a year. Additional delays will serve only to prejudice Plaintiff and the class he seeks to represent.

5.     As set forth more fully in Plaintiff's contemporaneously filed memorandum of law, this Court should deny Defendant's motion for certification for interlocutory review in its entirety.

RESPECTFULLY SUBMITTED AND DATED this October 16, 2025.

> *s/ Michael L. Greenwald*
> Michael L. Greenwald
> GREENWALD DAVIDSON RADBIL PLLC
> 5550 Glades Road, Suite 500
> Boca Raton, FL 33431
> Telephone:  (561) 826-5477
> Email:  mgreenwald@gdrlawfirm.com
>
> Anthony Paronich
> PARONICH LAW, P.C.

3

350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100
Email:  anthony@paronichlaw.com

George T. Blackmore
BLACKMORE LAW PLC
1100 Owendale Drive, Suite M
Troy, MI 48083
Telephone:  (888) 835-2993
Facsimile:  (508) 318-8100
Email:  george@blackmore.law

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| NATHAN JAMES MASSARELLO, on behalf of himself and others similarly situated,<br><br>     Plaintiff,<br><br> v.<br><br>POWER HOME REMODELING GROUP, LLC,<br><br>     Defendant. | Case No.: 2:24-cv-12480-RJW-CI<br><br>Honorable Robert J. White<br><br>Magistrate Judge Curtis Ivy, Jr. |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT POWER HOME REMODELING GROUP, LLC'S MOTION TO CERTIFY THE DISTRICT COURT'S ORDER FOR INTERLOCUTORY APPEAL AND TO STAY DISCOVERY

# TABLE OF CONTENTS

Introduction ................................................................................................1

Argument ....................................................................................................1

I.    Motions for interlocutory review are strongly disfavored and only appropriate
in exceptional circumstances. ....................................................................1

II.   Defendant fails to satisfy all of 28 U.S.C. § 1292(b)'s requirements because no
substantial ground for difference of opinion exists. ...................................5

III.  This Court should allow discovery to proceed without further delay. ............12

Conclusion ................................................................................................17

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

*In re City of Memphis*, 293 F.3d 345 (6th Cir. 2002).

*N. L. by Lemos v. Credit One Bank, N.A.*, 960 F.3d 1164 (9th Cir. 2020).

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012).

*Harris v. World Fin. Network Nat. Bank*, 867 F. Supp. 2d 888 (E.D. Mich. 2012).

## Introduction

This Court's well-reasoned order denying Power Home Remodeling Group, LLC's ("Defendant") motion to dismiss Nathan Massarello's claim under the Telephone Consumer Protection Act ("TCPA"), ECF No. 14, does not involve a controlling question of law as to which there is a substantial ground for difference of opinion. To the contrary, this Court's holding that the phrase "called party" under the TCPA means the subscriber (or customary user) of the telephone number called is in accord with every circuit court of appeals to address the question. Given the dearth of contrary authority, the order does not justify a departure from the policy against piecemeal appeals, nor does it constitute one of the very limited circumstances where interlocutory review may be appropriate.

Because this Court should deny Defendant's request for certification for interlocutory review, it also should deny Defendant's request for a discovery stay. ECF No. 18. Discovery in this long-pending matter has yet to commence and additional delays will prejudice Mr. Massarello and his proposed class. This Court should deny Defendant's motion in its entirety.

## Argument

### I.   Motions for interlocutory review are strongly disfavored and only appropriate in exceptional circumstances.

Under 28 U.S.C. § 1292(b), interlocutory review of a non-final order is only appropriate if (1) the order involves a controlling question of law, (2) a substantial

ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *see also In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

As the Sixth Circuit admonished, "[r]eview under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d at 350; *see also Kraus v. Bd. of County Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966) ("It is quite apparent from the legislative history of the Act of September 2, 1958 that Congress intended that section 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation.").[1]

District courts have noted the same: "While parties may appeal final judgments from district court, piecemeal appeals of non-final judgments are the exception and are generally disfavored." *Marcum v. Lakes Venture LLC*, No. 3:19-CV000231-GNS-LLK, 2021 WL 495857, at *1 (W.D. Ky. Feb. 10, 2021) ("Appellate courts have jurisdiction to hear appeals from all final decisions of the district courts. A decision is final for the purposes of § 1291 if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. This

---

[1]      Internal citations and quotations are omitted, unless noted otherwise.

firm finality principle is designed to guard against piecemeal appeals.") (quoting *Innovation Ventures, LLC v. Custom Nutrition Labs., LLC*, 912 F.3d 316, 327 (6th Cir. 2018)).

At bottom, "[a]s a threshold matter, interlocutory appeals in the federal system are generally disfavored." *U.S. ex rel. Elliott v. Brickman Grp. Ltd., LLC*, 845 F. Supp. 2d 858, 863 (S.D. Ohio 2012) (collecting cases). "Attractive as it may be to refer difficult matters to a higher court for advance decision, such a course of action is contrary to our system of jurisprudence." *Id*. As a result, "[r]eview under § 1292(b) is granted sparingly and only in exceptional cases." *Id*.; *see also Bailey v. Verso Corp.*, No. 3:17-cv-332, 2019 WL 665354, at *1 (S.D. Ohio Feb. 15, 2019) ("the undersigned is mindful that permitting appeals of interlocutory orders under § 1292(b) should be done sparingly and only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation.").

Illustrating the point is Defendant's heavy reliance on *In re Trump*, 874 F.3d 984 (6th Cir. 2017). ECF No. 18, PageID.170-172, 177. There, the Sixth Circuit noted that while "an interlocutory appeal from a denial of a motion to dismiss should not be granted cavalierly, we think this case is exceptional in many ways," and explained:

> As it stands, the President of the United States must answer for a state-law claim that presents a novel question. The practical and political consequences of such a case are readily apparent. Prior to certification, Plaintiffs apparently sought expansive discovery, encompassing the

President's tax returns and medical records, and sought to take the President's deposition—in Kentucky. In the name of public policy, we have afforded at least as much caution in cases involving public officials, from police watchmen to presidential aides, for decades. *See Harlow v. Fitzgerald*, 457 U.S. 800, 813, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) (noting public policy mandates qualified immunity). While the president does not enjoy immunity under the circumstances presented here, an interlocutory appeal is hardly imprudent given the exceptional nature of this case.

*In re Trump*, 874 F.3d at 952.

In comparison to a matter involving the President and his tax returns and medical records, this routine TCPA case hardly qualifies as "exceptional," further counseling against interlocutory review. *See Mey v. Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr & Mougey P.A.*, No. 5:23-cv-46, 2023 WL 12089840, at *2 (N.D. W.Va. Sept. 11, 2023) (denying request for certification under § 1292(b) in TCPA case because "the interlocutory appeal mechanism was not intended to be used in ordinary suits and was not designed to provide early review of difficult rulings in hard cases. Rather, an appeal under § 1292(b) is limited to extraordinary cases where early appellate review might avoid protracted and expensive litigation."); *Abramson v. AP Gas & Elec. (PA), LLC*, No. 22-1299, 2023 WL 2714340, at *1 (W.D. Pa. Mar. 30, 2023) ("Congress intended that [S]ection 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation

4

and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation.").

## II. Defendant fails to satisfy all of 28 U.S.C. § 1292(b)'s requirements because no substantial ground for difference of opinion exists.

While Defendant insists that the term "called party" under the TCPA means the person it intended to call and not the actual subscriber to or customary user of the telephone number called, this Court correctly found Defendant's interpretation to be inconsistent with the plain language of the statute. *See* ECF No. 14, PageID.107-113.

It is no surprise, then, that courts across the country—as well as the Federal Communications Commission ("FCC")—have, like this Court, rejected Defendant's reading. *See N.L. by Lemos v. Credit One Bank, N.A.*, 960 F.3d 1164, 1167 (9th Cir. 2020) ("[W]e agree with our sister circuits. Credit One's intent to call a customer who had consented to its calls does not exempt Credit One from liability under the TCPA when it calls someone else who did not consent."); *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1252 (11th Cir. 2014) ("We accordingly reject State Farm's argument that the 'intended recipient' is the 'called party' referred to in 47 U.S.C. § 227(b)(1)(A)."); *Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265, 1267 (11th Cir. 2014) ("During the pendency of this appeal, another panel of this court, faced with the same question, concluded in a published opinion that 'called party,' for purposes of § 227(b)(1)(A)(iii), means the subscriber to the cell phone service.

That panel rejected the defendant's contention that called party could mean intended recipient."); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 640 (7th Cir. 2012) ("[t]he phrase 'intended recipient' does not appear anywhere in § 227, so what justification could there be for equating 'called party' with 'intended recipient of the call'?").

Were that not enough, the FCC's interpretation—even if not binding—is in consensus. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961 (2015) (¶ 73) ("We find that the 'called party' is the subscriber, *i.e.*, the consumer assigned the telephone number dialed and billed for the call, or the non-subscriber customary user of a telephone number included in a family or business calling plan. Both such individuals can give prior express consent to be called at that number."); *see also id.* at ¶ 72 ("We clarify that the TCPA requires the consent not of the intended recipient of a call, but of the current subscriber (or non-subscriber customary user of the phone) and that caller best practices can facilitate detection of reassignments before calls.").

In short, Defendant's interpretation of the phrase "called party" is at odds with the plain language of the statute, the FCC's interpretation, and the interpretation of each circuit court of appeals to address the question, as well as courts in this district. *See, e.g.*, *Harris v. World Fin. Network Nat'l Bank*, 867 F. Supp. 2d 888 (E.D. Mich. 2012).

Contrary to Defendant's suggestion, there is no circuit split as *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316 (3d Cir. 2015), does not support its interpretation of the phrase "called party." *See N.L.*, 960 F.3d at 1167 ("The D.C. and Third Circuits have also voiced support for the Seventh and Eleventh Circuits' positions. *See ACA Int'l v. FCC*, 885 F.3d 687, 706 (D.C. Cir. 2018); *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 325 & n.13 (3d Cir. 2015).").

As this Court explained in denying Defendant's motion to dismiss:

Next, Defendant's reliance on *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316 (3d Cir. 2015), is unavailing. In *Leyse*, the Third Circuit determined that "[t]he caller may invoke the consent of the 'called party' as a defense even if the plaintiff is someone other than the 'called party.'" *Id*. at 327. "Thus, if [the plaintiff's roommate] were the 'called party' by virtue of being the intended recipient of the call, her consent to receive robocalls would shield [the defendant] from any suit brought by [the plaintiff]. . . . On the other hand, if [the plaintiff] w[as] the 'called party' despite being an unintended recipient, it is undisputed that he would have statutory standing . . . ." *Id*. The Third Circuit thus contemplated a defense under the TCPA when the defendant has consent from a call's intended recipient, at least under certain circumstances.

But the Court, without deciding the issue, tellingly observed that "[t]here are good reasons to doubt the equation of 'intended recipient' with 'called party.'" *Id*. at 25; *see also id*. at 325 n. 13. The Court also stated, "it is clear that the [TCPA]'s zone of interests encompasses more than just the intended recipients of prerecorded telemarketing calls. It is the actual recipient, intended or not, who suffers the nuisance and invasion of privacy." *Id*. at 326 (emphasis added).

\*       \*       \*

*Leyse* is therefore distinguishable from the instant case. And in any event, the Third Circuit seriously questioned, before deferring on this key issue, the same intended recipient theory as Defendant asserts here.

ECF No. 14, PageID.114-115.

As well, the district court opinions Defendant cites do not support its contention that courts are sharply divided. In *Haight v. Bluestem Brands, Inc.*, No. 13-CV-01400, 2015 WL 12830482, at *4 n.4 (M.D. Fla. May 14, 2015), the court did not adopt Defendant's proposed definition of "called party." In any event, *Haight* pre-dated *Osorio*, where the Eleventh Circuit rejected Defendant's interpretation of "called party." Likewise, the court in *Matlock v. United Healthcare Servs., Inc.*, No. 13-CV-02206, 2014 WL 1155541 (E.D. Cal. Mar. 20, 2014), did not adopt Defendant's proposed interpretation either. *Matlock* also pre-dated *N.L.*, where the Ninth Circuit rejected Defendant's position.

While Defendant suggests *Kopff v. World Research Group, LLC*, 568 F. Supp. 2d 39, 42 (D.D.C. 2008), "endorse[s] [Defendant's] position," ECF No. 18, PageID.175, it does no such thing. Not only does the phrase "called party" not appear in the decision, but the facts in *Kopff* are completely different from those at issue here. There the question was whether a third party who picked up a fax sent to and received by the intended recipient's fax machine had standing to sue. Holding that such a person did not have standing, the court in *Kopff* explained: "For example, if the undersigned were to be sent unsolicited facsimiles, in violation of the TCPA, at the fax machine in chambers addressed specifically to 'the Honorable Paul L. Friedman,' it cannot be that the Court's judicial assistant, law clerks and interns

8

would each have a cause of action by virtue of walking by the machine and picking up the facsimile." *Kopff*, 568 F. Supp. 2d at 42. That is far different than the salient question here, which is whether the "called party" is a former subscriber to a telephone number or the current one.

The same is true for *Sacchi v. Care One, LLC*, No. 14-CV-00698, 2015 WL 3966034, at *5-8 (D.N.J. June 30, 2015). ECF No. 18, PageID.175. There, the court did not address whether the "called party" is the current subscriber to the telephone number called or the former subscriber intended recipient. Rather, the case involved a husband and wife who used the same telephone number, and therefore provides no assistance to Defendant here. *Id.*

And far from supporting its position, *Rodriguez v. Premier Bankcard, LLC*, No. 16-CV-02541, 2018 WL 4184742 (N.D. Ohio Aug. 13, 2018), *see* ECF No. 18, PageID.176, undermines it. There, the court agreed with this Court's interpretation of the phrase "called party:"

> In this regard, I note persuasive authority interpreting "called party" have not limited the term exclusively to "the person subscribing to the called number at the time the call is made," or the intended recipient of the call. *Soppet*, *supra*, 679 F.3d at 643; *Leyse*, *supra*, 804 F.3d at 325 n.13. To the contrary, "the TCPA nowhere indicates that caller intent is relevant to the definition of 'called party,' " "nor does it include modifiers such as 'intended' that would clarify its meaning." 30 FCC Rcd. at 8001–03.
>
> The FCC, for example, has concluded that the "called party" is either the subscriber to a particular phone number, or, "the non-subscriber customary user of a telephone number included in a family

9

or business calling plan." *Id*. at 8000–01 (emphasis added). Defining "called party" to include customary users accords with the common-sense understanding of the phrase–namely, the party that receives the call, whether or not she happens to pay for the phone line.

"Suppose Smith, trying to reach Jones, dials the number with a typo and [accidentally] reaches Perkins. . . . No colloquial user of English would call Jones rather than Perkins the 'called party.' " *Soppet*, *supra*, 679 F.3d at 641; *see also Leyse*, *supra*, 804 F.3d at 325 n.13, 327 n.15 (the "called party" may refer to the non-subscriber customary user, or "the person who answers the call"). "The TCPA's legislative history buttresses this [broader] interpretation, stating that it is the 'receiving party'–not the intended party–that consents to the call." 30 FCC Rcd. at 8001.

*Rodriguez*, 2018 WL 4184742, at *7-8.

Thus, far from being "sharply divided on this issue," ECF No. 18, PageID.166, courts are nearly uniform that the phrase "called party" means the subscriber to, or customary user of, the telephone number at the time of the call. As such, no substantial ground for difference of opinion exists. *See Samson v. United Healthcare Servs. Inc.*, No. 2:19-cv-00175-MJP, 2024 WL 866815, at *5 (W.D. Wash. Feb. 29, 2024) ("United has failed to identify any substantial ground for difference of opinion on its argument. Every Circuit Court to consider United's argument has found it devoid of merit. And the majority of district courts have rejected United's same arguments. The Court does not find there is a 'substantial ground for difference of opinion' that might make interlocutory appeal appropriate."); *see also Kearns v. LoanDepot.com, LLC*, No. 8:22-cv-01217-JWH-JDE, 2024 WL 250130, at *2 (C.D. Cal. Jan. 16, 2024) (denying motion to certify order for interlocutory review in

TCPA matter due to lack of substantial ground for difference of opinion, and noting that "a meager assertion that the issue is a 'close call' does not pass muster.").

Simply, "Defendant's disagreement with the Court's previous decision does not demonstrate a substantial ground for difference of opinion." *Lirones v. Leaf Home Water Sols., LLC*, No. 5:23-cv-02087, 2024 WL 4198134, at *8 (N.D. Ohio Sept. 16, 2024) (denying the defendant's motion for certification for interlocutory review of order denying motion to dismiss in TCPA case, and finding "this case is not an exceptional case warranting certification for interlocutory appeal under § 1292(b)."); *see also Jackson v. Athena Bitcoin, Inc.*, No.: 4:24cv331-MW/MJF, 2024 WL 6043987, at *1 (N.D. Fla. Oct. 18, 2024) ("Interlocutory review is not appropriate here because there is no substantial ground for a difference of opinion on the controlling question of whether 47 U.S.C. § 227(c) permits a claim absent use of an ATDS.").

For these reasons, interlocutory review is inappropriate. *See Jackson v. Caribbean Cruise Line Inc.*, 88 S. Supp. 3d 129, 143 (E.D.N.Y. 2015) ("Therefore, the Court is of the view that this case does not present 'exceptional circumstances' that justify interlocutory review. Notwithstanding that the issue of vicarious liability under the TCPA would be one of first impression before the Second Circuit, the Court identifies no compelling reason to depart from the usual practice of awaiting entry of a final judgment before affording the opportunity for appellate review.").

## III.   This Court should allow discovery to proceed without further delay.

By its express terms, a petition for certification of an order for interlocutory review does not stay proceedings in the district court. 28 U.S.C. § 1292(b) ("application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."). This Court should not depart from the default rule.

This is especially so because discovery has already been delayed for over a year on account of Defendant's motion to dismiss. So while Defendant attempts to justify its stay request by suggesting "[h]aving the Court and the parties engage in this process, while it remains undetermined whether Plaintiff even has stated or can state a claim, would moot the purpose of a Rule 12 motion," ECF No. 18, PageID.181, Defendant ignores that this Court already decided Defendant's Rule 12 motion. ECF No. 14. And the filing of a "disfavored" motion for certification for interlocutory review does not justify further delaying the discovery process. *See, e.g.*, *Dobronski v. 1-800-LAW-FIRM, PLLC*, No. 2:24-cv-12512, 2025 WL 1386024, at *8 (E.D. Mich. Apr. 17, 2025) ("Generally, however, the mere filing of a dispositive motion, such a motion for judgment on the pleadings or motion to dismiss, is insufficient to support a stay of discovery."); *Blevins v. Premium Merchant Funding One, LLC*, No. 2:18-cv-00377, 2018 WL 4501068, at *1 (S.D. Ohio Sept. 20, 2018) (denying motion to stay discovery in TCPA where "the Court

12

has found that filing a case-dispositive motion is insufficient to grant a stay of discovery.").

Also fatal to Defendant's request is that it has not set forth any specific prejudice it will face if it engages in discovery now. Generalized burdens associated with litigation and discovery are insufficient to support a stay as "being required to defend a suit [in the interim], without more, does not constitute a 'clear case of hardship or inequity' . . . . to justify a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005); *see also Encarnacion v. Fin. Corp. of Am.*, No. 2:17-cv-566-FtM-38CM, 2018 WL 5631045, at *2 (M.D. Fla. Oct. 31, 2018) ("Further, the FCA has not demonstrated any hardship or inequity in being required to continue defending this lawsuit. Therefore, the Court finds a stay of this case neither necessary nor prudent."); *Eldridge v. Cabela's Inc.*, No. 3:16-cv-536-DJH, 2017 WL 4364205, at *3 (W.D. Ky. Sept. 29, 2017) ("The Court finds, however, that harm in the form of time and expense incurred to litigate a case is not sufficient to warrant the requested stay, particularly given the speculation concerning the length of the stay[.]"); *Garmendiz v. Capio Partners, LLC*, No. 8:17-cv-00987-EAK-AAS, 2017 WL 3208621, at *2 (M.D. Fla. July 25, 2017) ("many modern courts have held that being required to defend a lawsuit does not constitute a hardship or inequity.").

Restating this principle, the Eastern District of Virginia noted in denying a defendant's stay request that "[t]he mere fact that this action will go forward, and

that litigating it will cost money, is an insufficient reason to warrant a stay." *Sunbeam Prods., Inc. v. Hamilton Beach Brands, Inc.*, No. 09-791, 2010 WL 1946262, at *5 (E.D. Va. May 10, 2010). The same holds true in the face of prospective class discovery above and beyond merits discovery. *See, e.g.*, *Montez v. Chase Home Fin. LLC*, No. 11-530, 2011 WL 2729445, at *1 (S.D. Cal. July 13, 2011) (refusing stay in spite of the defendant's complaint of the potential "significant burden and expense of engaging in potentially broad-ranging and expensive discovery concerning this putative class action").

At the end of the day, Defendant makes no showing of any "hardship" or "inequity" to justify the relief it now seeks. *See Mendez v. Optio Solutions, LLC*, No. 16-1882, 2017 WL 914587, at *4 (S.D. Cal. Mar. 8, 2017) (denying a request for a stay in part because "Defendant [did] not demonstrate a hardship in moving forward with inevitable discovery and motion practice"); *Konopca v. Comcast Corp.*, No. 15-6044, 2016 WL 1645157, at *4 (D.N.J. Apr. 26, 2016) (denying stay where "the only purported 'hardship' identified by Defendant is the possibility that the parties may engage to some extent in unnecessary discovery and/or motion practice").

Separately, Plaintiff "has a right to a determination of her rights and liabilities without further delay. A stay harms this right." *Johnson v. Detroit Enterprise Academy*, No. 17-10215, 2017 WL 3910920, at *2 (E.D. Mich. Sept. 7, 2017) (denying motion to stay discovery in TCPA matter). That is, a stay "would suspend

14

for an indefinite period of time Plaintiff's opportunity—and the opportunity of the putative class—to vindicate their rights before this Court." *O'Hanlon v. 24 Hour Fitness USA, Inc.*, No. 15-CV-01821-BLF, 2016 WL 815357, at *5 (N.D. Cal. Mar. 2, 2016). Because the longer it takes to obtain a judgment against Defendant, the longer Defendant may continue its unlawful calling practices. *See Dobronski*, 2025 WL 1386024, at *9 ("Therefore, the Court finds that the interest of Dobronski in prosecuting his case outweighs the burden on LAWFIRM to engage in discovery, especially in light of the fact that this case does not present overly complex legal issues or facts.").

What's more, the delay inherent in a discovery stay could further prejudice Plaintiff and the class should relevant evidence become more difficult, or even impossible, to obtain due to the passage of time. *See, e.g.*, *Garmendiz*, 2017 WL 3208621, at *2 ("Furthermore, the risk of evidence being lost or destroyed and the potential for witnesses' memories to fade further demonstrates the potential for prejudice to the Plaintiff. In light of the foregoing, the Court finds that granting a stay will prejudice the Plaintiff."); *Gosneigh v. Nationstar Mortg., LLC*, No. 8:16-CV-3040-T33AEP, 2017 WL 435818, at *2 (M.D. Fla. Feb. 1, 2017) ("According to Gosneigh, such a delay could lead to an 'irreversible loss of needed information,' such as original call logs and recordings.").

Indeed, there may be other entities—such as cellular telephone carriers or calling vendors—that could have relevant evidence. Should that be the case, it makes it even more likely that evidence will not be properly preserved, lost, or destroyed during any delay. *See, e.g.*, *Cabiness v. Educ. Fin. Sol., LLC*, No. 16-cv-01109-JST, 2017 WL 167678, at *3 (N.D. Cal. Jan. 17, 2017) (noting that "an extended stay would prejudice the Plaintiff because the passage of time will make it more difficult to reach class members and will increase the likelihood that relevant evidence will dissipate."); *Richardson v. Verde Energy USA, Inc.*, No. 15-6325, 2016 WL 4478839, at *2 (E.D. Pa. Aug. 25, 2016) ("Moreover, as the plaintiffs argue, a significant delay with unknown limits would cause them unnecessary prejudice. Memories fade, records are lost or destroyed as time wears on, and employees get fired, are transferred, or quit. On the other hand, the defendant would not be prejudiced if the stay is denied because it would experience no harm by engaging in discovery and motion practice.").

For all of these reasons, Plaintiff respectfully requests that this Court deny Defendant's motion to stay discovery. *See Durling v. Credit Corp. Sols., Inc.*, No. 21-61002-CIV-SMITH, 2021 WL 2885879, at *1 (S.D. Fla. July 9, 2021) ("a stay may prejudice Plaintiff as witness' memories fade, documents are lost, and Defendant's allegedly illegal conduct continues. Thus, Defendant has not met its burden of establishing that a stay is appropriate under these circumstances.").

16

**Conclusion**

"Because this is not an exceptional case presenting a question of law as to which there is substantial ground for difference of opinion," *U.S. ex rel Elliott*, 845 F. Supp. 2d at 872, this Court should deny Defendant's motion.

RESPECTFULLY SUBMITTED AND DATED this October 16, 2025.

*s/ Michael L. Greenwald*
Michael L. Greenwald
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: (561) 826-5477
Email: mgreenwald@gdrlawfirm.com

Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100
Email: anthony@paronichlaw.com

George T. Blackmore
BLACKMORE LAW PLC
1100 Owendale Drive, Suite M
Troy, MI 48083
Telephone: (888) 835-2993
Facsimile: (508) 318-8100
Email: george@blackmore.law

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| NATHAN JAMES MASSARELLO, on behalf of himself and others similarly situated,<br><br>                    Plaintiff,<br>        v.<br><br>POWER HOME REMODELING GROUP, LLC,<br><br>                    Defendant. | Case No.: 2:24-cv-12480-RJW-CI<br><br>Honorable Robert J. White<br><br>Magistrate Judge Curtis Ivy, Jr. |

---

**BRIEF FORMAT CERTIFICATION FORM**

---

I, Michael Greenwald, certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1, and Judge White's Case Management Requirements, including the following (click each box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are filed in searchable PDF format, *see* Case Management Requirements § III.A;

☒ except for footnotes and necessary block quotes, the brief is double spaced (not "Exactly 28 pt" spaced) with one-inch margins, *see* LR 5.1(a)(2);

☒ deposition transcripts have been produced in their entirety (not in minuscript), *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, I will mail to chambers a courtesy copy with ECF headers, *see* Case Management Requirements § III.B.

I also acknowledge that my brief will be stricken from the docket if the Court later finds that these requirements are not met.

/s/ *Michael Greenwald*
Michael Greenwald
Attorney for Plaintiff

19