# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**NATHAN JAMES MASSARELLO**,

*Plaintiff*,

v.

**POWER HOME REMODELING GROUP, LLC**,

*Defendant*.

Judge Robert J. White

Mag. Judge Curtis Ivy, Jr.

Case No. 24-CV-12480

## DEFENDANT POWER HOME REMODELING GROUP, LLC'S REPLY IN SUPPORT OF ITS MOTION TO CERTIFY THE DISTRICT COURT'S <u>ORDER FOR INTERLOCUTORY APPEAL AND TO STAY DISCOVERY</u>

Gerald L. Maatman, Jr. (IL Bar No. 6181016)
Jennifer A. Riley (IL Bar No. 6272366)
Ryan T. Garippo (Mich. Bar No. P87790)
**DUANE MORRIS LLP**
190 S. LaSalle Street, Suite 3700
Chicago, Illinois 60603
Telephone:  (312) 499-6700
Facsimile:  (312) 499-6701

Joseph A. Ciucci (Mich. Bar No. P48624)
**DUANE MORRIS LLP**
1075 Peachtree Street, Suite 1700
Atlanta, Georgia 30309
Telephone: (404) 253-6988
Facsimile: (404) 393-0744

*Attorneys for Defendant*

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................ 1

ARGUMENT ............................................................................................................... 2

I.     INTERLOCUTORY APPEAL IS THE PROPER VEHICLE TO RESOLVE THIS QUESTION OF STATUTORY INTERPRETATION ......................... 2

     A.    Plaintiff Does Not Contest That PHRG Met Two Of The Elements ... 2

     B.    This Case Is Well Suited For Resolution On Interlocutory Appeal ..... 2

     C.    Plaintiff's Argument Regarding The Existence Of Contrary Authority Is Circular And Unpersuasive ............................................................... 3

II.    A STAY OF ALL DISCOVERY IS PROPER UNTIL THE SIXTH CIRCUIT RESOLVES THIS DISPUTE ........................................................................ 6

CONCLUSION ........................................................................................................... 7

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Costello v. Mountain Laurel Assurance Co.*, 2024 WL 4115979 (E.D. Tenn.
 Sept. 5, 2024) ...................................................................................... 6-7

*DSW Inc. v. Shoe Show, Inc.*, 2012 WL 2994193 (N.D. Ohio July 20, 2012) ......... 7

*Haight v. Bluestem Brands, Inc.*, 2015 WL 12830482 (M.D. Fla. May 14,
 2015) ....................................................................................................... 4

*Hall v. Trivest Partners, L.P.*, 2024 WL 660172 (E.D. Mich. Feb. 16, 2024)......... 4

*Kopff v. World Research Group, LLC*, 568 F. Supp. 2d 39 (D.D.C. 2008) ......... 4-5

*Leyse v. Bank of Am., Nat'l Ass'n*, 2010 WL 2382400 (S.D.N.Y. June 14,
 2010) ....................................................................................................... 4

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2017 WL 11591094
 (S.D.N.Y. Dec. 14, 2017) ........................................................................ 7

*Maraan v. Dish Network, LLC*, 2014 WL 12839682 (S.D. Ohio Apr. 22,
 2014) ....................................................................................................... 4

*Martinez v. Wayne Cnty., Mich.*, 142 F. 4th 828 (6th Cir. 2025) ........................... 5

*Massarello v. Power Home Remodeling Group, LLC*, 2025 WL 2463153
 (E.D. Mich. Aug. 27, 2025) .................................................................... 3

*Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945
 F.2d 150 (6th Cir. 1991) ......................................................................... 6

*Miron v. Seidman*, 2006 WL 3742772 (E.D. Pa. Dec. 13, 2006) ........................... 3

*Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872 (E.D Mich. 2012) ................ 3

*Rodriguez v. Premier Bankcard, LLC*, 2018 WL 4184742 (N.D. Ohio Aug.
 31, 2018) ................................................................................................. 5

*Sacchi v. Care One, LLC*, 2015 WL 3966034 (D.N.J. June 30, 2015) ................... 5

*Scott v. State of Tenn.*, 878 F.2d 382 (6th Cir. 1989) ..................................... *Passim*

*SEC v. Coinbase, Inc.*, 761 F. Supp. 3d 702 (S.D.N.Y. 2025) ............................ 2-3

*Soppet v. Enhanced Recovery Co., LLC*, 679 F. 3d 637 (7th Cir. 2012)................. 5

*Strougo v. Tivity Health, Inc.*, 2023 WL 4830593 (M.D. Tenn. July 27, 2023) ............................................................................................................... 6

*W. Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015 (W.D. Tenn. 2000).......................................... 3

*Wallace v. McCauley*, 742 F. Supp .3d 766, 769 (E.D. Mich. 2024).................. 3-4

**Federal Statutes**

28 U.S.C. § 1292(b) .................................................................................... *Passim*

Defendant Power Home Remodeling Group, LLC, by its attorneys, Duane Morris LLP, respectfully submits this Reply in Support of its Motion to Certify the District Court's Order for Interlocutory Appeal and to Stay Discovery.

## INTRODUCTION

In his Response, Plaintiff makes several key concessions that support granting PHRG's Motion.[1]  In fact, Plaintiff effectively concedes that PHRG has met § 1292(b)'s requirements and cannot provide any reason that discovery should proceed in the interim.  This Court, accordingly, should grant the Motion for multiple reasons.

*First*, the Court should certify its Order for interlocutory appeal because Plaintiff concedes that PHRG has demonstrated the first two elements.  Plaintiff does not contest that, in its Order, the Court decided a "controlling question of law" or that an appeal would "materially advance the termination of the litigation."

*Second*, as to the third element, "substantial ground for difference of opinion," Plaintiff concedes that courts within the Sixth Circuit have reached different conclusions.  Whereas Plaintiff (ineffectively) attempts to distinguish three of the decisions to which PHRG pointed, Plaintiff fails to address two others that run contrary to the Order.  Thus, Plaintiff has not effectively disputed that PHRG meets § 1292(b)'s elements to submit this controlling question of law to the Sixth Circuit.

---

[1]   All abbreviations have the same definitions as used in PHRG's opening brief. (ECF No. 18.)

***Third***, the Court should grant PHRG's request for a stay of discovery because Plaintiff argues only that a delay will occur, and mere delay is insufficient to defeat a motion to stay discovery.  Thus, this Court should grant this relief to prevent piecemeal litigation during the pendency of PHRG's appeal to the Sixth Circuit.

## ARGUMENT

I.   **INTERLOCUTORY APPEAL IS THE PROPER VEHICLE TO RESOLVE THIS QUESTION OF STATUTORY INTERPRETATION**

Plaintiff does not contest that PHRG meets two of the three elements under § 1292(b), and Plaintiff's opposition to the third element is half-hearted and ineffective.  This Court should grant the Motion in its entirety.

### A.   **Plaintiff Does Not Contest That PHRG Met Two Of The Elements**

Plaintiff does not contest that, in the Order, the Court decided a "controlling question of law," and he does not contest that appeal would "materially advance the termination of the litigation." 28 U.S.C. § 1292(b).  "[I]f a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Scott v. State of Tenn.*, 878 F.2d 382, 382 (6th Cir. 1989).  Plaintiff waived any opposition as to these issues, and the only question is whether there is a substantial ground for difference of opinion.

### B.   **This Case Is Well Suited For Resolution On Interlocutory Appeal**

Plaintiff's argument that PHRG has not demonstrated "exceptional circumstances" to warrant the relief requested ignores the law.  "[M]atters of

statutory interpretation, divorced as they are from the factual record, are typically considered appropriate for certification." *SEC v. Coinbase, Inc.*, 761 F. Supp. 3d 702, 714 (S.D.N.Y. 2025); *Miron v. Seidman*, 2006 WL 3742772, at *4 (E.D. Pa. Dec. 13, 2006) (finding exceptional circumstances because the case "presents an important question of statutory interpretation"). Further, this case is still in its infancy and "[i]nterlocutory appeal is most appropriate early in the proceedings." *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 876 (E.D Mich. 2012) (quotations omitted). As a putative class action seeking statutory damages, the "issues in the instant case are complex, and the financial and legal stakes are high." *W. Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1026 (W.D. Tenn. 2000). The Court decided the exact type of issue that can and should be resolved on interlocutory appeal.

### C. Plaintiff's Argument Regarding The Existence Of Contrary Authority Is Circular And Unpersuasive

Plaintiff argues the Court should deny the Motion because other courts and the Federal Communication Commission ("FCC") agree with his position. (ECF No. 19 at PageID.198-99.) Although the Court held that it should not "defer to the FCC's interpretation," this argument misses the point. *Massarello v. Power Home Remodeling Group, LLC*, 2025 WL 2463153, at *2 (E.D. Mich. Aug. 27, 2025).

"Substantial ground for difference of opinion exists when reasonable jurists might disagree on the issue's resolution." *Wallace v. McCauley*, 742 F. Supp .3d

766, 769 (E.D. Mich. 2024). That the FCC and some courts would decide the issue one way, and other courts would decide the issue differently, underscores that there is "substantial ground for a difference of opinion." 28 U.S.C. § 1292(b). Reasonable jurists are "sharply divided," and that supports PHRG's position. *Haight v. Bluestem Brands, Inc.*, 2015 WL 12830482, at *4 n.4 (M.D. Fla. May 14, 2015).

Plaintiff also does not contest that *Maraan v. Dish Network, LLC*, 2014 WL 12839682, at *4 (S.D. Ohio Apr. 22, 2014), and *Leyse v. Bank of Am., Nat'l Ass'n*, 2010 WL 2382400, at *4 (S.D.N.Y. June 14, 2010), support PHRG's position. Indeed, both courts held that "the 'unintended and incidental' recipients of these calls" did not qualify as the "called party" within the meaning of the TCPA. *Maraan*, 2014 WL 12839682, at *4 (quoting *Leyse*, 2010 WL 2382400, at *4). By failing to contest that these courts disagree with him on the same question at issue here, Plaintiff "waived [any] opposition" to PHRG's showing that there are "varying opinions in the district courts within the Sixth Circuit, and . . . the question has not yet been answered by the Sixth Circuit Court of Appeals." *Scott*, 878 F.2d at 382; *Hall v. Trivest Partners, L.P.*, 2024 WL 660172, at *4 (E.D. Mich. Feb. 16, 2024).

Further, Plaintiff's attempts to distinguish the remaining case law cited in the Motion are not persuasive. For example, as to *Kopff v. World Research Group, LLC*, 568 F. Supp. 2d 39 (D.D.C. 2008), Plaintiff concedes that the "intended recipient[] . . . did not have standing" to sue, but argues the facts are "far different than the salient

question here." (ECF No. 19 at PageID 201-22.) But Plaintiff offers no explanation as to *why* the intended recipient was the proper party to sue in *Kopff* and not here. (*See id.*) This is a classic example of an unpersuasive "distinction without a difference." *Martinez v. Wayne Cnty., Mich.*, 142 F. 4th 828, 842 n.6 (6th Cir. 2025).

Similarly, Plaintiff's selective quotation to *Rodriguez v. Premier Bankcard, LLC*, 2018 WL 4184742, at *7-8 (N.D. Ohio Aug. 31, 2018), is inapposite.[2] Although *Rodriguez* noted the FCC's interpretation as "persuasive authority," the court also noted that "a single cell phone number can be associated with more than one 'called party.'" *Rodriguez*, 2018 WL 4184742, at *8. So, "[w]hat happens then, when one 'called party' gives prior express consent to contact a certain number, and another doesn't?" *Id.* The court answered that question and concluded "[the defendant] may assert [a third party's] consent as a defense against [the plaintiff's] claim, even if she herself did not give prior express consent to be called." *Id.* That conclusion contradicts the authority limiting the "called party" to "the person subscribing to the called number at the time the call is made." *Soppet v. Enhanced Recovery Co., LLC*, 679 F. 3d 637, 643 (7th Cir. 2012). Plaintiff's arguments to the contrary are unpersuasive and should be rejected.[3]

---

[2] *Sacchi v. Care One, LLC*, 2015 WL 3966034, at *5-8 (D.N.J. June 30, 2015), addressed a substantially similar issue as *Rodriguez*.

[3] Plaintiff cites other cases to argue there is no difference of opinion, but none of them are cases interpreting the "called party." (ECF No. 19 at PageID 203-04.)

In short, Plaintiff's arguments as to the authority that undermines his position are unavailing and demonstrate that the Sixth Circuit should resolve the dispute.

## II.     A STAY OF ALL DISCOVERY IS PROPER UNTIL THE SIXTH CIRCUIT RESOLVES THIS DISPUTE

Because Plaintiff does not address any of the factors in *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150 (6th Cir. 1991), and relies solely on generalized concerns of prejudice, this Court should stay discovery.

*First*, Plaintiff concedes many of the points made by PHRG in its Motion. Plaintiff declines to argue there is no "likelihood of reversal" (ECF No. 18 at PageID 179 (quoting *Griepentrog*, 945 F.2d at 154)), and waived any argument to the contrary. *Scott*, 878 F.2d at 382.  Plaintiff also does not contest that the benefits of PHRG's interlocutory appeal will be moot without a stay, except for arguing "[g]eneralized burdens associated with litigation and discovery are insufficient." (ECF No. 19 at PageID 206.)  But, PHRG's actual argument was that due to the statutory damages available in this case, there will be "enormous pressure to resolve the case, regardless of the merits of the class claims." *Strougo v. Tivity Health, Inc.*, 2023 WL 4830593, at *2 (M.D. Tenn. July 27, 2023).  Plaintiff's failure to engage with PHRG's actual arguments is fatal to his positions.

*Second*, Plaintiff argues that staying discovery will prejudice him because of the "delay inherent in a discovery stay." (ECF No. 19 at PageID 208.)  "Mere delay, on its own, does not establish undue prejudice."  *Costello v. Mountain Laurel*

*Assurance Co.*, 2024 WL 4115979, at *5 (E.D. Tenn. Sept. 5, 2024) (collecting cases). "If it were, few if any [appealed] cases would be stayed." *DSW Inc. v. Shoe Show, Inc.*, 2012 WL 2994193, at *2 (N.D. Ohio July 20, 2012) (quotations omitted). Thus, Plaintiff speculates this delay must be different because there "may be other entities" with discoverable information and "[s]hould that be the case" those entities may not preserve relevant evidence. (ECF No. 19 at PageID 209.) Although this concern is just speculation, other courts have found it unavailing because "plaintiffs may send document preservation letters to the non-defendant[s]." *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2017 WL 11591094, at *1 (S.D.N.Y. Dec. 14, 2017). Plaintiff will suffer no prejudice if the Court enters a stay.

## <u>CONCLUSION</u>

For these reasons, Defendant Power Home Remodeling Group, LLC respectfully requests that this Court grant its Motion To Certify The District Court's Order For Interlocutory Appeal And To Stay Discovery in its entirety.

**Dated: October 23, 2025**                Respectfully submitted,

                                           POWER HOME REMODELING
                                           GROUP, LLC

                                           By: */s/ Gerald L. Maatman, Jr.*
                                               One of its attorneys

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

NATHAN JAMES MASSARELLO,

    *Plaintiff*,

v.

POWER HOME REMODELING
GROUP, LLC,

    *Defendant*.

Case No. 24-CV-12480

Honorable Robert J. White

---

## BRIEF FORMAT CERTIFICATION FORM

---

I, Gerald L. Maatman, Jr., certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1, and Judge White's Case Management Requirements, including the following (click each box to indicate compliance):

- ☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

- ☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

- ☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

- ☒ the brief and all exhibits are filed in searchable PDF format, *see* Case Management Requirements § III.A;

- ☒ except for footnotes and necessary block quotes, the brief is double spaced (not "Exactly 28 pt" spaced) with one-inch margins, *see* LR 5.1(a)(2);

- ☒ deposition transcripts have been produced in their entirety (not in minuscript), *see* Case Management Requirements § III.A;

- ☒ if the brief and exhibits total 50 pages or more, I will mail to chambers a courtesy copy with ECF headers, *see* Case Management Requirements § III.B.

I also acknowledge that my brief will be stricken from the docket if the Court later finds that these requirements are not met.


/s/ *Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.
Attorney for Defendant Power Home Remodeling Group, LLC

## CERTIFICATE OF SERVICE

I, Gerald L. Maatman, Jr., do hereby certify that a true and correct copy of the

forgoing document has been furnished by the Court's CM/ECF filing system on this

23rd day of October 2025 to the following individuals:

Anthony I. Parnonich                    Michael L. Greenwald
Parnonich Law, P.C.                     Greenwald Davidson Radbil, PLLC
350 Lincoln Street, Suite 2400          5550 Glades Road, Suite 500
Hingham, MA 02043                       Boca Raton, FL 33431
Telephone: (617) 485-0018               Telephone:  (561) 826-5477
Email:  anthony@paronichlaw.com         Email:  mgreenwald@gdrlawfirm.com

George T. Blackmore (P76942)
Blackmore Law
1129 West 14 Mile Road, Suite 1006
Clawson, Michigan 48017
Email:  george@blackmore.law

**Dated: October 23, 2025**            /s/ *Gerald L. Maatman, Jr.*
                                        Gerald L. Maatman, Jr.
                                        DUANE MORRIS LLP
                                        190 S. LaSalle Street, Suite 3700
                                        Chicago, Illinois 60603
                                        Telephone:  (312) 499-6700
                                        Email:  gmaatman@duanemorris.com

                                        ***Counsel for Defendant***