UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN JAMES MASSARELLO,

Plaintiff,

v.

POWER HOME REMODELING
GROUP, LLC,

Defendant.

Case No. 24-cv-12480

Honorable Robert J. White

## ORDER DENYING DEFENDANT'S MOTION
## TO CERTIFY APPEAL AND STAY DISCOVERY

This class-action case involves Plaintiff Nathan James Massarello's claim against Defendant Power Home Remodeling, LLC for a violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. According to Plaintiff, Defendant violated the TCPA "by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without [Plaintiff's or other class members'] consent." (ECF No. 5, PageID.6-8, 11-12).

On August 27, 2025, the Court denied Defendant's motion to dismiss Plaintiff's amended complaint. (ECF No. 14).   Before the Court is Defendant's motion to (1) certify the Court's order for interlocutory appeal and (2) stay discovery. (ECF No. 18).   The Parties fully briefed the motion, and the Court will decide it without oral argument pursuant to Local Rule 7.1(f)(2).   For the following reasons, the Court denies Defendant's motion.

## I.   Background

Plaintiff is an Alabama resident, and he has had the same cellular telephone number for the last ten years. (ECF No. 5, PageID.6).   Defendant is a limited liability company that offers renovation services. (ECF No. 5, PageID.6).   Plaintiff alleges that in June 2024, Defendant, using an artificial or prerecorded voice, placed at least five calls to Plaintiff without his consent. (ECF No. 5, PageID.6-8).   As particularly relevant here, Plaintiff alleges that Defendant placed these calls "intending to reach someone other than Plaintiff." (ECF No. 5, PageID.6).   According to Defendant, it had consent from the calls' intended recipient, but "just happened to call the 'wrong number.'" (ECF No. 9, PageID.37-38, 46-47).

Defendant moved to dismiss, arguing that Plaintiff in this case is not "the called party" as defined by the TCPA and has no claim here because Defendant had consent from the calls' intended recipient and only mistakenly reached Plaintiff. (ECF No. 9, PageID.38, 41-50).   The key issue was whether "the called party"

means—particularly in the context of wrong-number cases like this one—the intended or the actual recipient of a call.  The Court denied Defendant's motion, rejecting Defendant's proposed interpretation of "the called party" and concluding that this phrase "mean[s] the actual recipient of a call who was the paying subscriber actually dialed by a defendant." (ECF No. 4, PageID.118).

Defendant now moves to (1) certify for interlocutory appeal the Court's order declining to dismiss Plaintiff's amended complaint and (2) stay discovery. (ECF No. 18).

## II.   Legal Standard

"The district court may certify an order for interlocutory appeal if it is 'of the opinion' that three conditions exist: '[1] the order involves a controlling question of law to which there is [2] substantial ground for difference of opinion and . . . [3] an immediate appeal may materially advance the termination of the litigation.'" *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (emphasis and alterations in original; quoting 28 U.S.C. § 1292(b)).  "The decision to certify an appeal pursuant to section 1292(b) is left to the sound discretion of the district court." *Sigma Fin. Corp. v. Am. Int'l Specialty Lines Ins. Co.*, 200 F. Supp. 2d 710, 723 (E.D. Mich. 2002).  Because the federal legal system strongly disfavors piecemeal appeals, review under § 1292(b) should be "granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002); *see also Durant v. Servicemaster Co.*,

147 F. Supp. 2d 744, 752 (E.D. Mich. 2001) (interlocutory appeal "exists only for exceptional situations in which an immediate appeal may prevent protracted litigation").

## III.   Analysis

Plaintiff does not dispute that the Court's order denying Plaintiff's motion to dismiss involves a controlling question of law, nor that an immediate appeal may materially advance termination of this litigation.  The Court finds both conditions met, particularly where (1) the issue is one of relatively straightforward statutory interpretation and (2) Defendant's success on appeal would entail the dismissal of this case in its entirety. *See In re Trump*, 874 F.3d at 951 ("the sufficiency of a complaint is a question of law") (cleaned up); *Roberts v. Hamer*, 655 F.3d 578, 582 (6th Cir. 2011) ("statutory interpretation is a question of law"); *In re Trump*, 874 F.3d at 951 (a question of law is controlling if it "could materially affect the outcome of the case"); *id.* at 952 (termination-of-litigation condition met where a successful appeal would end the litigation).

They key issue that remains is whether the controlling legal question at issue—the interpretation of "the called party" under the TCPA—involves a substantial ground for a difference of opinion.

"A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already

disagreed." *In re Trump*, 874 F.3d at 952; *see id.* ("Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent.").

> District courts in this circuit have interpreted a substantial ground for difference of opinion regarding the correctness of the decision to mean when (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question.

*In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (cleaned up).

Defendant argues that there is a substantial ground for difference of opinion here because the Sixth Circuit has not yet interpreted the applicable statutory language and "district courts, as well as Circuit Courts[,] have reached different opinions on the" issue. (ECF No. 18, PageID.174).

As an initial matter, Defendant's reliance on *Leyse v. Bank of Am. Nat. 'l Ass 'n*, 804 F.3d 316 (3rd Cir. 2015) (*Leyse I*), is misplaced. Indeed, the Court already concluded that this case is distinguishable from the instant facts and unsupportive of Defendant's proposed interpretation. (ECF No. 14, PageID.113-15). *Leyse I*, without deciding the issue, tellingly observed that "[t]here are good reasons to doubt the equation of 'intended recipient' with 'called party.'" *Leyse I*, 804 F.3d at 25; *see also id.* at 325 n. 13. The Court also stated, "it is clear that the [TCPA]'s zone of

interests encompasses more than just the intended recipients of prerecorded telemarketing calls. *It is the actual recipient, intended or not, who suffers the nuisance and invasion of privacy.*" *Id.* at 326 (emphasis added). And the Court ultimately declined to dismiss the plaintiff's TCPA claim even though her roommate, with whom she shared a landline, was the intended recipient. *Id.* at 327. To the extent *Leyse I* recognized a limited defense under the TCPA when the defendant has consent from a call's intended recipient, the Court's reasoning supports that this only applies when an incidental recipient, such as a visitor or houseguest, intercepts a call intended for the consenting subscriber or regular phone user. *See id.* at 326-27.

Defendant is therefore incorrect that circuit courts have opined differently on the issue here. Rather, every circuit to address the issue has rejected equating "the called party" with an intended recipient. *See N.L. v. Credit One Bank, N.A.*, 960 F.3d 1164, 1168-69 (9th Cir. 2020); *Soppet v. Enhanced Recovery Co.*, LLC, 679 F.3d 637, 639-43 (7th Cir. 2012); *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1251-52 (11th Cir. 2014).

The Court is also unpersuaded by Defendant's reliance on *Haight v. Bluestem Brands, Inc.*, No. 13-cv-1400, 2015 U.S. Dist. LEXIS 107010 (M.D. Fla. May 14, 2015), adopted by 2015 U.S. Dist. LEXIS 107006 (M.D. Fla. Jun. 1, 2015), and *Matlock v. United Healthcare Servs., Inc.*, No. 13-cv-02206, 2014 U.S. Dist. LEXIS 37612 (E.D. Cal. Mar. 20, 2014). Admittedly, both cases recognized that various

district courts had ruled different on the meaning of "the called party." *Haight*, 2015 U.S. Dist. LEXIS 107010 at *12 n. 4 ("A number of courts have determined that standing under the TCPA is limited to a 'called party,' which they define as the intended recipient of the call.  Other courts have found that a party has standing under the TCPA if the plaintiff is the regular user and carrier of the phone and received the calls at issue.") (citations omitted); *Matlock*, 2014 U.S. Dist. LEXIS 37612 at *2-3 (same observation).  But neither case actually decided this issue. *Haight*, 2015 U.S. Dist. LEXIS 107010 at *12-13 (declining to engage in "subsequent satellite litigation" to resolve the statutory issue and denying preliminary approval of settlement class); *Matlock*, 2014 U.S. Dist. LEXIS 37612 at *2-6 (staying case for an expedited FCC opinion on the statutory meaning of "the called party").  Most importantly, both cases are over a decade old, and *N.L.* and *Osorio* currently control in each case's respective district.  Accordingly, these cases do not show any substantial ground for difference of opinion concerning the *current state* of the legal question here.

Next, the Court acknowledges that district courts in the Third Circuit have previously adopted Defendant's proposed intended-recipient interpretation. *See Sacchi v. Care One, LLC*, Nos. 14-cv-00698 and 14-cv-07175, 2015 U.S. Dist. LEXIS 84599, at *15 (D.N.J. June 30, 2015) ("Courts within this District have also adopted the 'intended recipient' test in assessing a plaintiff's standing to assert TCPA

claims."); *Cellco P'ship v. Wilcrest Health Care Mgmt.*, No. 09-3534, 2012 U.S. Dist. LEXIS 64407, at *18 (D.N.J. May 8, 2012) ("A burgeoning body of case law establishes that only the 'called party,' i.e., the 'intended recipient,' has statutory standing to bring suit under the TCPA.").  But the Third Circuit's opinion in *Leyse I*, even though it declined to decide this statutory question and thus does not directly overrule these cases, still seriously undermines their continued persuasiveness here. *See Jawk Enters., LLC v. Greenlight Energy, Inc.*, No. 19-4212, 2019 U.S. Dist. LEXIS 197070, at *8 (E.D.N.Y. Nov. 5, 2019) ("*Cellco*[, 2012 U.S. Dist. LEXIS 64407], . . . [is] no longer good law in its circuit. *See Leyse* [*I*, 804 F.3d at 322 n.6, 323 (3d Cir. 2015) ('We, however, do not agree that the caller's intent circumscribes standing[.]')").  The Court therefore concludes that *Sacchi* and similar pre-*Lyese I* district cases within the Third Circuit do not create a substantial ground for a difference of opinion here.

Defendant cites two district court cases from within this circuit: *Maraan v. Dish Network, LLC*, No. 13- cv-436, U.S. Dist. LEXIS 205361 (S.D. Oh. Apr. 22, 2014), and *Rodriguez v. Premier Bankcard, LLC*, No. 16-cv-2541, 2018 U.S. Dist. LEXIS 149225 (N.D. Oh. Aug. 31, 2018).  *Rodriguez* does not support Defendant's position.

Instead, the *Rodriguez* Court concluded that "a single cell phone number can be associated with more than one 'called party.'" *Rodriguez*, 2018 U.S. Dist. LEXIS

149225 at *18. In doing so, the Court relied on "persuasive authority interpreting 'called party' [that has] not limited the term exclusively to 'the person subscribing to the called number at the time the call is made,' *or the intended recipient of the call*." *Id.* at *16 (emphasis added; citing *Soppet*, 679 F.3d at 643; *Leyse I*, 804 F.3d at 325 n. 13). The Court specifically reasoned that "the called party" includes both a phone line's subscriber *and* customary user(s), indicating that a caller's intent is "'[ir]relevant'" to the issue. *Id.* at *16-18 (citation omitted).

The Court then determined that both the plaintiffs, a husband and wife who shared a phone line, were called parties, and that the husband's prior consent precluded the wife from bringing a TCPA claim "regardless of whether she ever personally gave prior express consent." *Id.* at *18-22. The Court reasoned that it is reasonable for callers of a given number to rely on consent from "either the subscriber[] or [a] non-subscriber customary user." *Id.* at *18-19.

*Rodriguez* thus recognizes a defense under the TCPA even where the plaintiff never consented to calls, but only if consent was given by the subscriber or a customary user of the same phone line. But nothing in *Rodriguez* indicates that third-party consent is available from an intended recipient with a separate phone line from that actually called, such that this defense would apply in a mistaken-number case like that here. Indeed, without deciding the specific issue, the Court endorsed cases previously rejecting or questioning Defendant's proposed interpretation of "the

called party." And the Court's reasoning is clearly limited to circumstances where multiple people share a phone line but only one provides consent. Here, in contrast, it is undisputed that no one consented for Defendant to call Plaintiff's number. *Rodriguez*, therefore, does not support Defendant's proposed interpretation.

*Maraan*, however, does support Defendant's position. As relevant here, *Maraan*, which denied a motion to add additional plaintiffs, provides as follows:

> Plaintiff seeks to add his son, individually and as next friend and parent of his minor grandson, as a party. Defendant objects on the basis that the TCPA protects telephone subscribers, meaning those persons who pay the bill for the wireless service; thus, because Plaintiff alleges that his subscription includes his adult son and his minor grandson and that he, himself, pays for that subscription, they are not proper plaintiffs. Plaintiff replies that the TCPA is a remedial statute and should be liberally construed. He also takes the position that "the 'called party' is not necessarily the party who is charged for the call but is instead the recipient of the call[]".

> Review of the proposed amended complaint depicts Ben Maraan II and B.M.M. as third-party beneficiaries of Plaintiff's cellular telephone subscription and it does not allege that either of them were the *intended* recipients of the alleged illegal calls. Rather, they apparently were the "unintended and incidental" recipients of these calls. *See Leyse v. Bank of America, N.A.*, [No. 09-cv-7654, 2010 U.S. Dist. LEXIS 58461, at *11 (S.D.N.Y. Jun. 14, 2010) (*Lyese II*)] (plaintiff not a "called party" when call placed to his roommate who was the residential telephone line subscriber). In such a circumstance, we do not believe that they have the necessary statutory standing to sue. *See Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674, 683 (S.D. Fla. 2013) ("a plaintiff's status as the 'called party' depends . . . on whether the plaintiff is the regular user of the phone *and whether the defendant was trying to reach him or her by calling that*

*phone*") (emphasis added).[1]   The Court thus concludes it would be futile to add Ben Maraan II, individually and as next friend of B.M.M., as party plaintiffs.

*Maraan*, U.S. Dist. LEXIS 205361 at *10-11 (record citations omitted; emphasis and omissions in original).

Accordingly, though *Maraan* did not analyze the statutory question in detail, it does endorse Defendant's position that "the called party" must be the intended recipient of a given call.  And as *Maraan* relied on *Leyse v. Bank of America, N.A.*, No. 09-cv-7654, 2010 U.S. Dist. LEXIS 58461 (S.D.N.Y. Jun. 14, 2010) (*Lyese II*),[2] so does Defendant here.  In relevant part, *Leyse II* provides as follows:

> Leyse is not a "called party" within the meaning of § 227(b)(1)(B).  The uncontroverted evidence shows that DialAmerica, the entity that placed the call on behalf of Bank of America, placed the call to Dutriaux, Leyse's roommate and the telephone subscriber. DialAmerica's records demonstrate that it associated the phone number with Dutriaux, not with Leyse.  To the extent that Leyse picked up the phone, he was an *unintended* and incidental recipient of the call.

> In *Kopff*, the United States District Court for the District of Columbia found that a wife who acted as the executive assistant to her husband, the president of a business, did not have standing to bring an action for statutory damages under the TCPA when a business sent a

---

[1] To the extent *Manno* supports that a caller's intent is relevant to determine "the called party," this is no longer good law because of the Eleventh Circuit's decision in *Osorio*.

[2] *Leyse II* involves the same parties and facts as in *Leyse I*.  After the Southern District of New York dismissed the plaintiff's suit in *Leyse II* because he was not "the called party" and lacked standing, he filed identical claims in the District of New Jersey; the Third Circuit ultimately concluded that collateral estoppel did not bar the plaintiff's second suit. *See Leyse v. Bank of Am., N.A.*, 538 F. App'x 156, 158-60 (3rd Cir. 2013) (*Leyse III*).

fax in violation of the TCPA addressed to her husband as president of the company. *See Kopff v. World Research Group, LLC*, 568 F. Supp. 2d 39, 40-42 (D.D.C. 2008).[3]  While the wife retrieved the faxes at issue from the business's fax machine, they were addressed to the husband as president of the company.  Likewise, in the present case, while the prerecorded message did not address Dutriaux by name and it was Leyse who allegedly answered the phone, *Dutriaux was the intended recipient of the call* because it was Dutriaux whose name was associated with the telephone number in DialAmerica's records.

*Leyse II*, 2010 U.S. Dist. LEXIS 58461 at *10-11 (emphasis added).

In sum, Defendant is incorrect that there is a circuit split regarding the meaning of "the called party," at least concerning the specific question of whether it means a call's intended or actual recipient. Rather, every circuit to address the issue has rejected equating "the called party" with an intended recipient.  And various district cases Defendant cites are no longer good law in light of these circuit decisions.  The Court concludes that there is no *substantial* ground for difference of opinion here because (1) may of the district court cases cited by Defendant are all over a decade old, or are no longer good law, (2) the recent trend appears consistent with the Court's prior order, and (3) every circuit court to address the issue has rejected Defendant's proposed interpretation. *Contra Hall v. Trivest Partners, L.P.*, No. 22-12743, 2024 U.S. Dist. LEXIS 27859, at *11 (E.D. Mich. Feb. 16, 2024)

---

[3] Defendant cites *Kopff* as another case supporting a substantial ground for difference here.  While this case does not involve the statutory language and question at issue in this case, the Court concedes that its reasoning was persuasive to the Court in *Leyse II*.

(finding a "substantial ground for difference of opinion" where there is *both* a circuit split *and* district courts are split within the Sixth Circuit)(emphasis added).

* * *

For the reasons given, the Court ORDERS that Defendant's motion (ECF No. 18) is DENIED.

Dated: November 13, 2025       s/Robert J. White
                                        Robert J. White
                                        United States District Judge