**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**NATHAN JAMES MASSARELLO**,

      *Plaintiff,*

  v.

**POWER HOME REMODELING
GROUP, LLC**,

      *Defendant*.

Judge Robert J. White

Mag. Judge Curtis Ivy, Jr.

Case No. 2:24-cv-12480-RJW-CI

**DEFENDANT POWER HOME REMODELING GROUP, LLC'S
ANSWERS AND OBJECTIONS TO PLAINTIFF' FIRST
<u>SET OF WRITTEN DISCOVERY REQUESTS</u>**

Defendant Power Home Remodeling Group, LLC ("Defendant" or "PHRG"),

by and through its attorneys, Duane Morris LLP, for its Answers and Objections to

Plaintiff Nathan James Massarello's ("Plaintiff" or "Massarello") First Set of

Requests for Production, Interrogatories, and Requests for Admission (collectively

the "Written Discovery") hereby submits the following answers and objections.

**<u>PRELIMINARY STATEMENT</u>**

PHRG's responses, answers, and/or objections to the Written Discovery are

subject to PHRG's right to object to the admission into evidence of any and all such

responses or answers on the grounds that they, or any of them, are not relevant to the

issues in this action or are otherwise inadmissible.  These responses or answers are

based on PHRG's present knowledge, information, and belief, as derived from: (a)

the knowledge and information of present employees of PHRG gained in their capacity as such; and (b) a review of the files maintained by PHRG, which would be reasonably likely to contain the information called for by the Written Discovery request. These answers, responses, and/or objections are subject to amendment and supplementation as PHRG acquires additional information and completes its review and analysis.

**<u>GENERAL OBJECTIONS</u>**

1.     PHRG answers or responds to Plaintiff's Written Discovery without waiving, and expressly preserving, all objections. PHRG also submits these answers and responses subject to, without intending to waive, and expressly preserving: (a) any objections as to materiality, privilege, and admissibility of any of the answers and/or responses; and (b) the right to object to other discovery requests involving and/or relating to the subject matter of the Written Discovery to which PHRG answers and/or responds.

2.     PHRG objects to Plaintiff's Written Discovery to the extent it seeks attorney work product, trial preparation materials, documents prepared after the commencement of this litigation, communications protected from disclosure by the attorney-client privilege, and/or documents protected from disclosure by any other applicable privilege or immunity doctrine. Nothing contained in these answers and/or responses is intended or may be construed as a waiver of the attorney-client

privilege, the work product doctrine, or any other applicable law, rule, or privilege. If PHRG inadvertently produces any protected or privileged documents, such production is inadvertent and does not constitute a waiver of any privilege.

3.     PHRG objects to Plaintiff's Written Discovery to the extent it seeks or purports to impose obligations other than those imposed by Rule 26 of the Federal Rules of Civil Procedure or Local Civil Rules of this Court.

4.     PHRG objects to Plaintiff's Written Discovery to the extent it calls for legal conclusions or interpretations, is overly broad or unduly burdensome, and/or seek documents or information that is not relevant to the claims or defenses of any party or is not proportionate to the needs of this case, including to the extent it seeks information that is related to individuals other than Plaintiff.  PHRG will provide information only with respect to Plaintiff.

5.     PHRG objects to Plaintiff's Written Discovery to the extent it seeks trade secrets, confidential, and/or proprietary business information, financial information, and/or confidential personal information relating to individuals who are not parties to this action.

6.     PHRG objects to Plaintiff's Written Discovery to the extent it seeks information that is publicly available or otherwise accessible to Plaintiff.

7.     PHRG objects to Plaintiff's Written Discovery to the extent it contains or is based upon inaccurate, incomplete, or misleading factual assertions.  PHRG's

answers and responses to any of Plaintiff's Written Discovery shall not constitute agreement with, acceptance of, or acquiescence in any such assertion.

8. PHRG objects to Plaintiff's Interrogatories to the extent that they exceed the number of interrogatories permitted by the Federal Rules of Civil Procedure, including the instructions and subparts, without leave of Court.

9. Every answer and/or response is made subject to the foregoing General Objections, regardless of whether any General Objection or specific objection is stated in the answer or response, and subject to any protective order entered by the Court. The explicit reference to a General Objection or the making of a specific objection in an answer and/or response to Plaintiff's Written Discovery is not intended to constitute a waiver of the General Objections that are not specifically referred to in that answer and/or response.

10. PHRG reserves the right to supplement its answers and/or responses to Plaintiff's Written Discovery with information or documents that come to its attention or become available after service of these answers and/or responses and to use such information or documents at any hearing and/or proceeding related to this action.

## DEFINITIONS

1.      PHRG objects to the definitions and instructions accompanying Plaintiff's Written Discovery to the extent they are overly broad, vague, ambiguous, misleading, or otherwise incomprehensible.

2.      PHRG objects to the Definitions of "Account Records" and "Communication" on the basis that the information sought is overly broad and unduly burdensome.  PHRG further objects to these Definitions on the basis that they seek to impose obligations beyond what the Federal Rules of Civil Procedure require.  PHRG's responses and objections are made pursuant to the Federal Rules and not the arbitrary definitions contained therein.

3.      PHRG objects to the Definition of "Express Consent" on the basis that the term is not expressly defined by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the 'TCPA") or its implementing regulation, and instead refers solely to prior express consent, and prior express written consent, respectively.

## **RELEVANT TIME PERIOD**

The relevant time period for Plaintiff's discovery requests, unless otherwise indicated, begins on September 26, 2020 and continues through the present.

## **RESPONSE:**

PHRG objects to the purported Relevant Time Period on the basis that it is overly broad and unduly burdensome.  PHRG further objects to the extent the purported Relevant Time Period seeks to require PHRG to produce, or record on a privilege log, any privileged or protected documents created after the commencement of litigation.  *See, e.g.*, *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 139 n.22 (3d Cir. 2009).  To the extent the purported Relevant Time Period applies to document requests pursuant to Fed. R. Civ. P. 34, PHRG states it is withholding documents based on its objections.

Subject to these specific objections and the General Objections raised above, PHRG states it will produce non-privileged documents pursuant to Fed. R. Civ. P. 33(d) sufficient to show its relationship with Plaintiff.  PHRG's investigation continues, and it will supplement its answer in accordance with the terms of Fed. R. Civ. P. 26(e), if applicable.

## INTERROGATORY NO. 7:

Identify the number of unique telephone numbers to which Defendant made, or caused to be made, a call or calls in connection with which an artificial or prerecorded voice was used.

## ANSWER:

PHRG objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, argumentative, confusing, and because it seeks information that is not relevant nor proportional to the needs of the case.  PHRG objects to the phrase "[i]dentify the number" as ambiguous and capable of multiple interpretations as used in this Interrogatory.  PHRG objects to this Interrogatory because it seeks class-wide information regarding all telephone calls made to the putative class and "responding to class-wide discovery before the plaintiffs have demonstrated the requirements for class certification frequently presents an undue burden on the responding party." *See, e.g.*, *Bilek v. Fed. Ins. Co.*, No. 21-CV-1651, 2022 WL 18912277, at *3 (N.D. Ill. Dec. 12, 2022) (quotations omitted).  PHRG further objects to this Interrogatory

to the extent it calls for a legal conclusion, as whether PHRG made or caused to be made telephone calls with "an artificial or prerecorded voice" can only be determined by an ultimate application of law to facts. 47 U.S.C. § 227(b)(1)(A)-(B). PHRG further objects because this Interrogatory calls for information outside of its possession, custody, and/or control.

**INTERROGATORY NO. 8:**

For the telephone numbers Defendant identifies through its answer to interrogatory no. 7, identify the number of them for which Defendant's records show that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number.

**ANSWER:**

PHRG objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, argumentative, confusing, and because it seeks information that is not relevant nor proportional to the needs of the case.   PHRG objects to this Interrogatory because it seeks class-wide information regarding all telephone calls made to the putative class before a class has been certified. *See, e.g.*, *Bilek*, 2022 WL 18912277, at *3. PHRG objects to this Interrogatory on the basis that the phrase "associated" is vague and ambiguous. PHRG further objects to this Interrogatory to the extent it calls for a legal conclusion, as whether PHRG intended to make the

- 13 -

alleged referenced telephone calls can only be determined by an ultimate application of law to facts.   47 U.S.C. § 227(b)(1)(A)-(B).   PHRG further objects to this Interrogatory on the basis that it seeks information outside of its possession, custody, or control, such as whether "a vendor or third party identified one of the telephone phone numbers as a wrong or potential wrong number."   PHRG further objects because the Interrogatory is compound, seeks discovery into multiple discrete inquiries, and violates Fed. R. Civ. P. 33(a)(1).

**INTERROGATORY NO. 9:**

For the telephone numbers Defendant identifies through its answers to interrogatory nos. 7-8, identify the number of them to which Defendant made, or caused to be made, a call or calls in connection with which an artificial or prerecorded voice was used, after Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number.

**ANSWER:**

PHRG objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, argumentative, confusing, and because it seeks information that is not relevant nor proportional to the needs of the case.  PHRG objects to this Interrogatory because it seeks class-wide information regarding all telephone calls made to the putative class before a class has been certified.  *See, e.g.*, *Bilek*, 2022 WL 18912277,

at *3.  PHRG further objects to the extent this Interrogatory seeks the identities of putative class members because "[c]ourts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification."  *Dziennik v. Sealift, Inc.*, No. 05-CV-04659, 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006).  PHRG objects to this Interrogatory on the basis that the phrase "associated" is vague and ambiguous.  PHRG further objects to this Interrogatory to the extent it calls for a legal conclusion, as whether PHRG intended to make the alleged referenced telephone calls can only be determined by an ultimate application of law to facts.  47 U.S.C. § 227(b)(1)(A)-(B).  PHRG further objects to this Interrogatory on the basis that it seeks information outside of its possession or control, such as whether "a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number."  PHRG further objects because the Interrogatory is compound, seeks discovery into multiple discrete inquiries, and violates Fed. R. Civ. P. 33(a)(1).  PHRG further objects to this Interrogatory as needlessly confusing and incomprehensibly written.

**INTERROGATORY NO. 10:**

For the telephone numbers Defendant identifies through its answers to interrogatory nos. 7-9, identify the number of them that were, or that Defendant's records indicate were, assigned to a cellular telephone service.

**ANSWER:**

PHRG objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, argumentative, confusing, and because it seeks information that is not relevant nor proportional to the needs of the case. PHRG objects to this Interrogatory because it seeks class-wide information regarding all telephone calls made to the putative class before a class has been certified. *See, e.g.*, *Bilek*, 2022 WL 18912277, at *3. PHRG further objects to the extent this Interrogatory seeks the identities of putative class members because "[c]ourts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification." *Dziennik*, 2006 WL 1455464, at *1. PHRG objects to this Interrogatory on the basis that the phrase "associated" is vague and ambiguous. PHRG further objects to this Interrogatory to the extent it calls for a legal conclusion, as whether PHRG intended to make the alleged referenced telephone calls can only be determined by an ultimate application of law to facts. 47 U.S.C. § 227(b)(1)(A)-(B). PHRG further objects because the

Interrogatory is compound, seeks discovery into multiple discrete inquiries, and violates Fed. R. Civ. P. 33(a)(1).

## INTERROGATORY NO. 11:

For the telephone numbers Defendant identifies through its answers to interrogatory nos. 7-10, identify the number of calls Defendant made, or caused to be made, to them, in connection with which an artificial or prerecorded voice was used.

## ANSWER:

PHRG objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, argumentative, confusing, and because it seeks information that is not relevant nor proportional to the needs of the case.  PHRG objects to this Interrogatory because it seeks class-wide information regarding all telephone calls made to the putative class before a class has been certified.  *See, e.g.*, *Bilek*, 2022 WL 18912277, at *3.  PHRG further objects to the extent this Interrogatory seeks the identities of putative class members because "[c]ourts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification." *Dziennik*, 2006 WL 1455464, at *1.  PHRG objects to this Interrogatory on the basis that the phrase "associated" is vague and ambiguous.  PHRG further objects to this Interrogatory to the extent it calls for a legal conclusion, as whether PHRG intended to make the

alleged referenced telephone calls can only be determined by an ultimate application of law to facts. 47 U.S.C. § 227(b)(1)(A)-(B). PHRG further objects to this Interrogatory to the extent it calls for a legal conclusion, as whether the alleged referenced calls were made with an "artificial or prerecorded voice" can only be determined by an ultimate application of law to facts. 47 U.S.C. § 227(b)(1)(A)-(B). PHRG further objects to this Interrogatory as duplicative of other Interrogatories, and therefore, is unduly burdensome.

## INTERROGATORY NO. 12:

For the telephone numbers Defendant identifies through its answers to interrogatory nos. 7-10, identify the customer, potential customer, or accountholder name(s) and address(es) Defendant associates with each telephone number.

## ANSWER:

PHRG objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, argumentative, confusing, and because it seeks information that is not relevant nor proportional to the needs of the case. PHRG objects to this Interrogatory because it seeks class-wide information regarding all telephone calls made to the putative class as opposed to just telephone calls made to Plaintiff before a class has been certified. *See, e.g.*, *Bilek*, 2022 WL 18912277, at *3. PHRG objects to this Interrogatory to the extent that it seeks information outside of its possession, custody, and/or control. PHRG further objects to this Interrogatory because other

individuals' "name(s) and address(es)" are not relevant to the claims and defenses in this action.  PHRG further objects to the extent this Interrogatory seeks the identities of putative class members because "[c]ourts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification." *Dziennik*, 2006 WL 1455464, at *1.  PHRG further objects because the Interrogatory is compound, seeks discovery into multiple discrete inquiries, and violates Fed. R. Civ. P. 33(a)(1).

## INTERROGATORY NO. 13:

For the telephone numbers Defendant identifies through its answers to interrogatory nos. 7-10, identify the number of calls Defendant made, or caused to be made, to them, in connection with which an artificial or prerecorded voice was used, after Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number.

## ANSWER:

PHRG objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, argumentative, confusing, and because it seeks information that is not relevant nor proportional to the needs of the case.  PHRG objects to this Interrogatory because it seeks class-wide information regarding all telephone calls made to the

- 19 -

putative class as opposed to just telephone calls made to Plaintiff before a class has been certified.  *See, e.g.*, *Bilek*, 2022 WL 18912277, at \*3.  PHRG objects to this Interrogatory to the extent that it seeks information outside of its possession, custody, and/or control.  PHRG further objects because the Interrogatory is compound, seeks discovery into multiple discrete inquiries, and violates Fed. R. Civ. P. 33(a)(1).  PHRG further objects because this Interrogatory is needlessly confusing and incomprehensibly written.

**INTERROGATORY NO. 14:**

Identify the persons or unique telephone numbers that fall within the class definition found at paragraph 33 of Plaintiff's amended class action complaint, ECF No. 5.

**ANSWER:**

PHRG objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, argumentative, confusing, and because it seeks information that is not relevant nor proportional to the needs of the case. PHRG further objects to identifying putative class members' identities or telephone numbers where Plaintiff's class definition is a fail-safe class "that is, a class that cannot be defined until the case is resolved on its merits." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012).  PHRG objects to this Interrogatory because the class definition found at Paragraph 33 of Plaintiff's Amended Complaint seeks to certify

- 20 -

can only be determined by an ultimate application of law to facts.   47 U.S.C. § 227(b)(A).  PHRG further objects to this Request because calls with individuals other than Plaintiff are not relevant to the claims and defenses at hand.  PHRG states that it is withholding documents based on its objections.

## REQUEST FOR PRODUCTION NO. 7:

Documents and electronically stored information sufficient to identify the unique telephone numbers to which Defendant made, or caused to be made, a call or calls in connection with which an artificial or prerecorded voice was used.

## RESPONSE:

PHRG objects to this Request on the basis that it is overly broad, unduly burdensome, argumentative, confusing, and because it seeks information that is not relevant nor proportional to the needs of the case.  PHRG objects to this Request because it seeks class-wide discovery before a class has been certified.  *Bilek*, 2022 WL 18912277, at *3.   PHRG further objects to this Request because other individuals' "unique telephone numbers" are not relevant to the claims and defenses in this action.  PHRG further objects to the extent this Request seeks the identities of putative class members because "[c]ourts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification."  *Dziennik*, 2006

WL 1455464, at *1.  PHRG further objects to this Request because it calls for a legal

conclusion, as whether or not PHRG made or caused to be made calls "in connection

with which an artificial or prerecorded voice was used" can only be determined by

an ultimate application of law to facts.  PHRG further objects because this Request

calls for documents outside of its possession, custody, and/or control.  PHRG states

that it is withholding documents based on its objections.

**REQUEST FOR PRODUCTION NO. 8:**

For the telephone numbers Defendant identifies through its answer to interrogatory no. 7, and through its response to request for production no. 7, documents and electronically stored information sufficient to identify those for which Defendant's records show that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number.

**RESPONSE:**

PHRG objects to this Request on the basis that it is overly broad, unduly

burdensome, argumentative, confusing, and because it seeks information that is not

relevant nor proportional to the needs of the case.  PHRG objects to this Request

because this Request seeks class-wide discovery before a class has been certified.

*Bilek*, 2022 WL 18912277, at *3.  PHRG further objects to this Request because the

identities of individuals other than Plaintiff are not relevant to the claims and

defenses in this action.  PHRG further objects to the extent this Request seeks the

- 38 -

identities of putative class members.  *Dziennik*, 2006 WL 1455464, at *1.  PHRG

further objects because this Request is needlessly cumulative and duplicative of

Plaintiff's Interrogatories and Requests for Production.  PHRG further objects to this

Request because it calls for a legal conclusion, as who PHRG "intended to reach" in

the alleged reference calls can only be determined by an ultimate application of law

to facts.  PHRG further objects to this Request on the basis that it seeks information

outside of its possession or control, such as whether "a vendor or third party

identified one of the telephone phone numbers as a wrong or potential wrong

number."  PHRG further objects because the Request is compound, seeks discovery

into multiple discrete inquiries, and violates Fed. R. Civ. P. 34(b)(1)(A).  PHRG

states that it is withholding documents based on its objections.

## REQUEST FOR PRODUCTION NO. 9:

For the telephone numbers Defendant identifies through its answers to interrogatory nos. 7-8, and through its responses to request for production nos. 7-8, documents and electronically stored information sufficient to identify those to which Defendant made, or caused to be made, a call or calls in connection with which an artificial or prerecorded voice was used, after Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number.

## RESPONSE:

- 39 -

PHRG objects to this Request on the basis that it is overly broad, unduly burdensome, argumentative, confusing, and because it seeks information that is not relevant nor proportional to the needs of the case.  PHRG objects to this Request because this Request seeks class-wide discovery before a class has been certified. *Bilek*, 2022 WL 18912277, at \*3.  PHRG further objects to this Request because the identities of individuals other than Plaintiff are not relevant to the claims and defenses in this action.  PHRG further objects to the extent this Request seeks the identities of putative class members.  *Dziennik*, 2006 WL 1455464, at \*1.  PHRG further objects because this Request is needlessly cumulative and duplicative of Plaintiff's Interrogatories and Requests for Production.  PHRG further objects to this Request because it calls for a legal conclusion, as who PHRG "intended to reach" and whether an "artificial or prerecorded voice was used" in the alleged reference calls can only be determined by an ultimate application of law to facts.  PHRG further objects to this Interrogatory on the basis that it seeks information outside of its possession or control, such as whether "a vendor or third party identified one of the telephone phone numbers as a wrong or potential wrong number." PHRG further objects because the Request is compound, seeks discovery into multiple discrete inquiries, and violates Fed. R. Civ. P. 34(b)(1)(A).  PHRG states that it is withholding documents based on its objections.

- 40 -

**REQUEST FOR PRODUCTION NO. 10:**

For the telephone numbers Defendant identifies through its answers to interrogatory nos. 7-9, and through its responses to requests for production nos. 7-9, documents and electronically stored information sufficient to identify those that were, or that Defendant's records indicate were, assigned to a cellular telephone service.

**RESPONSE:**

PHRG objects to this Request on the basis that it is overly broad, unduly burdensome, argumentative, confusing, and because it seeks information that is not relevant nor proportional to the needs of the case. PHRG objects to this Request because this Request seeks class-wide discovery before a class has been certified. *Bilek*, 2022 WL 18912277, at *3. PHRG further objects to this Request because the identities of individuals other than Plaintiff are not relevant to the claims and defenses in this action. PHRG further objects to the extent this Request seeks the identities of putative class members. *Dziennik*, 2006 WL 1455464, at *1. PHRG further objects because this Request is needlessly cumulative and duplicative of Plaintiff's Interrogatories and Requests for Production. PHRG further objects to this Request on the basis that it seeks information outside of its possession or control, such as "those that were . . . assigned to a cellular telephone service." PHRG states that it is withholding documents based on its objections.

**REQUEST FOR PRODUCTION NO. 11:**

For the telephone numbers Defendant identifies through its answers to interrogatory nos. 7-10, and through its responses to request for production nos. 7-10, documents and electronically stored information sufficient to identify the calls Defendant made, or caused to be made, to them, in connection with which an artificial or prerecorded voice was used.

**RESPONSE:**

PHRG objects to this Request on the basis that it is overly broad, unduly burdensome, argumentative, confusing, and because it seeks information that is not relevant nor proportional to the needs of the case. PHRG objects to this Request because this Request seeks class-wide discovery before a class has been certified. *Bilek*, 2022 WL 18912277, at *3. PHRG further objects because this Request is needlessly cumulative and duplicative of Plaintiff's Interrogatories and Requests for Production. PHRG further objects to this Request because it calls for a legal conclusion, as whether PHRG made or caused to be made calls using an "artificial or prerecorded voice" can only be determined by an ultimate application of law to facts. PHRG further objects because this Request calls for documents outside of its possession, custody, and/or control. PHRG states that it is withholding documents based on its objections.

**REQUEST FOR PRODUCTION NO. 12:**

For the telephone numbers Defendant identifies through its answers to interrogatory nos. 7-10, and through its responses to request for production nos. 7-10, documents and electronically stored information sufficient to identify the calls

- 42 -

Defendant made, or caused to be made, to them, in connection with which an artificial or prerecorded voice was used, after Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number.

**<u>RESPONSE:</u>**

PHRG objects to this Request on the basis that it is overly broad, unduly burdensome, argumentative, confusing, and because it seeks information that is not relevant nor proportional to the needs of the case. PHRG objects to this Request because this Request seeks class-wide discovery before a class has been certified. *Bilek*, 2022 WL 18912277, at *3. PHRG further objects because this Request is needlessly cumulative and duplicative of Plaintiff's Interrogatories and Requests for Production. PHRG further objects to this Request because it calls for a legal conclusion, as whether PHRG made or caused to be made calls using an "artificial or prerecorded voice" and who PHRG "intended to reach" in the alleged calls can only be determined by an ultimate application of law to facts. PHRG further objects to this Request on the basis that it seeks information outside of its possession or control. PHRG further objects because the Request is compound, seeks discovery into multiple discrete inquiries, and violates Fed. R. Civ. P. 34(b)(1)(A). PHRG states that it is withholding documents based on its objections.