# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**NATHAN JAMES MASSARELLO,**

   *Plaintiff,*

  v.

**POWER HOME REMODELING GROUP, LLC,**

   *Defendant.*

Judge Robert J. White

Mag. Judge Curtis Ivy, Jr.

Case No. 24-CV-12480

## JOINT MOTION TO MODIFY SCHEDULING ORDER AND SET EXPERT REPORT EXCHANGE DEADLINES

Plaintiff Nathan Massarello ("Plaintiff" or "Massarello") and Defendant Power Home Remodeling Group, LLC ("Power Home" or "Defendant"), by and through their undersigned counsel, for their Joint Motion To Modify Scheduling Order And Set Expert Disclosure Deadlines, state as follows:

1. On September 25, 2024, Plaintiff filed his Amended Complaint in this action and alleged that Power Home violated 47 U.S.C. § 227(b)(1)(A)(iii) by calling him using "an artificial or prerecorded voice" without his prior consent. (*See* ECF No. 5, PageID.11, at ¶ 63.)

2. On August 29, 2025, this Court entered a scheduling order, (ECF No. 21), which provided for the following discovery schedule:

- 1 -

| EVENT/FILING | DATE/TIMEFRAME |
| --- | --- |
| Amendment of pleadings | December 19, 2025 |
| Lay and expert witness lists filed | May 29, 2026 |
| Interim status conference (remote) | September 17, 2026 at 11:00 am |
| Discovery completed by | July 30, 2026 |
| Expert discovery completed by | August 28, 2026 |
| Dispositive motions filed by | October 2, 2026 |
| Challenges to experts | October 2, 2026 |

3.      The Court did not set a deadline for disclosure of expert reports and stated that "[f]or any events not listed" in the scheduling order the parties should "refer to Federal Rule of Civil Procedure 26." (*Id.* at PageID 227.)

4.      Federal Rule 26 sets a timeline for the exchange of expert witness reports. *See* Fed. R. Civ. P. 26(a)(2)(D)(i).  It provides that the parties "must make these disclosures . . .  at least 90 days before the date set for trial or for the case to be ready for trial." *Id.*  District courts are empowered to alter such deadlines.  Fed. R. Civ. P. 16(b)(3)(B)(i) ("The scheduling order may . . . modify the timing of disclosures under Rules 26(a) and 26(e)(1).")  Thus, the parties' expert reports would

ordinarily be due 90 days prior to their trial date.  *See id.*  The current scheduling order, however, does not set a trial date.  (ECF No. 21 at PageID 227.)   Thus, the parties now move to set deadlines for expert reports and for extension of discovery deadlines in light of their recent resolution of their pending discovery disputes.

5.      The Federal Rules provide a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."  *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotations omitted).  "Bound up in the good cause standard is an examination into the potential for prejudice to the non-moving party."  *Helena Agri-Enters., LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 272-73 (6th Cir. 2021).

6.      Here, good cause to modify the scheduling order exists, because the parties are diligently seeking to add expert report deadlines to the scheduling order. The parties are seeking this modification over two months prior to the fact discovery deadline and over three months prior to the expert discovery deadline.  If the scheduling order is not modified, the only technical deadline for the exchange of expert disclosures and reports is "90 days before the date set for trial" which will presumably be outside the window for the parties to conduct expert discovery. *See* Fed. R. Civ. P. 26(a)(2)(D)(i).  Further, the parties' experts will require additional

- 3 -

time to analyze the documents that Power Home will produce as set forth in the parties' joint stipulation to withdraw Plaintiff's motion to compel. Therefore, good cause exists for this addition to the scheduling order.

7.     Further, there is good cause for the extension of the case management deadlines, because the parties have continued to confer pursuant to Federal Rule of Civil Procedure 37(a)(1) regarding the production of documents. The parties resolved their disputes with respect to Plaintiff's motion to compel, which sought an order compelling Power Home to respond to "interrogatory nos. 7-13 and requests for production nos. 7-12." (ECF No. 25 at PageID.251.). The parties now require a modest 60-day extension of time to the case management deadlines to allow them to analyze the resulting document production, and to schedule additional depositions. To that end, the parties propose the following deadlines for their first request for an extension of time to complete discovery in this case:

| EVENT/FILING | DATE/TIMEFRAME |
|---|---|
| Lay and expert witness lists filed | July 28, 2026 |
| Plaintiff's Rule 26(a)(2) Deadline | August 14, 2026 |
| Defendant's Rule 26(a)(2) Deadline | September 15, 2026 |

| | |
|---|---|
| Discovery completed by[1] | September 28, 2026 |
| Rebuttal Reports Deadline | October 9, 2026 |
| Expert Discovery Deadline | October 27, 2026 |
| Interim status conference (remote) | November 16-20, 2026[2] |
| Dispositive motions filed by | December 1, 2026 |
| Class certification motions filed by | December 1, 2026 |
| Challenges to experts | December 1, 2026 |

WHEREFORE, the parties hereby request that the Court enter an order modifying the scheduling order to extend discovery and expert report exchange deadlines as set forth herein.

**Dated:**  May 12, 2026                                    Respectfully submitted,

*/s/ Michael Greenwald*                              */s/ Gerald L. Maatman Jr.*

---

[1]   If the Court certifies a class over Power Home's objection, then the parties agree that a period of class discovery will be necessary. *Mast, LLC v. Go 2 Transportation LLC*, No. 16-CV-01022, 2018 WL 10419666 (D. Ariz. Apr. 2, 2018) ("Now that a class will be certified, the parties will be given a short period of time to conduct class discovery."). The parties agree to submit a proposed schedule for class discovery following any order granting class certification.

[2]   The parties are willing to reschedule this conference at a date and time which are convenient for the Court.

Michael Greenwald
**GREENWALD DAVIDSON
RADBIL PLLC**
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
E:  mgreenwald@gdrlawfirm.com

Anthony I. Paronich
**PARNONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
E:  anthony@paronichlaw.com

George T. Blackmore (P76942)
**BLACKMORE LAW**
1129 West 14 Mile Road, Suite 1006
Clawson, Michigan 48017
E:  george@blackmore.law

Dana J. Oliver
**OLIVER LAW CENTER, INC.**
8790 19th Street, Suite 559
Rancho Cucamonga, California 91701
Telephone:  (562) 500-0600
Email:  dana@danaoliverlaw.com

*Attorneys For Plaintiff*

Gerald L. Maatman, Jr.
Jennifer A. Riley
Ryan T. Garippo (P87790)
**DUANE MORRIS LLP**
190 S. LaSalle Street, Suite 3700
Chicago, Illinois 60603
E:  gmaatman@duanemorris.com
E:  jariley@duanemorris.com
E:  rgarippo@duanemorris.com

Joseph A. Ciucci (P48624)
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 1700
Atlanta, Georgia 30309
E:  ciucci@duanemorris.com

*Attorneys For Defendant*

- 6 -

# <u>CERTIFICATE OF SERVICE</u>

I, Gerald L. Maatman, Jr., do hereby certify that a true and correct copy of the forgoing document has been furnished by the Court's CM/ECF filing system on this 12th day of May 2026 to the following individuals:

Anthony I. Parnonich
**PARNONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Email: anthony@paronichlaw.com

Michael L. Greenwald
**GREENWALD DAVIDSON RADBIL, PLLC**
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: (561) 826-5477
Email: mgreenwald@gdrlawfirm.com

George T. Blackmore (P76942)
**BLACKMORE LAW**
1129 West 14 Mile Road, Suite 1006
Clawson, Michigan 48017
Email: george@blackmore.law

Dana J. Oliver
**OLIVER LAW CENTER, INC.**
8790 19th Street, Suite 559
Rancho Cucamonga, California 91701
Telephone:  (562) 500-0600
Email:  dana@danaoliverlaw.com

**Dated: May 12, 2026**

/s/ *Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.
**DUANE MORRIS LLP**
190 S. LaSalle Street, Suite 3700
Chicago, Illinois 60603
Telephone:  (312) 499-6700
E:  gmaatman@duanemorris.com

*Counsel for Defendant*